UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-CV-1731 (PLF) |
| v. | ) |
| | ) |
| STEPHEN L. JOHNSON, Administrator, | ) |
| United States Environmental Protection Agency, | ) |
| | ) |
| Defendant. | ) |
| | ) |

PLAINTIFF'S MOTION TO CONSOLIDATE

On October 6, 2006, plaintiff filed a new complaint. Civil Action No. 06-CV-1731 (PLF). Plaintiff filed the associated Notice of Designation of Related Civil Cases Pending in This or Any Other United States Court, which stated that this new complaint is related to plaintiff's two consolidated cases before this Court (03-CV-2428 (PLF) and 04-CV-1399 (PLF)). Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, plaintiff moves to consolidate these three cases now pending in this Court because there is "a common question of law or fact" and to conserve the resources of the parties and the Court. For the reasons set forth in the accompanying memorandum, plaintiff respectfully requests that her motion be granted.

STATEMENT PURSUANT TO LOCAL RULE 7(m)

Plaintiff's counsel conferred with defendant's counsel about this motion. Defendant's counsel stated that defendant will oppose this motion.

A proposed order is attached.

Respectfully submitted,

/s/ Michael G. Shaw

BRUCE J. TERRIS (D.C. Bar No. 47126)
MICHAEL G. SHAW (D.C. Bar No. 473008)
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, DC  20005-4632
(202) 682-2100 (tel)
(202) 289-6795 (fax)

Attorneys for Plaintiff

October 27, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO )<br>)<br>Plaintiff, )<br>) Civil Action No. 03-CV-1731 (PLF)<br>v. )<br>)<br>STEPHEN L. JOHNSON, Administrator, )<br>United States Environmental Protection Agency, )<br>)<br>Defendant. )<br>_____) | |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION TO CONSOLIDATE

On November 24, 2003, plaintiff filed her Complaint in Civil Action No. 03-CV-2428 (PLF). On August 17, 2004, plaintiff filed her Complaint in Civil Action No. 04-CV-1399 (PLF) and filed with it a Notice of Designation of Related Civil Cases Pending in This or Any Other United States Court stating that the new Complaint was related to the earlier Complaint. On January 4, 2006, this Court consolidated Civil Action Nos. 03-CV-2428 (PLF) and 04-CV-1399 (PLF).

Those two cases are currently awaiting a decision on defendant's motion to dismiss and for summary judgment. Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment on Plaintiff's First Amended Complaint (Dkt. No. 53).[1] As part of the briefing of defendant's motion to dismiss, plaintiff filed a motion for leave to file a sur-reply. Plaintiff's Motion for Leave to File a Sur-reply to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment on Plaintiff's Amended Complaint and Request for a Hearing

---

[1] Defendant's motion to dismiss incorporated the arguments in Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment (Dkt. No. 52).

(Dkt. No. 64).[2/]  In that motion, plaintiff stated that (*id*., p. 7):

> In its reply, defendant argues that "the hostile work environment claim * * * is legally deficient in two ways: it was untimely raised in this civil action and it fails to state a claim upon which relief may be granted." Def. Second Reply 24. If the Court agrees with defendant as to the timeliness of plaintiff's allegations, plaintiff would lose entirely her hostile environment claims that were in the two EEO complaints.[3/]  Therefore, plaintiff intends to file a new Complaint in this Court based on the allegations in the two EEO complaints and a motion to consolidate the new case with the present case.

On October 19, 2006, plaintiff received confirmation of the receipt of the last of the summonses served with the new Complaint.  On October 20, 2006, plaintiff filed affidavits stating that the summonses had been served.  Dkt. Nos. 3-5.

Rule 42(a) of the Federal Rules of Civil Procedure provides:

CONSOLIDATION.  When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

This Court has stated (*Chang v. United States*, 217 F.R.D. 262, 264 (D.D.C. 2003)):

"The decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the trial court." *Stewart v. O'Neill*, 225 F. Supp. 2d 16, 20 (D.D.C.2002).  Generally speaking, when exercising their discretion with respect to consolidation of actions, courts weigh considerations of convenience and economy against considerations of confusion and prejudice.  Consolidation may increase judicial efficiency by reducing presentation of duplicative proof at trial, eliminating the need for more than one judge to familiarize themselves with the issues presented, and reducing excess costs to all parties and the government.  [citations omitted]

Plaintiff's three cases involve the same questions of law and fact.  All three involve actions taken by defendant from 1999 to 2006 and include claims of discrimination, retaliation, and hostile work environment.  The difference between this new Complaint and the earlier Complaints is that

---

2/The Court has not ruled on plaintiff's motion for leave to file a sur-reply.

3/Plaintiff's two EEO complaints are EEO Nos. 2006-0019-HQ and 2006-0048-HQ.

this new Complaint is based on two new administrative EEO complaints (EEO Nos. 2006-0019-HQ and 2006-0048-HQ) that are now exhausted. The facts underlying these complaints were included in the two earlier Complaints but the EEO complaints themselves were not included in them.

As stated above, the reason for filing this new Complaint is that defendant has argued that plaintiff's hostile work environment claim was "untimely raised" and therefore fails to state a claim. Plaintiff filed the new Complaint so that, if the Court agrees with defendant that the hostile work environment claim was not exhausted in the two earlier cases, plaintiff will still preserve her hostile environment claims that are in the two EEO complaints.

In addition, the three cases have identical parties and seek injunctive relief, compensatory damages, attorneys' fees, and other costs of the action.

In considering plaintiff's motion, the Court must weigh the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that it would cause. Because virtually all of the issues that will be litigated in the three cases are identical, it would waste the resources of the Court and the parties to litigate them separately. Consolidation therefore serves the administration of justice and avoids unnecessary costs and delay. Moreover, consolidation of these actions will not subject defendant to any inconvenience, delay, expense, or other prejudice, since defendant has already briefed the issues in its pending motion to dismiss and for summary judgment. In addition, the Court already has before it the facts and issues related to the claims in the new case. The only difference is that the new Complaint will prevent dismissal of plaintiff's hostile work environment claim because of defendant's argument that the claim has not been exhausted.

Moreover, there has been no discovery in the two existing consolidated cases. If those cases continue to the discovery stage, failing to consolidate this new case with the existing cases would

mean that the parties would have to conduct two essentially identical sets of discovery.

CONCLUSION

For the foregoing reasons, plaintiff requests that the Court enter an order consolidating the three actions for all purposes. A proposed order is attached.

                                        Respectfully submitted,

                                        /s/ Michael G. Shaw

                                        BRUCE J. TERRIS (D.C. Bar No. 47126)
                                        MICHAEL G. SHAW (D.C. Bar No. 473008)
                                        Terris, Pravlik & Millian, LLP
                                        1121 12th Street, N.W.
                                        Washington, DC  20005-4632
                                        (202) 682-2100 (tel)
                                        (202) 289-6795 (fax)

                                        Attorneys for Plaintiff

October 27, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-CV-1731 (PLF) |
| v. | ) |
| | ) |
| STEPHEN L. JOHNSON, Administrator, | ) |
| United States Environmental Protection Agency, | ) |
| | ) |
| Defendant. | ) |
| | ) |

ORDER

Upon consideration of Plaintiff's Motion for Consolidation, and any opposition thereto, it is this _____ day of _____ 2006,

ORDERED, that *Coleman-Adebayo v. Johnson*, Civil Action No. 03-CV-2428 (PLF), *Coleman-Adebayo v. Johnson*, Civil Action No. 04-CV-1399 (PLF), and *Coleman-Adebayo v. Johnson*, Civil Action No. 06-CV-1731 (PLF) are consolidated for all purposes.

_____
PAUL L. FRIEDMAN
UNITED STATES DISTRICT JUDGE