**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-2428(PLF) |
| | ) | |
| STEPHEN L. JOHNSON, Administrator, | ) | |
| U.S. Environmental Protection Agency, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1399(PLF) |
| | ) | |
| STEPHEN L. JOHNSON, Administrator, | ) | |
| U.S. Environmental Protection Agency, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1731(PLF) |
| | ) | |
| STEPHEN L. JOHNSON, Administrator, | ) | |
| U.S. Environmental Protection Agency, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY,**
**FOR SUMMARY JUDGMENT ON PLAINTIFF'S RECENT COMPLAINT,**
**CIVIL ACTION NO. 06-1731(PLF)**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Federal Rules"), Defendant, Stephen L. Johnson, Administrator, U.S. Environmental Protection Agency, moves to dismiss this suit brought pursuant to the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 et seq. and the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., for failure to state a claim upon which relief may be granted.  Alternatively, pursuant to Rule 56 of the Federal Rules, Defendant moves for summary judgment because there are no genuine issues in dispute and Defendant is entitled to judgment as a matter of law.

Pursuant to Local Rules 7(a), (c), and (h) respectively, a memorandum of points and authorities supporting this motion, a statement of material facts as to which there is no genuine dispute, and a proposed order consistent with the relief requested herein are attached.

Date: December 27, 2006                  Respectfully submitted,


                                         /s/ Jeffrey A. Taylor /dvh
                                         _____
                                         JEFFREY A. TAYLOR, D.C. BAR #498610
                                         United States Attorney


                                         /s/ Rudolph Contreras
                                         _____
                                         RUDOLPH CONTRERAS, D.C. BAR #434122
                                         Assistant United States Attorney


                                         /s/ Beverly M. Russell
                                         _____
Of counsel:                              BEVERLY M. RUSSELL, DC Bar #454257
Nancy Dunham, Esq.                       Assistant United States Attorney
David P. Guerrero, Esq.                  U.S. Attorney's Office for the
U.S. Environmental Protection Agency      District of Columbia, Civil Division
                                         555 4th Street, N.W., Room E-4915
                                         Washington, D.C.  20530
                                         Ph: 202-307-0492
                                         E-Mail: beverly.russell@usdoj.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARSHA LYNNE COLEMAN-ADEBAYO,      )
                                    )
            Plaintiff               )
                                    )
      v.                            )        Civil Action No. 03-2428(PLF)
                                    )
STEPHEN L. JOHNSON, Administrator,  )
U.S. Environmental Protection Agency, )
                                    )
            Defendant.              )
                                    )
_____ )
MARSHA LYNNE COLEMAN-ADEBAYO,      )
                                    )
            Plaintiff               )
                                    )
      v.                            )        Civil Action No. 04-1399(PLF)
                                    )
STEPHEN L. JOHNSON, Administrator,  )
U.S. Environmental Protection Agency, )
                                    )
            Defendant.              )
                                    )
_____ )
MARSHA LYNNE COLEMAN-ADEBAYO,      )
                                    )
            Plaintiff               )
                                    )
      v.                            )        Civil Action No. 06-1731(PLF)
                                    )
STEPHEN L. JOHNSON, Administrator,  )
U.S. Environmental Protection Agency, )
                                    )
            Defendant.              )
                                    )
_____ )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY,
FOR SUMMARY JUDGMENT ON PLAINTIFF'S RECENT COMPLAINT,
CIVIL ACTION NO. 06-1731(PLF)**

## I.   PROCEDURAL HISTORY

In filing multiple, nearly duplicative complaints, Plaintiff repeatedly attempts to revive a

disability claim which has been rejected thrice - once by a jury (see See Coleman Adebayo v.

Browner, Civil Action No. 98-926(CKK)(D.D.C.)(Docket Entry No. 34))[1] and more recently

twice by this Court (Coleman-Adebayo v. Leavitt, 326 F. Supp. 2d 132 (D.D.C. 2004); Coleman-

Adebayo v. Leavitt, 400 F. Supp. 2d 257 (D.D.C. 2005)).   Besides for a string of unrelated

---

[1]In the jury trial for Civil Action No. 98-926 held in August 2000, the Court expressly
informed the jury of the following:

> In this case the plaintiff Marsha Coleman-Adebayo claims that defendant, the U.S.
> Environmental Protection Agency, intentionally discriminated against her because
> she was disabled with multiple sclerosis, MS.  Specifically, plaintiff alleges that
> the EPA intentionally discriminated against her by failing to provide her with
> work-at-home status so that she could work generally from her home, coming to
> EPA for meetings as might be necessary, which she claims was a reasonable
> accommodation for her disability.

> The EPA denies that plaintiff has MS or that she is disabled by any alleged MS.  The
> EPA further asserts that it engaged in good-faith effort to reasonably accommodate
> plaintiff's alleged disability in accordance with the law.  Specifically, it agreed to
> accommodate the alleged disability.  It denies that the [] work-at-home status requested
> by plaintiff is a reasonable accommodation in this case because the essential functions of
> her position could not be perform[ed] generally from home.

> It's your responsibility to decide whether plaintiff has proven her handicap
> discrimination/reasonable accommodation claim against the defendant by a
> preponderance of the evidence.

Coleman-Adebayo v. Leavitt, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 15, Def.'s Reply to
Pl.'s Op. to Def.'s Mot. Dismiss, or Alternatively, for Summ. J., Ex. 59,  Coleman-Adebayo v.
Browner, Civil Action No. 98-926(CKK), Tr. Transcr. vol. 11, 97:23 to 97:25 (Aug. 15, 2000)).

allegations which <u>objectively</u> do not rise to the level of <u>material</u> adverse actions, <u>see</u> <u>Burlington Northern & Sante Fe Railway Co. v. White</u>, 126 S. Ct. 2405, 2415 (2006), the crux of plaintiff's recent Complaints is based solely on the denial of her desired accommodation to work from home full-time with the added caveat of never having to enter an Environmental Protection Agency ("EPA") facility for any period of time.  <u>See, e.g.</u> <u>Coleman-Adebayo v. Johnson</u>, Civil Action No. 03-2428(PLF)(R. 56, Plaintiff's Opposition to Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment, pp. 38-39).

Plaintiff has inexplicably filed substantially overlapping Complaints as follows[2]:

- On November 24, 2003, Plaintiff filed her initial complaint and a motion for a temporary restraining order (Civil Action No. 03-2428) based on denial of her request to work from home as an accommodation and allegations related to retaliation claims.

- On August 17, 2004, Plaintiff filed an entirely new Complaint (<u>Coleman-Adebayo v. Leavitt</u>, Civil Action No. 04-1399(PLF)) re-alleging the same claims as those presented in Civil Action No. 03-2428(PLF) with the exception of  retaliation claims based on a reassignment and union membership.

- On March 27, 2006, Plaintiff, ignoring this Court's two decisions dismissing Plaintiff's failure to accommodate claim, amended her complaint in Civil Action No. 03-2428(PLF) re-alleging her claims based on failure to accommodate and retaliation, and adding a hostile work environment claim.

- On October 6, 2006, Plaintiff filed yet another complaint (<u>Coleman-Adebayo v. Johnson</u>, Civil Action No. 06-1731(PLF)) alleging retaliation and hostile work environment claims.

---

[2]Plaintiff has filed these substantially overlapping complaints with no explanation or reason as to the necessity of doing so, and thus, in seemingly disregard to any effort for efficient litigation of this suit.

The first of Plaintiff's Complaints to this Court as well as her motion for a temporary restraining order were filed after EPA notified Plaintiff that the temporary flexiplace arrangement in place that permitted her to work from home would expire on November 29, 2003, and that Plaintiff was expected to return to work on December 1, 2003. See Coleman-Adebayo v. Leavitt, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 15, Def.'s Op. to Pl.'s Mot. for a PI, and Def.'s Mot. Dismiss, or Alternatively, for Summ. J., Ex. 44, Letter from Bridget C. Shea to Marsha Coleman-Adebayo, Nov. 6, 2003). Specifically, on November 24, 2003, pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(g) and the Rehabilitation Act of 1973, 29 U.S.C. § 701, plaintiff filed a complaint alleging denial of reasonable accommodation and retaliation. Id., R. 1, Compl. Plaintiff averred that defendant's refusal to allow plaintiff to work from home permanently under the EPA's Flexiplace program to accommodate her purported disabilities of multiple sclerosis, hypertenstion, optic neuritis and glaucoma violated the Rehabilitation Act. Id. ¶¶ 11 and 23-32, 35-37 and 46. Also on November 24, 2003, plaintiff filed a Motion for a Temporary Restraining Order "to prevent EPA from compelling her to work at EPA headquarters" due to plaintiff's medical condition.[3] R. 3, Motion for a Temporary Restraining Order.

In her civil complaint, plaintiff alleged that she was subjected to retaliation because she prevailed at a trial in August 2000 in which the jury awarded plaintiff compensatory damages for her discrimination claims, but rejected her claims based on retaliation and disability discrimination. Id. Plaintiff also alleged retaliation based on her "leadership on behalf of EPA victims of racial discrimination, her meetings with Congressional staff members, her testifying at

---

[3]On December 12, 2003, the Parties agreed to proceed with this matter as a request for a preliminary injunction ("PI"), based on the EPA's agreement to permit Plaintiff to work from home until the Court ruled on plaintiff's motion for a PI.

4

a Congressional hearing on the employment problems at EPA, and her leadership in the passage of the Notification of Federal Employees Anti-Discrimination and Retaliation Act of 2002." <u>Id.</u> ¶ 15.  Plaintiff claimed that Defendant retaliated against her by denying her administrative leave to prepare for her trial held in August 2000, placing her on a 120-day detail and extending that detail, initiating an ethical investigation concerning her participation in the National Summit on Africa, giving her a letter of reprimand for requesting representation after being informed of a reassignment, removing her "team leader" designation, and denying her reasonable accommodation.  <u>Id.</u>

On March 5, 2004, defendant filed his Opposition to Plaintiff's Motion for a Preliminary Injunction and Motion to Dismiss, or Alternatively, for Summary Judgment, in Civil Action No. 03-2428(PLF), and on July 26, 2004, this Court granted Defendant's Motion for Summary Judgment on Plaintiff's disability discrimination claims and granted Defendant's Motion to Dismiss Plaintiff's retaliation claims for failure to exhaust administrative remedies.  <u>Coleman-Adebayo v. Leavitt</u>, 326 F. Supp. 2d 132 (D.D.C. 2004).  Regarding the former, the Court stated that "[p]laintiff concede[d]. . .that her blood pressure is controlled by her medicine such that her hypertension does not affect her, <u>except when she is subjected to the stress of working in an EPA facility. . [and that]. . .concession defeat[ed] plaintiff's claim.</u>"  <u>Id.</u> at 142 (emphasis added).  The Court added that Plaintiff's suit presented "the unusual situation where plaintiff is disabled, but the accommodation she has requested is not tied to her disability."  <u>Id.</u> at 143. Because plaintiff failed to demonstrate that working from home was a reasonable accommodation responsive to her multiple sclerosis, glaucoma or optic neuritis, the Court found plaintiff unlikely to prevail on the merits of her disability claim.  <u>Id.</u> at 144.  The Court also granted defendant summary

judgment to Defendant on Plaintiff's disability discrimination claim.  Id. at 145.

On August 6, 2004, Plaintiff filed a motion pursuant to Fed. R. Civ. P. 59(e) to alter or amend judgment, R. 30 (Civil Action No. 03-2428(PLF)).  On August 17, 2004, she filed an entirely new Complaint (Coleman-Adebayo v. Leavitt, Civil Action No. 04-1399(PLF)) inexplicably alleging nearly identical claims to those presented in her previous Complaint (Civil Action No. 03-2428(PLF)) with the exception of retaliation claims based on a reassignment and removal from union membership, see Coleman-Adebayo v. Leavitt, Civil Action No. 04-1399(PLF)(D.D.C.)(R. 1, Complaint and Demand for Jury Trial, ¶¶ 34-37).

On November 30, 2005, this Court denied Plaintiff's motion pursuant to Fed. R. Civ. P. 59(e) on her disability discrimination claims but granted Plaintiff's motion on her retaliation claims.  Coleman-Adebayo v. Leavitt, 400 F. Supp. 2d 257 (D.D.C. 2005).  Regarding the latter, the Court concluded that Plaintiff had exhausted her administrative remedies.  Id. at 261-62.

On March 27, 2006, Plaintiff, ignoring the Court's two decisions dismissing her failure to accommodate claim, amended her complaint in Civil Action No. 03-2428(PLF), effectively re-alleging that claim (¶¶ 39, 42, 48, and 57-67) as well as including a discussion on how she purportedly became ill on the second day of a three-day team building conference held on April 20-22, 2004 in Cambridge, Maryland (¶ 40), at an office retreat on November 9, 2005 (¶ 47), after only three hours at work on December 29, 2005 when Plaintiff allegedly experienced elevated blood pressure (¶¶ 50-51), and after just a half hour or so at work on January 3, 2006 again based on an elevated blood pressure although it later went down to a normal level that very same day outside of her workplace (¶¶ 53-54).  See Coleman-Adebayo v. Leavitt, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 49, First Am. Compl. and Demand for Jury Trial).   Plaintiff

6

alleged that, on January 12, 2006, she submitted a letter to the EPA from her internist indicating

that Plaintiff was "incapacitated in the workplace due to overwhelming anxiety. . .[but could]

perform functions in future from home office." Id. ¶ 55 (emphasis added).  In her amended

Complaint to Civil Action No. 03-2428, Plaintiff also included retaliation claims based on her

objection to a reassignment to the EPA's Office of the Administrator (id., ¶¶33-34, 41, 51) and

her removal from union membership (id., ¶ 35), as well as a hostile work environment claim (id.,

¶ 76-79).

      Further, in a clear disregard to the record in this case, Plaintiff, in her amended complaint

to Civil Action No. 03-2428(PLF), alleged that the EPA "never requested that plaintiff provide

medical documentation as to why she must continue to work from home" and, prior to November

6, 2003, "did not provide plaintiff with an opportunity to be heard regarding the reasons why it is

essential, in order to prevent serious injury to plaintiff's health, that she be allowed to continue to

work at home."  See Coleman-Adebayo v. Johnson, Civil Action No. 03-2428(PLF)(R. 49, First

Am. Compl. and Demand for Jury Trial, ¶¶ 31-32).  The blatant untruthfulness of these

allegations is evidenced by the following:

> Coleman-Adebayo v. Leavitt, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 15,
> Def.'s Op. to Pl.'s Mot. for a PI, and Def.'s Mot. Dismiss, or Alternatively, for
> Summ. J., Ex. 17, Memorandum from  Marsha Coleman-Adebayo to Tom
> Murray, May 2, 2000)(Plaintiff's memorandum requesting to "work from home as
> an accommodation for the potentially debilitating disease of [MS]").

> Coleman-Adebayo v. Leavitt, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 15,
> Def.'s Op. to Pl.'s Mot. for a PI, and Def.'s Mot. Dismiss, or Alternatively, for
> Summ. J., Ex. 19, Memorandum from Tom Murray to Marsha Coleman-Adebayo
> June 5, 2000)(EPA's response to Plaintiff's request for accommodation reflecting
> that the medical information submitted by Plaintiff in support of her request was
> incomplete and mostly outdated, noting that an Independent Medical Examination
> or IME conducted in 1999 as part of Plaintiff's civil litigation concluded that
> plaintiff did not suffer from MS, and asking Plaintiff to either provide information

on medical findings subsequent to the IME that would support this claim or undergo a medical examination at agency expense).

Coleman-Adebayo v. Leavitt, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 15, Def.'s Op. to Pl.'s Mot. for a PI, and Def.'s Mot. Dismiss, or Alternatively, for Summ. J., Ex. 20, Letter from Georgia A. Chrousos to William Sanders, Aug. 17, 2000)(physician letter requesting that Plaintiff be allowed to work at home as an accommodation for MS).

Coleman-Adebayo v. Leavitt, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 15, Def.'s Op. to Pl.'s Mot. for a PI, and Def.'s Mot. Dismiss, or Alternatively, for Summ. J., Ex. 21, Letter from Martin S. Kanovsky to William Sanders, Oct. 30, 2000)(Letter to EPA from Plaintiff's physician stating that Plaintiff suffered from "elevated blood pressure," and that he would like to see <u>if</u> a change in work location "<u>helps to reduce the stress</u> [plaintiff] has at work . . .")(emphasis added).

Coleman-Adebayo v. Leavitt, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 15, Def.'s Op. to Pl.'s Mot. for a PI, and Def.'s Mot. Dismiss, or Alternatively, for Summ., Ex.22, Memorandum from William H. Sanders to Marsha Coleman-Adebayo, Nov. 9, 2000)(EPA letter to Plaintiff explaining procedures that Plaintiff is required to follow in requesting an alternative work location due to medical reasons).

Coleman-Adebayo v. Leavitt, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 15, Def.'s Op. to Pl.'s Mot. for a PI, and Def.'s Mot. Dismiss, or Alternatively, for Summ., Ex. 23, AFGE/EPA Flexiplace Application Form)(Plaintiff's Flexiplace application).

Coleman-Adebayo v. Leavitt, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 15, Def.'s Op. to Pl.'s Mot. for a PI, and Def.'s Mot. Dismiss, or Alternatively, for Summ., Ex. 24, Letter from Martin S. Kanovsky to William Sanders, Nov. 17, 2000)(Letter from Plaintiff's physician recommending that Plaintiff be allowed to work from home "<u>in order to avoid work stress</u> and <u>as an attempt</u> to avoid any medical complications.")(emphasis added).

Coleman-Adebayo v. Leavitt, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 15, Def.'s Op. to Pl.'s Mot. for a PI, and Def.'s Mot. Dismiss, or Alternatively, for Summ., Ex. 25, Memorandum from William H. Sanders to Marsha Coleman-Adebayo, Nov. 28, 2000)(EPA's response to Plaintiff's request for medical flexiplace concluding that Plaintiff's request lacked adequate supporting medical information but suspending any decision pending receipt from Plaintiff of more in-depth medical information.).

Coleman-Adebayo v. Leavitt, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 15, Def.'s Op. to Pl.'s Mot. for a PI, and Def.'s Mot. Dismiss, or Alternatively, for Summ., Ex. 26, Memorandum from William H. Sanders to Marsha Coleman-Adebayo, Nov. 28, 2000)(EPA's response to Dr. Chrousos' August 17, 2000 letter (1) stating that despite the fact that Plaintiff had been previously informed of the type of medical information required to properly evaluate her request for accommodation, she continued to provide insufficient or outdated information and (2) reiterating the EPA's offer to pay for a current medical examination).

Coleman-Adebayo v. Leavitt, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 15, Def.'s Op. to Pl.'s Mot. for a PI, and Def.'s Mot. Dismiss, or Alternatively, for Summ., Ex. 27, Letter from Martin S. Kanovsky to William Sanders, Dec. 5, 2000)(Letter from Plaintiff's physician requesting Plaintiff's removal "from any environment factors that could be raising [plaintiff's blood pressure].)(emphasis added).

Coleman-Adebayo v. Leavitt, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 15, Def.'s Op. to Pl.'s Mot. for a PI, and Def.'s Mot. Dismiss, or Alternatively, for Summ., Ex. 30, AFGE/EPA Flexiplace Application Form)(Plaintiff's Flexiplace Form).

Coleman-Adebayo v. Leavitt, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 15, Def.'s Op. to Pl.'s Mot. for a PI, and Def.'s Mot. Dismiss, or Alternatively, for Summ., Ex. 31, Letter from William H. Sanders to Marsha Coleman-Adebayo, Jan. 25, 2001)(EPA request to Plaintiff for medical documentation to support Plaintiff's Flexiplace application).

Coleman-Adebayo v. Leavitt, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 15, Def.'s Op. to Pl.'s Mot. for a PI, and Def.'s Mot. Dismiss, or Alternatively, for Summ., Ex. 32, Letter from Martin S. Kanovsky to William Sanders, Feb. 2, 2001)(Letter from Plaintiff's physician complaining that EPA was obviously not reading his previous letters and stating that the EPA work environment was the cause of Plaintiff's stress and rise in blood pressure.)

Coleman-Adebayo v. Leavitt, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 15, Def.'s Op. to Pl.'s Mot. for a PI, and Def.'s Mot. Dismiss, or Alternatively, for Summ., Ex. 33, Letter from Marsha Coleman-Adebayo to Christine Todd Whitman, Feb. 5, 2001)(Letter from Plaintiff complaining of EPA's "dismissive and non-responsive approach" to her requests to be allowed to work at home for medical reasons, and reiterating her request for the "reasonable accommodation" of working from home on a "permanent basis.")

Coleman-Adebayo v. Leavitt, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 15, Def.'s Op. to Pl.'s Mot. for a PI, and Def.'s Mot. Dismiss, or Alternatively, for

Summ., Ex. 34, Memorandum from Stephen L. Johnson to Marsha Coleman-Adebayo, Feb. 9, 2001)(EPA letter again regarding insufficiency of Plaintiff's medical documentation.)

Coleman-Adebayo v. Leavitt, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 15, Def.'s Op. to Pl.'s Mot. for a PI, and Def.'s Mot. Dismiss, or Alternatively, for Summ., Ex. 36, Memorandum from Marsha Coleman-Adebayo to William H. Sanders, March 18, 2001)(Plaintiff's letter reiterating request for accommodation.)

Coleman-Adebayo v. Leavitt, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 15, Def.'s Op. to Pl.'s Mot. for a PI, and Def.'s Mot. Dismiss, or Alternatively, for Summ., Ex. 37, Letter from Stephen L. Johnson to Marsha Coleman-Adebayo, March 30, 2001)(EPA letter explaining that medical flexiplace is not intended to be a permanent arrangement, and explaining the documentation requirements to support both a flexiplace and an accommodation request.)

Coleman-Adebayo v. Leavitt, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 15, Def.'s Op. to Pl.'s Mot. for a PI, and Def.'s Mot. Dismiss, or Alternatively, for Summ., Ex. 38, Memorandum from Marsha Coleman-Adebayo to Stephen L. Johnson and William Sanders, April 5, 2001)(Plaintiff's claim clarifying that she was seeking reasonable accommodation and flexiplace consideration, the latter sought until resolution on the former. )

Coleman-Adebayo v. Leavitt, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 15, Def.'s Op. to Pl.'s Mot. for a PI, and Def.'s Mot. Dismiss, or Alternatively, for Summ., Ex. 39, Memorandum from Dr. Marsha Coleman-Adebayo to Stephen Johnson, April 19, 2001)(Letter from Plaintiff regarding her request for accommodation).

Coleman-Adebayo v. Leavitt, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 15, Def.'s Op. to Pl.'s Mot. for a PI, and Def.'s Mot. Dismiss, or Alternatively, for Summ., Ex. 40, Memorandum from William H. Sanders to Marsha Coleman-Adebayo, April 20, 2001)(EPA's decision letter (1) denying Plaintiff's request to work from home as an accommodation, pointing out that, based upon the review of the medical information submitted by Plaintiff and a discussion with Plaintiff's physician, the Board-certified cardiologist contracted by EPA to review Plaintiff's request concluded that Plaintiff's claim of elevated blood pressure resulting from work place stress was not confirmable, and "unsubstantiated with respect to causation" and (2) informing Plaintiff that she should report to duty once her approved period of sick leave ended.)

Coleman-Adebayo v. Leavitt, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 15, Def.'s Op. to Pl.'s Mot. for a PI, and Def.'s Mot. Dismiss, or Alternatively, for

Summ., Ex. 41, Memorandum from Stephen L. Johnson to Marsha Coleman-Adebayo,  May 3, 2001)(EPA's authorization for Plaintiff to work from home on a temporary basis under the Agency's regular flexiplace program for a period of 60 days so that Plaintiff and her physician "could devise an appropriate regime to control and maintain appropriate blood pressure levels for plaintiff."); Ex. 43, Memorandum from John F. Cross to Marsha Coleman-Adebayo (reflecting EPA's extension of flexiplace program.)

Coleman-Adebayo v. Leavitt, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 15, Def.'s Op. to Pl.'s Mot. for a PI, and Def.'s Mot. Dismiss, or Alternatively, for Summ., Ex. 46, Plaintiff's December 2003 Request to "work permanently from [her] home office under section 504 of the Rehabilitation Act as a reasonable accommodation for [her] hypertension and glaucoma[;]" multiple sclerosis was not included.)(emphasis added)

Coleman-Adebayo v. Leavitt, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 15, Def.'s Op. to Pl.'s Mot. for a PI, and Def.'s Mot. Dismiss, or Alternatively, for Summ., Ex. 49, Letter from William R. Haig to Marsha Coleman-Adebayo , Dec. 22, 2003)(EPA letter again explaining insufficiency of medical documentation submitted by Plaintiff to support her requested accommodation and asking for supporting medical documentation); Ex. 52, E-Mail from Bill Haig to Coleman-Adebayo, Feb. 6, 2004.

On February 6, 2006, Defendant filed his Motion for Summary Judgment, or Alternatively, to Dismiss the civil actions numbered 03-2428(PLF) and 04-1399(PLF), and on September 1, 2006, filed his reply.

On October 6, 2006, Plaintiff filed yet a third Complaint (Civil Action No. 06-1731(PLF)) alleging that she was subjected to retaliation based on denial of her request for accommodation occurring in 2005-2006 and a hostile work environment based on "retaliatory incidents" including the denial of her request for accommodation to work from home full-time, denial of administrative leave to prepare for her trial held in August 2000, a 120-day detail and the extension of that detail, initiation of an ethical investigation, a letter of reprimand, the reassignment to the Office of the Administrator, and removal of team leader status.  See

11

Coleman-Adebayo v. Johnson, Civil Action No. 06-1731(PLF)(R. 1, Complaint and Demand for Jury Trial, ¶¶ 17-71).

## II.    ARGUMENT

### A.    PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM SHOULD BE DISMISSED AS UNTIMELY AND FOR FAILURE TO STATE A CLAIM.

In her Complaint, Plaintiff attempts to fashion a hostile work environment claim based solely on disparate and discrete allegations of purported retaliatory acts occurring between 1999 and 2006.  Plaintiff's hostile work environment claim should be dismissed for those reasons stated in Defendant's recent Motions and Replies filed in Civil Action No. 03-2428(PLF) and Civil Action No. 04-1399(PLF) and incorporated herein by reference, i.e., Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment (filed February 6, 2006); Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, or Alternatively, For Summary Judgment (filed June 2, 2006); Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment on Plaintiff's First Amended Complaint (filed June 2, 2006); and Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment on Plaintiff's Amended Complaint and Request for a Hearing (filed September 1, 2006).  See Coleman-Adebayo v. Johnson, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 44, 52, 53 and 63).  Reasons for dismissal of Plaintiff's claims or alternatively summary judgment in Defendants' favor are further discussed below.

### 1.    Plaintiff's Hostile Work Environment Claim Is Time-Barred.

By letter dated February 3, 2004, the EPA dismissed Plaintiff's administrative complaint (EPA File No. 2001-0014-HQ) in which she initially alleged a hostile work environment claim based on retaliatory acts.  See Coleman-Adebayo v. Leavitt, Civil Action No. 03-

12

2428(PLF)(D.D.C.)(R. 15, Def.'s Op. to Pl.'s Mot. for a PI, and Def.'s Mot. Dismiss, or

Alternatively, for Summ., Ex. 12 and Ex. 14); Ex. 64, Letter from Ann E. Goode to David H.

Shapiro, May 1, 2001 (attached hereto)[4]; Ex. 65, Letter from Karen D. Higginbotham to Bruce J.

Terris, Feb. 3, 2004 (attached hereto).  Plaintiff failed to file a civil action on this claim within

ninety days of EPA's dismissal.  Indeed, the first time this claim was presented to this Court was

in Plaintiff's amended complaint to Civil Action No. 03-2428(PLF) filed on March 27, 2006.  Id.

The claim was time-barred on March 27, 2006 and re-stating the claim in a new Complaint (i.e.,

Civil Action No. 06-1731 filed on October 6, 2006) provides no cure for this defect.  Thus,

Plaintiff's hostile work environment claim based on her administrative complaint, EPA File No.

2001-0014-HQ, for alleged acts occurring in 2000 is barred as untimely or for failure to exhaust

administrative remedies, and should be dismissed on this basis.  Johnston v. O'Neill, 272

F.Supp.2d 696, 702 (N.D. Ohio 2003)(Plaintiff's hostile work environment claim barred as

untimely for failure to file civil action within 90 days of agency's dismissal of claim.); Lewis v.

Snow, No. 01 Civ. 7785(CBM), 2003 WL 22077457 (S.D.N.Y. Sept. 8, 2003).

---

[4]The allegation was presented in the administrative complaint as follows:

> Was complainant discriminated against on the bases of race
> (African American), color (black), disability (blood pressure, optic
> neuritis, multiple sclerosis) and reprisal when from mid to late
> October 2000 (1) managers created a hostile work environment. . .

Ex. 64, Letter from Ann E. Goode to David H. Shapiro, May 1, 2001 (attached hereto)(emphasis
added); see also Coleman-Adebayo v. Leavitt, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 15,
Def.'s Op. to Pl.'s Mot. for a PI, and Def.'s Mot. Dismiss, or Alternatively, for Summ., Ex. 14,
EEO Counselor's Report)(specific incidents included being assigned tasks outside of expertise, a
120 day detail and extension of that detail, and refusal to provide plaintiff with medical
flexiplace alternative).

**2.    Plaintiff's Unhappiness With Her Manager's Response to Her Illness on Two Occasions Fails to Establish a <u>Prima</u> <u>Facie</u> Hostile Work Environment Claim.**

Plaintiff's recent hostile work environment claim (i.e., administrative complaint 2006-0048-HQ) is based on two discrete incidents occurring on December 29, 2005 and January 3, 2006 when apparently managers did not accompany Plaintiff to the health unit or otherwise provide assistance when Plaintiff was not feeling well.  See <u>Coleman-Adebayo v. Johnson</u>, Civil Action No. 04-1399(PLF)(D.D.C.)(R. 26, Pl.'s Supplemental Brief to Pl.'s Op. to Def.'s Mot. Dismiss, or Alternatively, for Summ. J. on Pl.'s Am. Compl. and Request for Oral Hearing, Ex. 87); <u>see also</u> <u>Coleman-Adebayo v. Johnson</u>, Civil Action No. 06-1731(PLF), R. 1, Complaint and Demand for Jury Trial, ¶¶ 56 and 58.  As to the initial incident, Plaintiff admits that she was provided information for purposes of contacting the health unit, and on both occasions, apparently received adequate attention from that unit.  <u>Id.</u> ¶ 56-58.  Further, Plaintiff was able to obtain appropriate medical attention on her own accord apparently without need for additional managerial attention or assistance.  <u>Id.</u>

In order to establish a claim of a hostile work environment, a plaintiff must offer evidence that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  <u>Harris v. Forklift Systems, Inc.</u>, 510 U.S. 17, 21 (1993) (internal citations and quotation marks omitted); <u>see also</u> <u>Raymond v. U.S. Capitol Police Board</u>, 157 F. Supp. 2d 50, 57 (D.D.C. 2001).  The Supreme Court reemphasized in <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 788 (1998), that the standards for finding a hostile work environment are "sufficiently demanding to ensure that Title VII does not become a 'general civility code'" and

14

that the conduct must be so extreme as to amount to a change in the terms and conditions of employment. The Supreme Court directed the lower courts to determine whether an environment was sufficiently hostile or abusive by looking at all the circumstances, including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Faragher, 524 U.S. at 787-88 (quoting Harris v. Forklift Systems, Inc.).

Under the standards established by the Supreme Court, Plaintiff cannot establish a claim of hostile work environment. Regarding those claims presented in Plaintiff's administrative complaint, 2006-0048-HQ, the alleged discrete acts, even if true, simply do not describe incidents of "intimidation, ridicule, and insult" sufficiently severe or pervasive to constitute an abusive working environment. Accordingly, Plaintiff's hostile work environment claim should be dismissed for failure to state a claim. See Faragher v. City of Boca Raton, 524 U.S. 775, 806-807 (1998)(Supreme Court states, "[w]e have made it clear that conduct must be extreme to amount to a change in the terms and conditions of employment..."); see also North v. Madison Area Ass'n for Retarded Citizens, 844 F.2d 401, 409 (7th Cir.1988)("[R]elatively isolated instances of non-severe misconduct" will not support a hostile environment claim.); Richardson v. New York State Dept. of Correctional Service, 180 F.3d 426, 437 (2nd Cir. 1999)(Isolated incidents or episodic conduct will not support a hostile work environment claim.); Lester v. Natsios, 290 F.Supp. 2d 11, 32-33 (D.D.C. 2003)("...plaintiff's reliance on discrete acts that are neither severe and pervasive nor...discriminatory falls short of the showing she must make to state a viable hostile work environment claim.").

15

**3.    Plaintiff's Hostile Work Environment Claim Based on Retaliatory Incidents Should Fail As A Matter of Law.**

Plaintiff's retaliation allegations (see Coleman-Adebayo v. Johnson, Civil Action No. 06-1731(PLF)(R. 1, Complaint and Demand for Jury Trial, ¶¶ 17-71) are separate and distinct claims, and certain courts have held that such claims cannot form the basis of a hostile work environment claim.  See, e.g., Edwards v. U.S.E.P.A., 456 F.Supp.2d 72 (D.D.C. 2006)(Court refused to allow plaintiff to use series of incidents alleged as retaliation to serve as basis for broader hostile work environment claim.); Keeley v. Small, 391 F.Supp.2d 50-51 (D.D.C. 2005); Gardner v. Tripp County, South Dakota, 66 F.Supp.2d 1094, 1100-1101 (D.S.D. 1998)(Retaliation claims are separate and distinct from hostile work environment claim; indeed, "if the same set of facts could support both claims, state and federal provisions that provide a separate cause of action for retaliatory acts would be rendered superfluous."); National Railroad Passenger Corp., 536 U.S. 101, 116 (2002)(Hostile environment claims are different in kind from discrete acts forming the basis of discrimination and retaliation claims, and Title VII is violated based on a hostile work environment claim when the workplace is permeated with *discriminatory* intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.")(emphasis added)(citation and internal quotation marks omitted).  Plaintiff's attempt to bootstrap her discrete allegations of retaliation to her broader hostile work environment claim should similarly be dismissed.

**B.     PLAINTIFF'S RETALIATION CLAIMS SHOULD BE DISMISSED OR ALTERNATIVELY SUMMARY JUDGMENT GRANTED TO DEFENDANT ON THESE CLAIMS.**

Plaintiff's administrative complaint, 2006-0019-HQ, includes retaliation claims identical to those presented in Civil Action No. 04-1399. <u>Coleman-Adebayo v. Johnson</u>, Civil Action No. 04-1399(PLF)(D.D.C.)(R. 26, Pl.'s Supplemental Brief to Pl.'s Op. to Def.'s Mot. Dismiss, or Alternatively, for Summ. J. on Pl.'s Am. Compl. and Request for Oral Hearing, Ex. 88, Letter from Karen D. Higginbotham to Michael Shaw, July 10, 2006). These claims should be dismissed for reasons stated in Defendant's Motions and Replies filed in Civil Action No. 03-2428(PLF) and Civil Action No. 04-1399(PLF) and incorporated herein by reference. <u>See Coleman-Adebayo v. Johnson</u>, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 44, 52, 53 and 63).

**III.     <u>CONCLUSION</u>**

For those reasons stated herein, the above-captioned suit should be dismissed or alternatively summary judgment granted in Defendant's favor.

Date: December 27, 2006                    Respectfully submitted,


                                           /s/ Jeffrey A. Taylor /dvh
                                           _____
                                           JEFFREY A. TAYLOR, D.C. BAR #498610
                                           United States Attorney



                                           /s/ Rudolph Contreras
                                           _____
                                           RUDOLPH CONTRERAS, D.C. BAR #434122
                                           Assistant United States Attorney



                                           /s/ Beverly M. Russell
                                           _____
Of counsel:                                BEVERLY M. RUSSELL, DC Bar #454257
Nancy Dunham, Esq.                         Assistant United States Attorney
David P. Guerrero, Esq.                    U.S. Attorney's Office for the
U.S. Environmental Protection Agency         District of Columbia, Civil Division
                                           555 4th Street, N.W., Room E-4915
                                           Washington, D.C.  20530
                                           Ph: 202-307-0492
                                           E-Mail: beverly.russell@usdoj.gov


18

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service *Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment on Plaintiff's Recent Complaint, Civil Action No. 06-1731* was made by the Court's Electronic Case Filing System this 27th day of December, 2006 to:

Michael G. Shaw
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, DC  20005-4632

mshaw@tpmlaw.com


/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-2428(PLF) |
| | ) | |
| STEPHEN L. JOHNSON, Administrator, | ) | |
| U.S. Environmental Protection Agency, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1399(PLF) |
| | ) | |
| STEPHEN L. JOHNSON, Administrator, | ) | |
| U.S. Environmental Protection Agency, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1731(PLF) |
| | ) | |
| STEPHEN L. JOHNSON, Administrator, | ) | |
| U.S. Environmental Protection Agency, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Pursuant to Local Rule 7(h), Defendant hereby submits the following statement of material facts as to which there is no genuine dispute.

1.     By letter dated February 3, 2004, the EPA dismissed Plaintiff's administrative complaint (EPA File No. 2001-0014-HQ) in which she initially alleged a hostile work environment claim based on retaliatory acts.  See Coleman-Adebayo v. Leavitt, Civil Action No. 03-2428(PLF)(D.D.C.)(R. 15, Def.'s Op. to Pl.'s Mot. for a PI, and Def.'s Mot. Dismiss, or Alternatively, for Summ., Ex. 12 and Ex. 14); Ex. 64, Letter from Ann E. Goode to David H. Shapiro, May 1, 2001 (attached hereto); Ex. 65, Letter from Karen D. Higginbotham to Bruce J. Terris, Feb. 3, 2004 (attached hereto).

2.     Plaintiff failed to file a civil action within ninety days of EPA's dismissal of administrative complaint, EPA File No. 2001-0014-HQ.

Date: December 27, 2006                    Respectfully submitted,


                                           /s/ Jeffrey A. Taylor /dvh
                                           _____
                                           JEFFREY A. TAYLOR, D.C. BAR #498610
                                           United States Attorney


                                           /s/ Rudolph Contreras
                                           _____
                                           RUDOLPH CONTRERAS, D.C. BAR #434122
                                           Assistant United States Attorney

/s/ Beverly M. Russell
_____

Of counsel:                              BEVERLY M. RUSSELL, DC Bar #454257
Nancy Dunham, Esq.                       Assistant United States Attorney
David P. Guerrero, Esq.                  U.S. Attorney's Office for the
U.S. Environmental Protection Agency       District of Columbia, Civil Division
                                         555 4th Street, N.W., Room E-4915
                                         Washington, D.C.  20530
                                         Ph: 202-307-0492
                                         E-Mail: beverly.russell@usdoj.gov



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
WASHINGTON, D.C. 20460

OFFICE OF
CIVIL RIGHTS

**MAY 1 · 2001**

<u>**Return Receipt Requested**</u>
70000600002938395039

<u>**In Reply Refer To:**</u>

Mr. David H. Shapiro
Swick & Shapiro
1225 I Street, NW
Suite 1290
Washington, DC 20005

EPA File Nos.:
2000-0085-HQ
2001-0014-HQ

Dear Mr. Shapiro:

Your client, Marsha Coleman-Adebayo, submitted the following complaints of discrimination, dated January 1, and March 2, 2001, against the Environmental Protection Agency's (EPA or Agency) for investigation:

<u>EPA File No. 2000-0085-HQ</u>

Was complainant discriminated against on the bases of race (African American), color (black), sex (female), disability (blood pressure) and reprisal when on September 6, 2000, her first-line supervisor made comments about her EEO activities; and when on October 13, 2000, she learned her detail to the Office of Prevention, Pesticides and Toxic Substances (OPPTS) was being extended?

<u>EPA File No. 2001-0014-HQ</u>

Was complainant discriminated against on the bases of race (African American), color (black), sex (female), disability (blood pressure, optic neuritis, multiple sclerosis) and reprisal when from mid to late October 2000 (1) managers created a hostile work environment; (2) she was denied medical flexiplace and reasonable accommodation; (3) she received an assignment that was outside her expertise and accused of not carrying out her current assignment.

Ex. 64

These complaints of discrimination are accepted and are being consolidated for processing with EPA File Nos. 99-0115-HQ, 2000-0007-HQ and 2000-0081-HQ. An EEO Investigator will contact all parties concerned. The EEO Investigator is authorized to review all situations precipitating the complaint; to require the cooperation of all employees and to take testimony from you and other witnesses in the form of affidavits or sworn statements. Upon completion of the investigation, the EEO Investigator will submit a full report to this office. An EEO investigator will be assigned to investigate the claims set forth in the complaint as soon as practicable.

Your full cooperation is requested in all facets of the complaint process. Specifically, you are requested to acknowledge receipt of certified mail; cooperate with the EEO Investigator in the conduct of the investigation; and if a hearing is requested, proceed with the hearing without undue delay.

Both complaint no. 2000-0085-HQ and complaint no. 2001-0014-HQ also claim that the issuance of a letter of reprimand was discriminatory and retaliatory. It is unclear from the complaints whether the letter of reprimand referenced in each complaint are the same or whether it is the same reprimand letter which was raised in complaint no. 2000-0081-HQ. Please provide detailed information describing the letter(s) of reprimand raised in complaint nos. 2000-85-HQ and 2001-0014-HQ, including when you received each one, and provide a copy of each letter, to this office within 15 days of your receipt of this letter. If this office does not receive the requested information, it may dismiss your allegations concerning the reprimand letter(s) raised in complaint nos. 2000-0085-HQ and 2001-0014-HQ pursuant to 29 C.F.R. §1614.107(a)(7).

If you have questions concerning this matter, please contact Betty Harderman at (202) 564-7268.

Sincerely,

Ann E. Goode
Director

cc:    William Sanders, Director
       Office of Pollution Prevention and Toxics
       (7401)

       Marsha Coleman-Adebayo
       6017 Cairn Terrace
       Bethesda, MD 20817

Maria Beckman, Staff Attorney
Civil Rights Law Office
(2399A)



# UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
## WASHINGTON, D.C. 20460

FEB  3 2004

OFFICE OF
CIVIL RIGHTS

**Return Receipt Requested**
**7002 2410 0004 4323 7616**

**In Response Refer To:**

Mr. Bruce J. Terris
Terris, Pravik & Millian, LLP
1121 12th Street, NW
Washington, DC 20005-4632

Marsha Coleman-Adebayo
Discrimination Complaint Numbers:
99-0115-HQ
2000-0007-HQ
2000-0081-HQ
2000-0085-HQ
2001-0014-HQ

Dear Mr. Terris:

On November 24, 2003, your client, Marsha Coleman-Adebayo, filed a civil action (Case No.1:3CV02428) in the U.S. District Court for the District of Columbia, against Michael O. Leavitt, Administrator, Environmental Protection Agency (EPA or Agency). This civil action encompassed the claims raised by your client in the equal employment opportunity administrative complaints identified above.

DISMISSAL OF COMPLAINTS

In accordance with the Equal Employment Opportunity Commission (EEOC) regulation at 29 CFR §1614.107(a)(3), an agency shall dismiss a complaint that is the basis of a pending civil action in a U.S. District Court provided that at least 180 days have passed since the filing of the administrative complaint. Accordingly, the above-referenced administrative complaints are dismissed.

APPEAL RIGHTS

Under 29 CFR §1614.110(b), this dismissal constitutes the final decision by EPA regarding the above-referenced complaints. Should your client wish to appeal this decision, she

Ex. 65

may file such appeal **no later than 30 days** from the date you receive this decision at the following address:

> Director, Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 19848
> Washington, D.C. 20036
> Fax No. (202) 663-7022

EEOC Form 573, "Notice of Appeal/Petition to the Equal Employment Opportunity Commission," is enclosed.

A copy of the appeal must be served upon the Agency by delivery to each of the following officials at the same time that the appeal is filed with the Commission:

> Karen D. Higginbotham, Director
> Office of Civil Rights
> U.S. Environmental Protection Agency
> 1200 Pennsylvania Avenue, NW (Mail Code 1201A)
> Washington, D.C.   20460

> Stephen G. Pressman, Associate General Counsel
> Civil Rights Law Office
> Office of General Counsel
> U.S. Environmental Protection Agency
> 1200 Pennsylvania Avenue, NW (Mail Code 2399A)
> Washington, D.C.   20460

Certification of the date and method by which service was made to the Agency must be in or attached to the appeal.

A brief or statement in support of the appeal may be filed within thirty (30) calendar days of filing the Notice of Appeal. The EEOC, Office of Federal Operations, accepts statements or briefs in support of appeals by facsimile transmittal ((202)-663-7022), provided that they are no longer than ten (10) pages. A copy of any brief or statement in support of the appeal must be served upon the Agency by delivery to both of the above named officials. Certification of the date and method by which service was made to the Agency must be in or attached to the brief or statement.

Your client also has the right to file a civil action in an appropriate United States District Court. If she chooses to file a civil action, she may do so:

—    within 90 days of receipt of this final decision if no appeal has been filed with
       EEOC, or

--    within 90 days after receipt of the EEOC's final decision on appeal, or

--    after 180 days from the date of filing an appeal with the EEOC if there has been
       no final decision by the EEOC.

If she files a civil action, we request that a copy of the civil complaint be mailed on the
date of its filing to:

> General Counsel
> U.S. Environmental Protection Agency
> 1200 Pennsylvania Avenue, NW (Mail Code 2311A)
> Washington, D.C.  20460

If an appeal is filed with the Commission or a civil action is filed in a United States
District Court, your client must name Michael O. Leavitt, Administrator, Environmental
Protection Agency, as the defendant.  Failure to provide Administrator Leavitt's name or official
title may result in dismissal of her case.

If you have any questions regarding this matter, please contact Betty Harderman at (202)
564-7268.

Sincerely,

Karen D. Higginbotham
Director

Enclosure

cc:    William Sanders, Director
       Office of Pollution Prevention and Toxics
       (MC7401)

       Dave Kling, Director
       Pollution Prevention Division
       Office of Pollution Prevention and Toxics
       (MC7409)

3

Thomas Murray, Chief
Prevention Analysis Branch
Pollution Prevention Division
Office of Pollution Prevention and Toxics
(MC 7409)

Marsha Coleman-Adebayo
6017 Cairn Terrace
Bethesda, MD 20817

Stephen G. Pressman
Associate General Counsel
Civil Rights Law Office
(MC2399A)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARSHA LYNNE COLEMAN-ADEBAYO,  )
          )
      Plaintiff      )
          )
     v.        )     Civil Action No. 03-2428(PLF)
          )
STEPHEN L. JOHNSON, Administrator,  )
U.S. Environmental Protection Agency,  )
          )
      Defendant.     )
          )
_____ )

MARSHA LYNNE COLEMAN-ADEBAYO,  )
          )
      Plaintiff      )
          )
     v.        )     Civil Action No. 04-1399(PLF)
          )
STEPHEN L. JOHNSON, Administrator,  )
U.S. Environmental Protection Agency,  )
          )
      Defendant.     )
          )
_____ )

MARSHA LYNNE COLEMAN-ADEBAYO,  )
          )
      Plaintiff      )
          )
     v.        )     Civil Action No. 06-1731(PLF)
          )
STEPHEN L. JOHNSON, Administrator,  )
U.S. Environmental Protection Agency,  )
          )
      Defendant.     )
          )
_____ )

ORDER

UPON CONSIDERATION of Defendant's Motion to Dismiss, or Alternatively, for

Summary Judgment, the grounds stated therefor, any opposition thereto, and the entire record

herein, it is on this ____ day of _____, 200___ hereby

ORDERED that Defendant's motion should be and hereby is GRANTED; and it is

FURTHER ORDERED that Plaintiff's complaints  should be and hereby are

DISMISSED WITH PREJUDICE.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

copies to:
Michael G. Shaw
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, DC  20005-4632

Beverly M. Russell
U.S. Attorney's Office for the
 District of Columbia, Civil Division
555 Fourth Street, N.W., Rm. E-4915
Washington, DC  20530