UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 03-2428 (PLF) |
| ) | |
| STEPHEN L. JOHNSON, Administrator, ) | |
| United States Environmental Protection Agency, ) | |
| ) | |
| Defendant. ) | |
| | |
| MARSHA LYNNE COLEMAN-ADEBAYO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-1399 (PLF) |
| ) | |
| STEPHEN L. JOHNSON, Administrator, ) | |
| United States Environmental Protection Agency, ) | |
| ) | |
| Defendant. ) | |
| | |
| MARSHA LYNNE COLEMAN-ADEBAYO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1731 (PLF) |
| ) | |
| STEPHEN L. JOHNSON, Administrator, ) | |
| United States Environmental Protection Agency, ) | |
| ) | |
| Defendant. ) | |

PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY TO DEFENDANT'S REPLY
TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR
ALTERNATIVELY, FOR SUMMARY JUDGMENT ON PLAINTIFF'S
RECENT COMPLAINT, CIVIL ACTION NO. 06-1731 (PLF)

On March 12, 2007, defendant filed Defendant's Reply to Plaintiff's Opposition to

Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment on Plaintiff's Recent Complaint, Civil Action No. 06-1731 (PLF). Dkt. No. 75. In its reply, defendant included a statement implying that Civil Action No. 06-1731 (PLF), and the hostile work environment claim within, had not been timely filed. Defendant had never before made such a claim. Plaintiff requests an opportunity to file the attached sur-reply in order to show that Civil Action No. 06-1731 (PLF) was timely filed and contains incidents on which plaintiff bases her hostile work environment claim that occurred within the required number of days of plaintiff's initial contact with an Equal Employment Opportunity counselor.

STATEMENT PURSUANT TO LOCAL RULE 7(m)

On March 23, 2007, plaintiff's counsel contacted defendant's counsel about this motion. Defendant's counsel stated that defendant does not object to plaintiff filing the motion but reserves the right to file a response to the sur-reply if the Court grants plaintiff's motion.

A proposed order and sur-reply are attached.

                                Respectfully submitted,

                                /s/ Michael G. Shaw

                                BRUCE J. TERRIS (D.C. Bar No. 47126)
                                MICHAEL G. SHAW (D.C. Bar No. 473008)
                                Terris, Pravlik & Millian, LLP
                                1121 12th Street, N.W.
                                Washington, DC  20005-4632
                                (202) 682-2100

                                Attorneys for Plaintiff

March 23, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 03-2428 (PLF) |
| STEPHEN L. JOHNSON, Administrator, United States Environmental Protection Agency, | ) |
| Defendant. | ) |
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 04-1399 (PLF) |
| STEPHEN L. JOHNSON, Administrator, United States Environmental Protection Agency, | ) |
| Defendant. | ) |
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-1731 (PLF) |
| STEPHEN L. JOHNSON, Administrator, United States Environmental Protection Agency, | ) |
| Defendant. | ) |

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A
SUR-REPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY, FOR
SUMMARY JUDGMENT ON PLAINTIFF'S RECENT COMPLAINT,
CIVIL ACTION NO. 06-1731 (PLF)

On March 12, 2007, defendant filed Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment on Plaintiff's Recent Complaint, Civil Action No. 06-1731 (PLF) (hereafter "Def. Reply"). Dkt. No. 75. In its reply, defendant states that (*id*., pp. 15-16 (citing Plaintiff's Opposition to Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment on Plaintiff's Recent Complaint, Civil Action No. 06-1731 (PLF) (hereafter "Pl. Opp.") (Dkt. No. 71), p. 14)):[1]

> Plaintiff, in her opposition memorandum, actually contends that "in accordance with *Morgan* and *Singletary*, [she] has filed a fully-exhausted hostile work environment claim that was filed within **180 days** of 'any act' that was part of 'one unlawful employment practice.'" Plaintiff's ongoing confusion on the law of employment discrimination is evident here as well–if Plaintiff filed the hostile work environment [*sic*] within "180 days," then the hostile work claim was by her own admission untimely. [emphasis in defendant's reply; citation omitted]

Plaintiff erred in using the term "180 days." As defendant correctly points out, "[i]n the federal sector, the statute of limitations for filing a civil action following an agency's final decision dismissing an administrative complaint is ninety (90) days." Def. Reply 16. If plaintiff had filed her Complaint after 90 days but within 180 days of defendant's final decision, the Complaint would not have been timely. If that were the case, defendant's statement that "if Plaintiff filed the hostile work environment [*sic*] within '180 days,' then the hostile work claim was by her own admission untimely" would be correct. However, as plaintiff will show in her sur-reply, she did comply with the statutory timeliness requirement because she filed Civil Action No. 06-1731 (PLF) within 90 days of defendant's dismissal of her administrative complaints. In addition, plaintiff will show that she has met the timeliness requirement for a hostile work environment claim by alleging incidents that occurred within 45 days of plaintiff's initial contact with an Equal Employment Opportunity

---

[1] Defendant incorrectly cited to page 10 of plaintiff's brief. *See* Def. Reply 16. Defendant should have cited to page 14.

counselor. Thus, the hostile work environment claim in Civil Action No. 06-1731 (PLF) was timely filed.

Defendant has never claimed that Civil Action No. 06-1731 (PLF) was not timely filed. While defendant included an argument in its opening brief about the timeliness of plaintiff's hostile environment claim, defendant's argument concerned the hostile environment claim in plaintiff's preceding complaints, not Civil Action No. 06-1731 (PLF). *See* Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment on Plaintiff's Recent Complaint, Civil Action No. 06-1731 (PLF) (Dkt. No. 69), pp. 12-13. This is the first time that defendant has raised that argument as to Civil Action No. 06-1731 (PLF). Thus, plaintiff requests an opportunity to file the attached sur-reply in order to show that Civil Action No. 06-1731 (PLF) was timely filed and contains incidents on which plaintiff bases her hostile work environment claim that occurred within 45 days of plaintiff's initial contact with an Equal Employment Opportunity counselor.

CONCLUSION

For the reasons stated above, plaintiff submits that her motion for leave to file a sur-reply should be granted. A proposed order and sur-reply are attached.

Respectfully submitted,

/s/ Michael G. Shaw

BRUCE J. TERRIS (D.C. Bar No. 47126)
MICHAEL G. SHAW (D.C. Bar No. 473008)
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, DC  20005-4632
(202) 682-2100

Attorneys for Plaintiff

March 23, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO, <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN L. JOHNSON, Administrator, <br> United States Environmental Protection Agency, <br><br> Defendant. | Civil Action No. 03-2428 (PLF) |
| MARSHA LYNNE COLEMAN-ADEBAYO, <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN L. JOHNSON, Administrator, <br> United States Environmental Protection Agency, <br><br> Defendant. | Civil Action No. 04-1399 (PLF) |
| MARSHA LYNNE COLEMAN-ADEBAYO, <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN L. JOHNSON, Administrator, <br> United States Environmental Protection Agency, <br><br> Defendant. | Civil Action No. 06-1731 (PLF) |

ORDER

Upon consideration of Plaintiff's Motion for Leave to File a Sur-reply to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment on Plaintiff's Recent Complaint, Civil Action No. 06-1731 (PLF), and the responses thereto, it is this

_____ day of _____ 2007,

    ORDERED that plaintiff's motion is granted; and it is further

    ORDERED that Plaintiff's Sur-reply to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment on Plaintiff's Recent Complaint, Civil Action No. 06-1731 (PLF), shall be filed.

    SO ORDERED.

                                        _____
                                           PAUL L. FRIEDMAN
                                         UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STEPHEN L. JOHNSON, Administrator, ) <br> United States Environmental Protection Agency, ) <br> ) <br> Defendant. ) | Civil Action No. 03-2428 (PLF) |
| MARSHA LYNNE COLEMAN-ADEBAYO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STEPHEN L. JOHNSON, Administrator, ) <br> United States Environmental Protection Agency, ) <br> ) <br> Defendant. ) | Civil Action No. 04-1399 (PLF) |
| MARSHA LYNNE COLEMAN-ADEBAYO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STEPHEN L. JOHNSON, Administrator, ) <br> United States Environmental Protection Agency, ) <br> ) <br> Defendant. ) | Civil Action No. 06-1731 (PLF) |

PLAINTIFF'S SUR-REPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY, FOR SUMMARY
JUDGMENT ON PLAINTIFF'S RECENT COMPLAINT,
CIVIL ACTION NO. 06-1731 (PLF)

On December 27, 2006, defendant filed Defendant's Motion to Dismiss, or Alternatively, for

Summary Judgment on Plaintiff's Recent Complaint, Civil Action No. 06-1731 (PLF). Dkt. No. 69. On January 26, 2007, plaintiff filed Plaintiff's Opposition to Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment on Plaintiff's Recent Complaint, Civil Action No. 06-1731 (PLF) and Request for Oral Hearing (hereafter "Pl. Opp."). Dkt. No. 71. On March 12, 2007, defendant filed Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment on Plaintiff's Recent Complaint, Civil Action No. 06-1731 (PLF) (hereafter "Def. Reply"). Dkt. No. 75.

In its reply, defendant states that (Def. Reply 15-16 (citing Pl. Opp. 14)):[2]

> Plaintiff, in her opposition memorandum, actually contends that "in accordance with *Morgan* and *Singletary*, [she] has filed a fully-exhausted hostile work environment claim that was filed within **180 days** of 'any act' that was part of 'one unlawful employment practice.'" Plaintiff's ongoing confusion on the law of employment discrimination is evident here as well–if Plaintiff filed the hostile work environment [*sic*] within "180 days," then the hostile work claim was by her own admission untimely. [emphasis in defendant's reply; citation omitted]

Plaintiff erred in using the term "180 days." As defendant correctly points out, "[i]n the federal sector, the statute of limitations for filing a civil action following an agency's final decision dismissing an administrative complaint is ninety (90) days." Def. Reply 16. If plaintiff had filed her Complaint after 90 days but within 180 days of defendant's final decision, the claims would not have been timely. If that were the case, defendant's statement that "if Plaintiff filed the hostile work environment [*sic*] within '180 days,' then the hostile work claim was by her own admission untimely" would be correct. However, as plaintiff shows below, she did comply with the statutory timeliness requirement because she filed Civil Action No. 06-1731 (PLF) within 90 days of defendant's dismissal of her administrative complaints. In addition, plaintiff shows below that she

---

[2]Defendant incorrectly cited to page 10 of plaintiff's brief. *See* Def. Reply 16. Defendant should have cited to page 14.

has met the timeliness requirement for a hostile work environment claim by alleging incidents that occurred within 45 days of her initial contact with an Equal Employment Opportunity ("EEO") counselor. Thus, the hostile work environment claim in Civil Action No. 06-1731 (PLF) was timely filed.

If defendant actually believed that Civil Action No. 06-1731 (PLF) was untimely, it could have raised the argument in its opening brief. However, defendant has never before raised such an argument. In its opening brief, defendant argued that plaintiff's hostile environment claim was untimely. *See* Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment on Plaintiff's Recent Complaint, Civil Action No. 06-1731 (PLF) (hereafter "Def. Opening Mem.") (Dkt. No. 69), pp. 12-13. However, that argument was not about Civil Action No. 06-1731 (PLF). Instead, it solely concerned Civil Action Nos. 03-2428 (PLF) and 04-1399 (PLF). Def. Opening Mem. 12-13. Defendant's brief made no mention of Civil Action No. 06-1731 (PLF).

The full statement about which defendant complains is (Pl. Opp. 14):

> In accordance with *Morgan* and *Singletary*, plaintiff has filed a fully-exhausted hostile work environment claim that was filed within 180 days of "any act" that was part of "one unlawful employment practice." Thus, the only issue is whether all of the events from 1999 to 2006 were part of "one unlawful employment practice."

As plaintiff stated above, she erred by using the term "180 days." Plaintiff understands that the deadline for filing a complaint against a federal agency is 90 days after a final agency decision, not 180 days. In addition, a complainant against a federal agency must initiate contact with an Equal Employment Opportunity counselor within 45 days of a discriminatory act. *See* 29 C.F.R. 1614.105(a)(1). However, plaintiff's intent in making the statement was to show that the hostile work environment claim in Civil Action No. 06-1731 (PLF) was fully exhausted and that the only

question was whether all of the events from 1999 to 2006 could be considered as part of the hostile work environment claim.  Plaintiff mistakenly used "180 days" because that was the language used by the Supreme Court in holding that a hostile work environment claim is timely as long as "any act" of the hostile work environment claim occurred within the statutory requirement for timely filing. Plaintiff quoted from *AMTRAK v. Morgan*, 536 U.S. 101, 118 (2002), that "[i]n order for the charge to be timely, the employee need only file a charge <u>within 180 or 300 days of any act that is part of the hostile work environment</u>" (emphasis in plaintiff's opposition).  Pl. Opp. 12-13.  Although plaintiff should have noted that the statutory requirement for cases against federal agencies is 90 days rather than the 180-day requirement stated in *Morgan*, plaintiff included that quotation (with the emphasis) to show that all acts constituting a hostile work environment claim are timely as long as any one of the acts was timely filed.

That the quotation was not used to show the standard for a timely filing of a judicial claim is shown by multiple statements in plaintiff's opposition that her judicial claim had been timely filed and was fully exhausted.  *See* Pl. Opp. 7 ("On October 6, 2006, plaintiff [filed] her third Complaint. Civil Action No. 06-1731 (PLF). The purpose in filing that Complaint was to include a fully-exhausted hostile environment claim based on events that had occurred in 2005 and 2006"); *id.*, p. 11 ("The issue is not whether the administrative claim was dismissed by defendant but whether plaintiff could file a fully exhausted hostile environment claim in 2006 that included events from 1999 to 2006"); *id.*, p. 12 ("Because of filing Civil Action No. 06-1731 (PLF), there is no question that the hostile environment claim based on events in the 2006 administrative complaint is fully exhausted").

Plaintiff's Complaint for Civil Action No. 06-1731 (PLF) was fully exhausted.  The Complaint states that the Court has jurisdiction based on formal administrative complaints 2006-

4

0019-HQ and 2006-0048-HQ. Complaint, paras. 3-4. Plaintiff stated that "[t]his Court has jurisdiction over these claims because plaintiff has not filed an appeal with the EEOC and 90 days have not passed since receipt of the final agency decision" (emphasis added). *Id*., para. 5.

In addition, each administrative complaint, in accordance with 29 C.F.R. 1614.105(a)(1), included allegations of incidents that occurred within 45 days of plaintiff's initial contact with an EEO counselor. For administrative complaint 2006-0019-HQ, plaintiff initiated contact with an EEO counselor on September 26, 2005. *See* Pl. Ex. 89 (attached). Plaintiff filed the administrative complaint on November 17, 2005, and defendant dismissed the complaint on July 10, 2006. *Id*., para. 3. In her Complaint, plaintiff stated that (para. 52):

> The incidents described above in paragraphs 48-51, which took place during the period from 2005 to 2006, are included in plaintiff's claim of a hostile work environment, as alleged in EEO No. 2006-0019-HQ and are part of a continuing hostile environment which began in 1999 and has continued until the present.

The incidents described in paragraphs 48-49 took place during the 45-day period preceding plaintiff's initial contact with an EEO counselor.[3/] Thus, in accordance with *Morgan* and *Singletary*, there were acts that took place within the statutorily required time.

For administrative complaint 2006-0048-HQ, plaintiff initiated contact with an EEO counselor on January 18, 2006. *See* Pl. Ex. 90 (attached). Plaintiff filed the administrative complaint on March 30, 2006, and defendant dismissed the complaint on July 11, 2007. Complaint, para. 4. In her Complaint, plaintiff s tated that (para. 62):

> The incidents described above in paragraphs 53-61, which took place during the period from 2005 to 2006, are included in plaintiff's claim of a hostile work environment, as alleged in EEO No. 2006-0048-HQ and are part of a continuing hostile environment which began in

---

[3/]The incident described in paragraph 50 took place after the initial contact with the EEO counselor and is closely related to the incidents in paragraphs 48 and 49. The incident described in paragraph 51 took place after plaintiff had reviewed the Record of Investigation prepared by defendant for administrative complaint 2006-0019-HQ.

1999 and has continued until the present.

The incidents described in paragraphs 54-61 took place during the 45-day period preceding plaintiff's initial contact with an EEO counselor.[4/] Thus, in accordance with *Morgan* and *Singletary*, there were acts that took place within the statutorily required time.

## CONCLUSION

For the reasons stated above, Civil Action No. 06-1731 (PLF) was timely filed and contains incidents on which plaintiff bases her hostile work environment claim that occurred within the required number of days of plaintiff's initial contact with an EEO counselor.

Respectfully submitted,

/s/ Michael G. Shaw

BRUCE J. TERRIS (D.C. Bar No. 47126)
MICHAEL G. SHAW (D.C. Bar No. 473008)
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, DC  20005-4632
(202) 682-2100

Attorneys for Plaintiff

March 23, 2007

---

[4/]The incident described in paragraph 53 took place in November 2005 and is closely related to the incidents described in paragraphs 54-61.

11/16/2005



UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

WASHINGTON, D.C. 20460

OFFICE OF
CIVIL RIGHTS

# EEO COUNSELOR'S REPORT

**EEO Counselors must prepare a counselor's report, in writing, for each Aggrieved Individual counseled. The EEO Counselor's Report must be submitted to the EEO Officer or Area Director for entry into the Agency Discrimination Complaint Tracking System (DCTS).**

REQUIRED ELEMENTS OF THE EEO COUNSELOR'S REPORT

A. AGGRIEVED INDIVIDUAL INFORMATION

1. Name: Dr. Marsha Coleman-Adebayo

2. Job Title/Series/Grade: GS-15

3. Place of Employment:

   Office of Cooperative Environmental Management
   Immediate Office
   Committee, Policy and Oversight
   MC-1601
   655 15th St., NW
   Washington, DC 20460

4. Work Phone Number: (301) 320-3021 (Employee works from home.)

5. Home Address:

   8815 Earl Court
   Bethesda, MD 20817

Plaintiff's Exhibit 89

Exhibit B1
Page 1 of 34

19

- 1 -

**EXCERPT**

    6.     Home Phone Number:    301-320-3021

B.    **REPRESENTATIVE INFORMATION**

    1.     Michael Shaw
            1121 12th St
            Washington, DC

    2.     Representative is not a Union Official.

C.    **CHRONOLOGY OF COUNSELING EVENTS**

    1.     Date of Initial Contact: September 26, 2005

    2.     Date of Initial Interview: October 4, 2005
            (Note: Counselor contacted aggrieved individual on September 26 and left a message. Because of phone problems at her residence, Aggrieved Individual was unable to return call until October 4.)

    3.     Date(s) of alleged discriminatory event(s):    September 14, 2005

    4.     Date of the Final Interview:    November 4, 2005

D.    **BASES AND ISSUES**

    1.     Was Aggrieved Individual discriminated against because of Disability [MS, optic neuritis, hypertension, depression, and glaucoma] and Retaliation [denied disability status because of previous EEO case in which she won a court victory and because she provided leadership in the passage of a national law and continues to support equal opportunities in the workplace]?

    2.     Beginning of discriminatory actions [specify alleged incident(s) and include date(s) of each incident(s)]

            Aggrieved Individual stated that she was discriminated against on September 14, 2005, and again on October 26, 2005, when EPA denied her request for a determination of disability, even though it had sufficient information to do so. She stated that EPA did not follow proper procedures for its denial, including

Exhibit B
Page 2 of 34

20 - 2 -

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

WASHINGTON, D.C. 20460

OFFICE OF
CIVIL RIGHTS

# NOTICE OF FINAL INTERVIEW
# AND
# RIGHT TO FILE A DISCRIMINATION COMPLAINT

**MEMORANDUM**

SUBJECT:   Notice of Final Interview

FROM:      Irma N. McKnight
           EEO Counselor                          DATE:      March 30, 2006

TO:        Dr. Marsha Coleman-Adebayo

   On the date shown above the final counseling interview was held in connection with the allegation(s) you brought to my attention and presented to me as an EEO Counselor on January 18, 2006.

   This is to inform you that because the dispute you brought to my attention has not been resolved to your satisfaction, you are now entitled to file an individual or class-action discrimination complaint based on Race, Color, National Origin, Sex, Disability, Religion, Age, or Retaliation. If you decide to file a discrimination complaint, it must be in writing, signed, and filed **within fifteen (15) calendar days** after receipt of this notice.

   To facilitate the filing of your discrimination complaint, I would recommend using the attached discrimination complaint form. Also remember you cannot file a discrimination complaint on any bases or issues not discussed during counseling. If you add bases or issues for which you were not counseled they may be dismissed or you will be referred for further counseling.

   The discrimination complaint should state whether or not you filed a grievance under a negotiated grievance procedure or an appeal to the Merit Systems Protection Board on the same bases and issues. Include the dates and status of such actions. This information is necessary for the Agency to determine whether or not your discrimination complaint complies with the regulations at 29 C. F. R. Part 1614.

Plaintiff's Exhibit
90

If you decide to file a discrimination complaint mail the complaint form to:

> U.S. Environmental Protection Agency
> Office of Civil Rights (1201A)
> Employment Complaints Resolution Staff
> Room 2450 Ariel Rios North Building
> 1200 Pennsylvania Avenue, NW
> Washington, DC 20460.

A discrimination complaint shall be deemed timely if it is received or postmarked before the expiration of the 15 day filing period, or, in the absence of a legible postmark, if it is received by mail within five days of the expiration of the filing period.

If you retain an attorney or any other person to represent you, you or your representative must immediately notify, in writing, the Office of Civil Rights. You and/or your representative will receive a written acknowledgment of your discrimination complaint from the appropriate agency official.

If you file a discrimination complaint, you should name Stephen L. Johnson, Administrator.

ACKNOWLEDGMENT OF RECEIPT

Hand Receipt


_____          _____
Signature of Aggrieved Individual        Date


Attachment: Complaint Form