UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
MARSHA LYNNE COLEMAN-ADEBAYO   )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )   Civil Action Nos. 03-2428  (PLF)
                                          )                     04-1399
STEPHEN L. JOHNSON,[1]                    )                     06-1731
Administrator,                            )
United States Environmental Protection Agency  )
                                          )
            Defendant.                    )
_____)

OPINION

       This matter is before the Court on defendant's two pending motions to dismiss, or in the alternative, for summary judgment.  Plaintiff alleges retaliation and hostile work environment under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111 *et seq.*; Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000(e) *et seq.;* and the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 791 *et seq.*  Defendant moves to dismiss each claim on various grounds, arguing that plaintiff has failed to exhaust her administrative remedies, that her claims are barred by *res judicata* and that plaintiff has failed to state a claim upon which relief may be granted.  In the alternative, defendant moves for summary judgment on each claim.

---

    [1]    Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, EPA Administrator Stephen L. Johnson has been substituted for former Administrator Michael O. Leavitt.

I.   BACKGROUND

*A.  Procedural History*

The consolidated cases pending before this Court have a lengthy and complex procedural history.  In an earlier case, plaintiff won a jury verdict against defendant on August 20, 2000, resulting in the award of $600,000, which the court capped at $300,000, as required by statute; she also was promoted to a GS-15 level, retroactive to September of 1995. The jury found that defendant had failed to provide fair performance evaluations, had denied awards and bonuses because of plaintiff's race, color and sex, and defendant had permitted a racially and sexually hostile work environment.  The jury also found defendant liable for retaliation for plaintiff's having filed a prior complaint of discrimination.  See Coleman-Adebayo v. Whitman, No. 98-0926 (D.D.C. filed Apr. 14, 1998).

This instant case is the result of consolidating plaintiff's three separate complaints, filed in 2003, 2004 and 2006.  Plaintiff filed the first of these complaints on November 23, 2003, which was assigned Civil Action Number 03-2428.  See 03-2428 Original Complaint ("03 Orig. Compl.").  On July 26, 2004, the Court granted defendant's motion to dismiss or, in the alternative, for summary judgment with respect to the 03-2428 Complaint.  See Coleman-Adebayo v. Leavitt, 326 F. Supp. 2d 132 (D.D.C. 2004).  On August 6, 2004, plaintiff filed a motion to alter or amend the Court's judgment.

On November 29, 2005, the Court granted plaintiff's motion to alter or amend judgment in part.  The Court found that plaintiff had in fact exhausted her administrative remedies with respect to five administrative complaints alleging retaliation between 1999 and 2001, and she therefore could proceed on the claims associated with those exhausted complaints

2

only.  See Coleman-Adebayo v. Leavitt, 400 F. Supp. 2d 257 (D.D.C. 2005).  The plaintiff conceded that she had not exhausted her administrative remedies for other retaliatory acts alleged in the 03-2428 Complaint -- those acts occurring in November and December of 2003 -- and the Court denied her motion to alter or amend judgment on those claims.  See id. at 260-61.  The Court also denied plaintiff's motion to alter or amend judgment with respect to her disability claim, having already found that her alleged disability --  hypertension -- could be controlled and therefore was not a disability.  See id. at 264.

During the pendency of the 03-2428 case, plaintiff filed a second complaint on August 17, 2004, which was assigned Civil Action Number 04-1399.  See Coleman-Adebayo v. Johnson, No. 04-1399 (D.D.C. filed Aug. 17, 2004).  On January 4, 2006, the Court permitted plaintiff to consolidate her two then-pending cases, Civil Action No. 03-2428 and Civil Action No. 04-1399.  Plaintiff filed her First Amended Complaint in that consolidated action on March 27, 2006, superseding the original complaints previously filed in each.

On October 6, 2006, plaintiff filed a third complaint in this Court, Civil Action Number 06-1731.  On December 13, 2006, the Court granted plaintiff's motion to consolidate that case with the 03-2428 and 04-1399 consolidated case.  There are now two complaints currently pending in this case:  the First Amended Complaint and Demand for Jury Trial in the originally consolidated 03-2428 and 04-1399 case ("03/04 First Am. Compl.") and the Complaint and Demand for Jury Trial in Civil Action No. 06-1731 ("06 Compl.").  Some of the claims raised in the 03/04 First Amended Complaint are identical to ones raised in the 06 Complaint.  Defendant has filed a motion to dismiss each of those complaints or, in the alternative, for

summary judgment -- one addressing the 03-2428 Complaint and 03/04 First Amended Complaint, and one addressing the 06-1731 Complaint.

## II. DISCUSSION

*A. 03/04 First Amended Complaint*

Plaintiff's consolidated 03-2428/04-1399 First Amended Complaint raises three claims. First, plaintiff alleges that defendant failed to provide reasonable accommodations under the Rehabilitation Act. Second, plaintiff alleges retaliation – under Title VII, the Rehabilitation Act, and the ADA – involving five administrative complaints arising from incidents during 1999 through 2001. Third, plaintiff alleges retaliation and/or "hostile work environment," involving the same five administrative complaints from 1999 to 2001 and other claims from 2003 to 2004 and 2005 to 2006, under Title VII, the Rehabilitation Act, and the ADA.

### 1. ADA Claims

The Court dismisses all of plaintiff's ADA claims because the federal government is not subject to suit for claims brought under the ADA. See 42 U.S.C. § 12111(5)(B)(I) (defining employees under the ADA and expressly stating that "the term 'employer' does not include the United States"); see also Jordan v. Evans, 404 F. Supp. 2d 28, 30 (D.D.C. 2005). Plaintiff, as a federal employee, therefore is unable to obtain relief for employment discrimination or retaliation under the ADA. See, e.g., Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6 n.1 (1st Cir. 2004) ("the ADA is not available to federal employees") (citing Rivera v. Heyman, 157 F.3d 101, 103 (2d Cir. 1998)).

2. 2003-2004 Hostile Work Environment Retaliation

The Court once again grants defendant's motion to dismiss plaintiff's 2003-2004 claims. The 2003-2004 retaliatory incidents creating a hostile work environment that plaintiff alleges in the 03/04 First Amended Complaint are nearly identical to those that previously were dismissed as unexhausted claims. They therefore must be dismissed yet again. Compare 03/04 First Am. Compl. ¶¶ 21-34 with 03 Orig. Compl. ¶¶ 21-34. These 2003-2004 administrative claims were dismissed for failure to exhaust, see Coleman-Adebayo v. Leavitt, 326 F. Supp. 2d 132, 140 (D.D.C. 2004), and that judgment was affirmed in the Court's November 29, 2005 opinion. See Coleman-Adebayo v. Leavitt, 400 F. Supp. 2d 257, 261 (D.D.C. 2005) (noting that plaintiff conceded that she had failed to exhaust these claims). The Court dismisses these claims for the third time.

3. First Claim: Failure to Provide Reasonable Accommodation

Plaintiff alleges in the first claim of her First Amended Complaint that defendant failed to provide her with reasonable accommodations in violation of the Rehabilitation Act. The Court previously granted defendant's motion for summary judgment on this claim because plaintiff could not show that her hypertension was a disability under the Rehabilitation Act. See Coleman-Adebayo v. Leavitt, 326 F. Supp. 2d at 142. The Court affirmed its decision denying plaintiff's request to alter or amend judgment on this claim. See Coleman-Adebayo v. Leavitt, 400 F. Supp. 2d at 262, 264. The Court held that plaintiff could not establish her *prima facie* case of disability discrimination because plaintiff was not disabled. See id. While plaintiff argued that she was disabled and entitled to reasonable accommodation based on hypertension,

multiple sclerosis, glaucoma, and optic neuritis, plaintiff only sought disability and reasonable accommodation for her hypertension. See id. at 263-64. The Court reaffirms its decision to grant defendant's motion for summary judgment for failure to provide reasonable accommodation because plaintiff has not shown that she was disabled at the time of the alleged failure to accommodate.

        4.    Second Claim:  Retaliation (Non-Hostile Work Environment)

Plaintiff alleges in the second claim of her first amended complaint retaliation under Title VII and under the Rehabilitation Act, based on incidents that took place during 1999 through 2001 and raised in five administrative complaints. See 03/04 First Am. Compl. ¶¶ 68-75. The defendant moves to dismiss this claim arguing that plaintiff failed to exhaust administrative remedies because she failed to cooperate in good faith with the administrative process. See Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment on Plaintiff's First Amended Complaint ("Def. Mot. 03/04 First Am. Compl."), incorporating by reference Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Def. Mot. 03 Orig. Compl.") at 8-10. Defendant points to the declarations of Johnnie M. Hobbs and Karen D. Higginbotham in an attempt to demonstrate plaintiff's failure to cooperate. See Def. Ex. 65, Hobbs Declaration ("Hobbs Decl."); Def. Ex. 2, Higginbotham Declaration ("Higginbotham Decl."). Higginbotham states that from April to August of 2001, Hobbs repeatedly requested an affidavit from plaintiff, but plaintiff did not produce one. See Higginbotham Decl. ¶ 6. Hobbs closed the investigative record in August 2001. See id. ¶ 8.

Neither of these declarations demonstrate that any failure to cooperate was so serious that plaintiff's claim should be deemed unexhausted.

A claim may be dismissed by an agency for failure to cooperate when a complainant has not answered a written request for information within 15 days of its receipt, if the agency's request included notice of such dismissal. See Rann v. Chao, 345 F.3d 192, 197 (D.D.C. 2003). This Court has held that unless an agency *expressly* dismisses the complaint for failure to cooperate, the suit will not be barred. See Brown v. Tomlinson, 462 F. Supp. 2d 16, 21 (D.D.C. 2006) ("A complainant may be barred from filing suit for failure to exhaust only '[i]f a complainant forces an agency to dismiss or cancel the complaint by failing to provide sufficient information to enable the agency to investigate the claim.") (quoting Wilson v. Pena, 79 F.3d 154, 164 (D.C. Cir. 1996)). In this case, the record shows that all five of the administrative complaints pertaining to incidents from 1999 through 2001 were dismissed more than 180 days after the filing of the complaint. See Pl. Ex. 65, EPA Dismissal of Complaints. Furthermore, the reason cited by the agency for dismissing the claims was not plaintiff's failure to cooperate, but because the plaintiff was proceeding with the instant case in this Court. See id.

Also, as plaintiff points out, the declaration from the EEO investigator demonstrates that she had sufficient information to proceed with the investigation while awaiting more information from the plaintiff. See Hobbs Decl. at 9 ("According to the Statement of Work for EPA, I cannot proceed without a signed affidavit from Ms. Coleman-Adebayo. I believe that I have enough information in the file to proceed with the investigation without Ms. Coleman-Adebayo's signed affidavit, which I hope to eventually have. I can interview the witnesses identified in the case file and Management's witnesses."). Finally, the Court has held already

that it "erred in dismissing [plaintiff's] retaliation claim in its entirety because she had in fact exhausted administrative remedies for her 1999 through 2001 retaliation claim." See Coleman-Adebayo v. Leavitt, 405 F. Supp. 2d at 261-62. The defendant's renewed motion to dismiss these claims presents no reason for the Court to change its prior ruling. Because plaintiff properly exhausted these five administrative claims based on incidents occurring from 1999 to 2001, the Court denies defendant's motion to dismiss these claims for failure to exhaust the administrative process.

Defendant also argues that plaintiff's claims arising from the five administrative complaints should be dismissed because plaintiff cannot make out her *prima facie* case of retaliation. See Def. Mot. 03 Orig. Compl. at 14-21. The Supreme Court has held that "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington Northern v. Santa Fe Ry. Co., 126 S.Ct. 2405, 2415 (2006) (internal citations and quotations omitted). Applying this standard, the Court finds that plaintiff has adequately pled facts to support her claim for retaliation in the 03/04 Complaint as it relates to her five exhausted administrative complaints from 1999 to 2001.

Defendant moves in the alternative for summary judgment on plaintiff's retaliation claims. "[S]ummary judgment ordinarily is proper only after the plaintiff has been given adequate time for discovery." Americable Int'l, Inc. v. Dep't of Navy, 129 F.3d 1271, 1274 (D.C. Cir. 1997) (internal quotations omitted). "[B]efore discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required *prima*

8

*facie* case in a particular case." Chappell-Johnson v. Powell, 440 F.3d 484, 488 (D.C. Cir. 2006) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)).  The inquiry into whether an employment action constitutes an adverse employment action is a fact-intensive one, particularly unsuited to a motion for summary judgment prior to discovery and on such a limited record.  See Czekalski v. Peters, 475 F.3d 360, 365 (D.C. Cir. 2007) (holding that whether a particular action constitutes an adverse action for purposes of Title VII generally is a jury question).  Before the Court will consider defendant's motion for summary judgment, the parties should engage in a sufficient amount of discovery for the Court to determine if there are genuine issues of material fact in dispute.  Because discovery has not yet occurred, defendant's motions for summary judgment based on plaintiff's retaliation claim are denied.

    6.   Plaintiff's Third Claim: "Hostile Work Environment" Based on Retaliatory Incidents

Plaintiff alleges in the third claim of her first amended complaint that retaliatory incidents occurring between 1999 and 2001, 2003 and 2004, and 2005 and 2006 constitute a hostile work environment in violation of Title VII and the Rehabilitation Act.  Defendant moves to dismiss these claims, once again, for failure to exhaust.  The Court already has held that plaintiffs' claims related to the 1999 through 2001 administrative complaints were exhausted. See supra at 6-8.  The Court has similarly already held that the 2003 through 2004 claims were not exhausted, and will be dismissed.  See supra at 5. Defendant's motion fails to address the new 2005 through 2006 retaliatory incidents alleged in the first amended complaint and not previously a part of the original 03-2428 or 04-1399 complaints, and what basis it has for arguing that they are not exhausted.  The Court, therefore, will not grant this motion with respect to

plaintiff's claims arising from the 1999 through 2001 administrative complaints or those claims arising from the 2005 through 2006 incidents.

Defendant also argues that the claim should be dismissed because plaintiff has failed to state a claim or, in the alternative, that judgment should be granted because plaintiff has not made out a *prima facie* case of retaliation. See Def. Mot. 03 Orig. Compl. at 8-23

"Under Title VII it is an unlawful employment practice to 'requir[e] people to work in a discriminatorily hostile or abusive environment.'" Singletary v. District of Columbia, 351 F.3d 519, (D.C. Cir. 2003) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)). Title VII is violated "[w]hen the workplace was so permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Harris v. Forklift Sys., Inc., 510 U.S. at 21 (quoting Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 65-67 (1986));
see also George v. Leavitt, 407 F.3d at 416-17 . "[A] hostile work environment can amount to retaliation." See Hussain v. Nicholson, 435 F.3d 359, 366 (D.C. Cir. 2006) (citing Singletary v. District of Columbia, 351 F.3d at 526). In determining whether conduct is sufficiently severe or pervasive to be actionable, the Court must "look to 'all the circumstances,' including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" National R.R. Passenger Corp. v. Morgan, 536 U.S. at 116 (quoting Harris v. Forklift Systems, Inc., 510 U.S. 17,  23 (1993)); see also Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) (the standards for judging hostility are sufficiently

demanding to ensure that Title VII does not become a "general civility code" and filters out complaints attacking the "ordinary tribulations of the workplace such as sporadic use of abusive language, gender-related jokes, and occasional teasing"). This determination, like many of those the defendant asks this Court to make, is premature at this time. The Court therefore will not dismiss or grant summary judgment on either the 1999 through 2001 or the 2005 through 2006 claims.

### B.  06-1731 Complaint

Plaintiff's 06-1731 Complaint raises two claims.  First, plaintiff alleges that defendant engaged in retaliatory incidents between 2005 and 2006.  Second, plaintiff alleges that defendant created a hostile work environment based on retaliatory incidents between 2005 and 2006 in violation of Title VII and the Rehabilitation Act.

#### 1.  Retaliation Claim

Plaintiff's 06-1731 Complaint alleges retaliation based on incidents that took place from 2005 to 2006, involving EEO complaints 2006-0019HQ and 2006-0048HQ. Plaintiff's 2006-0019HQ administrative complaint was dismissed because of the civil action pending in this Court, see Pl. Ex. 88, and claim 2006-0048HQ was dismissed for failure to state a claim and also because of the civil action pending before this Court.  See Pl. Ex. 87.  Defendant argues that plaintiff's claim with respect to the acts alleged in administrative complaint 2006-0019HQ should be dismissed for reasons previously stated in the motion to dismiss the 03/04 First Amended Complaint -- because the claims raised are identical to plaintiff's retaliation claims presented in the 04-1399 Complaint, now consolidated as part of plaintiff's 03/04 First

Amended Complaint. See Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment on Plaintiff's Recent Complaint, Civil Action No. 06-1731 ("Def. Mot. 06 Compl.").[2] Defendant has failed to address specifically or present any evidence why either of these complaints have not been exhausted, simply referring back to the previous motion. As stated with respect to the previous motion, only the 2003 through 2004 administrative complaints were unexhausted. Without any showing why the claims arising from the 2005 through 2006 administrative complaints were not exhausted, the Court will not grant plaintiff's motion to dismiss these claims.

Defendant also moves for summary judgment on plaintiff's retaliation claim involving the two 2005 through 2006 administrative complaints. See Def. Mot. 06 Compl. For the same reasons discussed with respect to defendant's motion to dismiss the 03/04 first amended complaint, the Court finds that judgment is not appropriate at this time, prior to discovery. See supra at 10-11.

2. Second Retaliation Claim: "Hostile Work Environment"

In defendant's motion to dismiss the 06-1731 Complaint, defendant argues that the portions of plaintiff's 03-2428 Complaint and 03/04 First Amendment Complaint relating to one of plaintiff's five administrative complaints -- 2001-0014-HQ -- occurring between 1999 and 2001 should be dismissed because the claim is time-barred. See Def. Mot. 06 Compl. at 12-13. Because of the nature of a hostile work environment claim, so long as the plaintiff shows that

---

[2] The Court notes that paragraphs 44 to 56 of the 03/04 First Amended Complaint and paragraphs 48 to 63 of the 06-1731 complaint are substantially similar and essentially consist of overlapping claims.

"the acts about which [she] complains are part of the same actionable work environment practice," and that some of the acts complained of occurred within the relevant time frame, it does not matter if some the component acts of the hostile work environment fall outside the statutory time period.  See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. at 117.  Plaintiff need only show that one act contributing to the claim occurred within the required filing period.  See id.

The defendant does not dispute that plaintiff filed the other four administrative claims from 1999 to 2001 in a timely manner.  Because the Court has held that plaintiff exhausted her administrative remedies in relation to the incidents occurring between 1999 and 2001, see supra at 6-8, the Court again denies defendant's motion to dismiss this claim for failure to exhaust administrative remedies as to plaintiff's five administrative complaints from 1999 to 2001.  See Coleman-Adebayo v. Leavitt, 400 F. Supp. 2d at 261.

Defendant also moves to dismiss plaintiff's 2005 to 2006 claims for failure to state a claim upon which relief may be granted.  See Def. Mot. 06 Compl. at 14-16.  Defendant argues that plaintiff fails to establish a *prima facie* hostile work environment retaliation claim with respect to her 2005 to 2006 administrative complaints because plaintiff's allegations show she was merely unhappy with her manager's response to her illness on two discrete occasions.  See Def. Mot. 06 Compl. at 14.  While the defendant asks the Court to take each incident as a discrete act, see id. at 14-16, the Court may not do so because of the very nature of a hostile work environment claim.  Such a claim "is composed of a series of separate acts that collectively constitute one unlawful employment practice."  Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. at 117 (internal quotations omitted).  For the foregoing reasons, defendant's motions to dismiss

plaintiff's hostile work environment claim based on incidents occurring from 1999 to 2001 and 2005 to 2006 are denied.

Defendant moves for summary judgment on plaintiff's hostile work environment retaliation claim involving the two 2005 to 2006 administrative complaints. See Def. Mot. 06 Compl. As discussed supra at 10-11, summary judgment is not appropriate at this time; plaintiff has not been given the opportunity to conduct discovery.

### III. CONCLUSION

Based on the record in this case and for the reasons set forth herein, the Court will deny defendant's motions to dismiss, or in the alternative, for summary judgment on plaintiff's retaliation and hostile work environment claims arising from plaintiff's five administrative complaints pertaining to incidents occurring from 1999 to 2001 and her two administrative complaints involving incidents from 2005 through 2006. The Court reaffirms its prior decision granting defendant's motion for summary judgment with respect to plaintiff's reasonable accommodation claim. It also reaffirms its previous dismissal of those claims arising from plaintiff's unexhausted 2003 through 2004 administrative complaints.

An Order consistent with this Opinion shall issue this same day.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 30, 2007