UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 03-2428 (PLF) |
| | ) |
| STEPHEN L. JOHNSON, Administrator, | ) |
| United States Environmental Protection Agency, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-1399 (PLF) |
| | ) |
| STEPHEN L. JOHNSON, Administrator, | ) |
| United States Environmental Protection Agency, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1731 (PLF) |
| | ) |
| STEPHEN L. JOHNSON, Administrator, | ) |
| United States Environmental Protection Agency, | ) |
| | ) |
| Defendant. | ) |
| | ) |

PLAINTIFF'S MOTION UNDER RULE 59(e) TO ALTER OR AMEND JUDGMENT

On March 30, 2007, this Court issued its Order and Opinion on defendant's pending motions

to dismiss, or in the alternative, for summary judgment, in the above-captioned consolidated cases.

The Court ordered, *inter alia*, that "plaintiff's claims arising from the unexhausted 2003-2004 administrative complaints are DISMISSED." Order, p. 1. For the reasons set forth in the attached memorandum, plaintiff respectfully requests that the Court reconsider that portion of its Order and Opinion.

STATEMENT PURSUANT TO LOCAL RULE 7(m)

On April 4 and April 10, 2007, plaintiff's counsel contacted defendant's counsel about this motion. Defendant's counsel stated that defendant will oppose this motion.

A proposed order is attached.

Respectfully submitted,

/s/ Michael G. Shaw

BRUCE J. TERRIS (D.C. Bar No. 47126)
MICHAEL G. SHAW (D.C. Bar No. 473008)
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, DC 20005-4632
(202) 682-2100 (tel)
(202) 289-6795 (fax)

Attorneys for Plaintiff

April 11, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 03-2428 (PLF) |
| | ) |
| STEPHEN L. JOHNSON, Administrator, | ) |
| United States Environmental Protection Agency, | ) |
| | ) |
| Defendant. | ) |

| | |
|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-1399 (PLF) |
| | ) |
| STEPHEN L. JOHNSON, Administrator, | ) |
| United States Environmental Protection Agency, | ) |
| | ) |
| Defendant. | ) |

| | |
|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1731 (PLF) |
| | ) |
| STEPHEN L. JOHNSON, Administrator, | ) |
| United States Environmental Protection Agency, | ) |
| | ) |
| Defendant. | ) |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION
UNDER RULE 59(e) TO ALTER OR AMEND JUDGMENT

On March 30, 2007, the Court issued its Order (Dkt. No. 77) and Opinion (Dkt. No. 78) on

defendant's pending motions to dismiss, or in the alternative, for summary judgment, in the above-captioned consolidated cases. The Court ordered, *inter alia*, that "plaintiff's claims arising from the unexhausted 2003-2004 administrative complaints are DISMISSED."[1]   Order, p. 1.   Plaintiff respectfully requests that the Court reconsider that portion of its Order and Opinion.

Rule 59(e) of the Federal Rules of Civil Procedure provides for motions "to alter or amend a judgment." Motions for reconsideration may be filed under Rule 59(e). Rule 59(e) motions may be granted if "the district court finds that there is * * * the need to correct a clear error * * *" (citations omitted). *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir., 1996).

Plaintiff respectfully submits that the Court committed clear error by determining that plaintiff had not exhausted her claims arising from the 2003-2004 administrative complaints. Plaintiff will show below that, although those claims were not exhausted when the Court issued its initial ruling in July 2004, the claims were subsequently exhausted by plaintiff's filing of administrative claims in February 2004 and filing of Civil Action No. 04-1399 (PLF) in August 2004.

I

THE COURT DETERMINED THAT PLAINTIFF'S CLAIMS BASED ON THE 2003-2004
ADMINISTRATIVE COMPLAINTS WERE NOT EXHAUSTED BASED SOLELY
ON ITS EARLIER RULING IN JULY 2004

In its Opinion, the Court discussed its earlier Order and Opinion on November 29, 2005 (Dkt. Nos. 38-39), in which it granted in part plaintiff's motion to alter or amend judgment. Opinion, pp.

---

[1] While the Court referred to the administrative complaints as the "2003-2004 administrative complaints," they involved incidents in 2003, but were actually submitted to EPA's Office of Civil Rights on February 9 and 10, 2004. *See* Pl. Ex. 91 (attached). Plaintiff will use the Court's terminology in this memorandum.

2-3.  The Court stated that, in that decision, it had "found that plaintiff had in fact exhausted her administrative remedies with respect to five administrative complaints alleging retaliation between 1999 and 2001, and she therefore could proceed on the claims associated with those exhausted complaints only."  *Ibid.*  However, as to the 2003-2004 administrative complaints, the Court stated that "plaintiff conceded that she had not exhausted her administrative remedies for other retaliatory acts alleged in the 03-2428 Complaint -- those acts occurring in November and December of 2003 -- and the Court denied her motion to alter or amend judgment on those claims."  *Id.*, p. 3.  In addition, under the title of  "2003-2004 Hostile Work Environment Retaliation," the Court stated (*id.*, p. 5):

> The Court once again grants defendant's motion to dismiss plaintiff's 2003-2004 claims. The 2003-2004 retaliatory incidents creating a hostile work environment that plaintiff alleges in the 03/04 First Amended Complaint are nearly identical to those that previously were dismissed as unexhausted claims.  They therefore must be dismissed yet again.  These 2003-2004 administrative claims were dismissed for failure to exhaust, and that judgment was affirmed in the Court's November 29, 2005 opinion.  See Coleman-Adebayo v. Leavitt, 400 F. Supp. 2d 257, 261 (D.D.C. 2005) (noting that plaintiff conceded that she had failed to exhaust these claims).  The Court dismisses these claims for the third time.  [other citations omitted]

Similarly, under the title of "Plaintiff's Third Claim: 'Hostile Work Environment' Based on Retaliatory Incidents," the Court stated (*id.*, pp. 9-10):

> Plaintiff alleges in the third claim of her first amended complaint that retaliatory incidents occurring between 1999 and 2001, 2003 and 2004, and 2005 and 2006 constitute a hostile work environment in violation of Title VII and the Rehabilitation Act.  Defendant moves to dismiss these claims, once again, for failure to exhaust.  The Court already has held that plaintiffs' claims related to the 1999 through 2001 administrative complaints were exhausted. The Court has similarly already held that the 2003 through 2004 claims were not exhausted, and will be dismissed.  [citations omitted]

In addition, under the title of "Retaliation Claim," the Court stated that "[a]s stated with respect to the previous motion, only the 2003 through 2004 administrative complaints were unexhausted" (*id.*,

3

p. 12) and, in its "Conclusion," the Court stated that "[the Court] also reaffirms its previous dismissal of those claims arising from plaintiff's unexhausted 2003 through 2004 administrative complaints" (*id.*, p. 14).

Thus, the only reason expressed by the Court for the dismissal of plaintiff's claims based on the 2003-2004 administrative complaints was that they should be dismissed because they had previously been dismissed. Plaintiff will show below that, although those claims were not exhausted when the Court issued its ruling in July 2004, they were subsequently exhausted by plaintiff's filing of administrative claims in February 2004 and filing of Civil Action No. 04-1399 (PLF) in August 2004.

II

CIVIL ACTION NO. 04-1399 (PLF) CONTAINS FULLY EXHAUSTED CLAIMS ARISING
FROM HER 2003-2004 ADMINISTRATIVE COMPLAINTS

Plaintiff does not dispute that, at the time of filing her first Complaint in this Court on November 24, 2003 (hereafter "2003 Complaint"), the 2003 incidents had not been exhausted. It was impossible for plaintiff to have filed an exhausted complaint on those incidents at that time. As plaintiff explained in her earlier motion to alter or amend the judgment (Plaintiff's Motion under Rule 59(e) to Alter or Amend Judgment, filed Aug. 6, 2004 (Dkt. No. 30), pp. 3-4), the 2003 Complaint was filed at the same time as plaintiff's motion for a temporary restraining order ("TRO"). The purpose of the motion for a TRO was to ask the Court to enjoin defendant from carrying out the alleged retaliatory actions on which it had decided in October and November 2003, namely, to prevent defendant from carrying out its instruction to plaintiff on November 6, 2003, that she report to work at an EPA headquarters office on December 1, 2003, rather than continue to work

4

at home, where she had worked for approximately three years, because of the severe harm this would have caused to her health.  Plaintiff's Motion for a Temporary Restraining Order (Dkt. No. 3), p. 1. The facts concerning those actions were included in the Complaint but, because there were only 25 days between the date of defendant's directive (November 6) and the date on which she was to report to work (December 1), it was impossible for plaintiff to have filed an administrative complaint and have it be fully exhausted before the filing of the Complaint.[2/]

Soon after filing her Complaint and motion for a TRO, plaintiff submitted, on February 9 and 10, 2004, two formal administrative complaints to defendant's Office of Civil Rights,[3/] based on the incidents that had occurred in November and December 2003.  *See* Pl. Ex. 91.

On July 26, 2004, the Court issued its Opinion and Order on plaintiff's 2003 Complaint. Dkt. No. 29.  On August 6, 2004, plaintiff filed her motion to alter or amend the Court's decision. Dkt. No. 30.  On August 17, 2004, plaintiff filed her 2004 Complaint, stating that she had filed formal administrative complaints in February 2004 (EPA Case No. 2004-0024-HQ) (2004 Complaint, para. 3) and that "[t]his Court has jurisdiction because 180 days have passed since the formal complaints were filed" (*id.*, para. 4).

In plaintiff's reply to her motion to alter or amend judgment, she explained that she had filed the 2004 Complaint because of the Court's decision that the 2003-2004 claims had not been

---

[2/]After the Complaint and motion for a TRO had been filed in November 2003, defendant reassigned plaintiff in December 2003 to a new position, which plaintiff alleged to be another act of retaliation. That allegation was included in plaintiff's subsequent motion for a preliminary injunction, even though it was not in the Complaint or TRO.  Plaintiff's Brief in Support of Her Motion for a Preliminary Injunction, filed Feb. 20, 2004 (Dkt. No. 14), pp. 10-12, 17-24.

[3/]Defendant stamped the two complaints as having been received on February 13, 2004, and considered them as one case (EPA Case No. 2004-0024-HQ).  *See* Pl. Exs. 91, 92 (attached).

exhausted (Plaintiff's Reply Memorandum in Support of Plaintiff's Motion under Rule 59(e) to Alter

or Amend Judgment, filed Sept. 17, 2004 (Dkt. No. 36), p. 2):[4/]

> Although plaintiff disagrees with the Court's ruling concerning plaintiff's 2003 and 2004 administrative complaints (formally filed in February 2004), plaintiff did not argue in her motion that those complaints were erroneously dismissed. Instead, consistent with the Court's ruling on the 2003 and 2004 complaints, plaintiff filed a new judicial complaint on August 17, 2004, based on those administrative complaints, a date which was more than 180 days after the formal administrative complaint had been filed on February 13, 2004.

In plaintiff's opposition to defendant's motion to dismiss Civil Action No. 06-1731 (PLF),

plaintiff again explained the reasons for filing the 2004 Complaint (Plaintiff's Opposition to

Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment on Plaintiff's Recent

Complaint, Civil Action No. 06-1731 (PLF) and Request for Oral Hearing, filed Jan. 26, 2007 (Dkt.

No. 71), p. 7):

> During the time that those actions [*i.e.*, actions related to the 2003 Complaint, TRO, and motion for a preliminary injunction] were taking place, plaintiff filed EEO administrative complaints in February 2004 based on the retaliatory events in 2003. When those EEO complaints had been exhausted, plaintiff filed Civil Action No. 04-1399 (PLF) on August

---

[4/]Plaintiff notes that the Court's Order of July 26, 2004 did not state that it was dismissing plaintiff's claims with prejudice. Therefore, plaintiff was not prevented from filing her claims again after having exhausted them. *See Boos v. Runyon*, 201 F.3d 178, 184 (2d Cir. 2000) ("we would dismiss that claim [that had not been exhausted] without prejudice to its reinstatement once Boos had exhausted her administrative remedies"); *Criales v. American Airlines, Inc.*, 105 F.3d 93, 95 (2d Cir. 1997) ("Like any other dismissal for failure to exhaust administrative remedies, a dismissal of a Title VII action by reason of a plaintiff's failure to wait for a right-to-sue notice is not a bar to instituting the suit after the notice is delivered"); *Donnelly v. Yellow Freight System, Inc.*, 874 F.2d 402, 411, n. 11 (7th Cir. 1989) ("The complaint was dismissed because plaintiff failed to exhaust her administrative remedies; in such a circumstance, the proper remedy is to dismiss the complaint without prejudice"); *Hill v. Runyon*, 12 F. Supp. 2d 30, 31-32 (D.D.C. 1998) (acknowledging that a failure to exhaust administrative remedies can be "cured" but dismissing a claim with prejudice "because Hill failed to exhaust his administrative remedies and the dereliction is not excused by his belated attempt to cure"); *Jones v. Ashcroft*, 321 F. Supp. 2d 1, 12 (D.D.C. 2004) (dismissing a claim without prejudice for failure to exhaust administrative remedies due to the plaintiff's premature filing of the action); *Jones v. District of Columbia*, 273 F. Supp. 2d 61, 64 (D.D.C. 2003) (dismissing claims without prejudice because of failure to exhaust administrative remedies).

17, 2004. Thus, plaintiff filed the 2004 Complaint in order to be able to establish her claim as to retaliation in 2003. The end result was that the consolidated cases of Civil Action Nos. 03-2428 (PLF) and 04-1399 (PLF) now included a claim of retaliation for the events in 1999-2001 and 2003. Thus, the second complaint was necessary in order to include the 2003 retaliatory actions in this litigation.

Plaintiff added that (*id.*, p. 7, n. 9):

> Plaintiff notes that it would have been impossible to have exhausted her administrative remedies for the 2003 retaliatory actions before filing the original Complaint since the original Complaint was filed in order to allow plaintiff to seek a temporary restraining order to prevent plaintiff being forced to return to EPA offices within a few days. [citation omitted]

The Court has expressly acknowledged that plaintiff filed administrative complaints on these incidents. In its opinion on plaintiff's motion for reconsideration of its Order of July 26, 2004, the Court stated (Opinion, filed Nov. 30, 2005 (Dkt. No. 38), p. 3):

> The plaintiff's complaint also alleged that the EPA retaliated against her in November and December of 2003 by ordering her to return to work in an EPA office and reassigning her to a new position. She did not file administrative complaints regarding these actions until February 13, 2004. [citations omitted]

Since plaintiff's 2004 complaint was filed in this Court on August 17, 2004, the 2003 incidents set forth in the complaint were clearly exhausted because more than 180 days had elapsed after the administrative complaints were filed.

Thus, Civil Action No. 04-1399 (PLF) contains fully exhausted claims based on the incidents in 2003-2004. The Court erred by failing to recognize that its earlier determination had been superseded by plaintiff's subsequent actions.

III

DEFENDANT HAS PRESENTED NO ARGUMENT THAT PLAINTIFF'S CLAIMS ARISING FROM HER 2003-2004 ADMINISTRATIVE COMPLAINTS WERE NOT EXHAUSTED

Since plaintiff filed Civil Action No. 04-1399 (PLF) on August 17, 2004, defendant has never

7

argued that the claims based on retaliatory incidents in 2003 and 2004 were not exhausted. *See*, *e.g.*, Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment, filed Feb. 6, 2006 (Dkt. No. 44); Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment, filed June 2, 2006 (Dkt. No. 52) (hereafter "Def. June 2006 Reply"); Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment on Plaintiff's First Amended Complaint, filed June 2, 2006 (Dkt. No. 53); Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment on Plaintiff's Amended Complaint and Request for a Hearing, filed Sept. 1, 2006 (Dkt. No. 63) (hereafter "Def. Sept. 2006 Reply"); Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment on Plaintiff's Recent Complaint, Civil Action No. 06-1731(PLF), filed Dec. 27, 2006 (Dkt. No. 69) (hereafter "Def. Dec. 2006 Mot. to Dismiss").

In fact, defendant has indicated that plaintiff's filing of her 2004 Complaint exhausted the claims that the Court had originally dismissed because of failure to exhaust (Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment on Plaintiff's Recent Complaint, Civil Action No. 06-1731(PLF), March 12, 2007 (Dkt. No. 75) (hereafter "Def. March 2007 Reply"), p. 13):

> Plaintiff also suggests that the 2004 Complaint was filed "in order to include the 2003 retaliatory actions in this litigation." This too makes no sense. While timely amending the original complaint to include the exhausted administrative complaints may have been proper, Plaintiff's filing a separate complaint in August 2004 and then including the 2003 reprisal allegations in her 2006 amendment as well are improper. [citation omitted]

Thus, although defendant objected to the manner in which plaintiff filed the claims after they had been exhausted, defendant has never argued that they were not fully exhausted.

Although defendant has not argued that the claims based on retaliatory incidents in 2003 and

8

2004 were not exhausted, it has argued that plaintiff's entire hostile work environment claim was not exhausted. In defendant's December 2006 motion to dismiss, defendant argued that "Plaintiff's Hostile Work Environment Claim Is Time-Barred." Def. Dec. 2006 Mot. to Dismiss, pp. 12-13. In that motion, defendant argued that plaintiff had "initially alleged a hostile work environment claim based on retaliatory acts" in 2000 in EPA File No. 2001-0014-HQ (*id.*, p. 12), that defendant had dismissed that claim on February 3, 2004 (*ibid.*), and that "[p]laintiff failed to file a civil action on this claim within ninety days of EPA's dismissal" (*id.*, p. 13). Defendant claimed that "[t]hus, Plaintiff's hostile work environment claim based on her administrative complaint, EPA File No. 2001-0014-HQ, for alleged acts occurring in 2000 is barred as untimely or for failure to exhaust administrative remedies, and should be dismissed on this basis." *Ibid.* In other briefs, defendant made the same argument that plaintiff's entire hostile work environment claim was untimely.[5] *See*, *e.g.*, Def. June 2006 Reply, p. 15; Def. Sept. 2006 Reply, pp. 18, 24; Def. March 2007 Reply, p. 14.

This Court rejected the arguments defendant made as to a hostile work environment (Opinion, pp. 12-13):

> In defendant's motion to dismiss the 06-1731 Complaint, defendant argues that the portions of plaintiff's 03-2428 Complaint and 03/04 First Amendment Complaint relating to one of plaintiff's five administrative complaints -- 2001-0014-HQ -- occurring between 1999 and

---

[5] In defendant's reply brief in March 2007, defendant made a different argument concerning the timeliness of plaintiff's entire hostile work environment claim by questioning whether plaintiff's claim in Civil Action No. 06-1731 (PLF) had been timely filed because plaintiff mentioned "180 days" in its opposition brief instead of the correct time of 90 days. Def. March 2007 Reply, pp. 15-16. Plaintiff filed a sur-reply explaining that plaintiff erred by mentioning "180 days," but that Civil Action No. 06-1731 (PLF) was timely filed because it contained incidents on which plaintiff based her hostile work environment claim that occurred within the required number of days of plaintiff's initial contact with an Equal Employment Opportunity counselor. Plaintiff's Sur-reply to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment on Plaintiff's Recent Complaint, Civil Action No. 06-1731 (PLF), filed April 2, 2007 (Dkt. No. 79).

2001 should be dismissed because the claim is time-barred. Because of the nature of a hostile work environment claim, so long as the plaintiff shows that "the acts about which [she] complains are part of the same actionable work environment practice," and that some of the acts complained of occurred within the relevant time frame, it does not matter if some the component acts of the hostile work environment fall outside the statutory time period. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. at 117. Plaintiff need only show that one act contributing to the claim occurred within the required filing period. See id. [additional citation omitted]

In contrast to defendant's exhaustion argument, which this Court rejected, this Court found that plaintiff's hostile work environment claim as to 2003-2004 had not been exhausted on an entirely different ground. As we have seen above, the Court dismissed incidents occurring in 2003 from plaintiff's claims of retaliation and hostile work environment because of its decision in 2004 that those claims had not been exhausted. The Court had reached that decision in 2004 because plaintiff filed her judicial complaint before she had filed an administrative complaint and thus the requisite 180 days from the filing of an administrative complaint could not have passed. *See* Opinion, July 26, 2004, p. 7. As we have further seen above, the Court's decision on the 2003 incidents relating to retaliation and hostile work environment was clearly erroneous since those claims were subsequently fully exhausted.

CONCLUSION

For the foregoing reasons, plaintiff respectfully submits that this motion should be granted; that the Court should strike that portion of its Order of March 30, 2007 stating that "plaintiff's claims arising from the unexhausted 2003-2004 administrative complaints are DISMISSED"; and that the Court should declare plaintiff's claims arising from plaintiff's 2003-2004 administrative complaints to have been fully exhausted.

A proposed order is attached.

10

Respectfully submitted,

/s/ Michael G. Shaw

BRUCE J. TERRIS (D.C. Bar No. 47126)
MICHAEL G. SHAW (D.C. Bar No. 473008)
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, DC  20005-4632
(202) 682-2100 (tel)
(202) 289-6795 (fax)
Attorneys for Plaintiff

April 11, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-2428 (PLF) |
| | ) | |
| STEPHEN L. JOHNSON, Administrator, | ) | |
| United States Environmental Protection Agency, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1399 (PLF) |
| | ) | |
| STEPHEN L. JOHNSON, Administrator, | ) | |
| United States Environmental Protection Agency, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1731 (PLF) |
| | ) | |
| STEPHEN L. JOHNSON, Administrator, | ) | |
| United States Environmental Protection Agency, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER

Upon consideration of Plaintiff's Motion under Rule 59(e) to Alter or Amend Judgment, and

defendant's response, it is this _____ day of _____, 2007,

ORDERED that plaintiff's motion is granted; and it is further

ORDERED, that the Order of March 30, 2007 shall be modified by striking the statement

"FURTHER ORDERED that plaintiff's claims arising from the unexhausted 2003-2004 administrative complaints are DISMISSED"; and it is further

ORDERED that plaintiff's claims arising from plaintiff's 2003-2004 administrative complaints have been fully exhausted.

SO ORDERED.

_____
PAUL L. FRIEDMAN
UNITED STATES DISTRICT JUDGE

FROM :UDC ENGINEERING & AEROSPACE    FAX NO. :202 274 6232    Feb. 13 2004 02:20PM P2

received 2/13/2004

**COMPLAINT OF DISCRIMINATION IN THE FEDERAL GOVERNMENT**
**BECAUSE OF**
**RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE, DISABILITY, OR RETALIATION**
*(Please type or print)*

(FOR AGENCY USE)

1. YOUR (COMPLAINANT'S) FULL NAME:
Marsha Coleman-Adebayo

2. WHAT IS YOUR TELEPHONE NUMBER INCLUDING AREA CODE?
HOME PHONE: 301-320-3021
WORK PHONE: 202-564-8902

STREET ADDRESS (OR POST OFFICE BOX NUMBER)
6017 Cairn Terrace

CITY    STATE    ZIP CODE
Bethesda  MD    20817

4. ARE YOU NOW WORKING FOR THE FEDERAL GOVERNMENT?
☒ YES (ANSWER A, B, C AND D BELOW)
☐ NO (CONTINUE WITH QUESTION 5)

3. WHICH FEDERAL OFFICE DO YOU BELIEVE DISCRIMINATED AGAINST YOU?
*(Prepare a separate complaint form for each office.)*
OPPT Office

A. NAME OF AGENCY WHERE YOU WORK:
U.S. EPA

A. NAME OF OFFICE WHICH YOU BELIEVE DISCRIMINATED AGAINST YOU:
OPPT

B. STREET ADDRESS OF YOUR AGENCY:
1200 Pennsylvania Ave, NW

B. STREET ADDRESS OF OFFICE:
1200 Pennsylvania Ave, NW

C. CITY    STATE    ZIP
Washington, DC   20460

C. CITY    STATE    ZIP CODE
Washington, DC

D. WHAT IS THE TITLE, SERIES, AND GRADE OF YOUR JOB?
GS 15-(9)

5. DATE ON WHICH MOST RECENT ALLEGED DISCRIMINATION TOOK PLACE:
MONTH:    DAY:    YEAR:

6. NAME AND ADDRESS OF REPRESENTATIVE:
Bruce Terris - 1121 12th St. NW WDC

2005.-4632

7. CHECK BELOW WHY YOU BELIEVE YOU WERE DISCRIMINATED AGAINST, BECAUSE OF YOUR:

☐ 9  RACE, IF SO, STATE YOUR RACE  African
☐ 9  COLOR, IF SO, STATE YOUR COLOR  Black
☐ 9  RELIGION, IF SO, STATE YOUR RELIGION
☐ 9  SEX, IF SO, STATE YOUR SEX  female
☐ 9  NATIONAL ORIGIN, IF SO, STATE YOUR NATIONAL ORIGIN
☐ 9  AGE, IF SO, STATE YOUR DATE OF BIRTH  50 (8-18-1952)
☐ 9  DISABILITY, IF SO, STATE YOUR DISABILITY  MS/ hypertension, Glaucoma
☐ 9  RETALIATION, IF SO, STATE YOUR CHARGE
*(Complaints of discrimination because of age apply only to employees or applicants who are at least 40 years of age at the time of the alleged discriminatory actions.)*

8. EXPLAIN HOW YOU BELIEVE YOU WERE DISCRIMINATED AGAINST (TREATED DIFFERENTLY FROM OTHER EMPLOYEES OR APPLICANTS) BECAUSE OF YOUR RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE, DISABILITY, OR RETALIATION. *(For each allegation, please state to the best of your knowledge, information and belief what incident occurred and when the incident occurred. You may continue your answer on another sheet of paper if you need more space.)*

9(a). I HAVE DISCUSSED MY COMPLAINT WITH AN EQUAL EMPLOYMENT OPPORTUNITY COUNSELOR:
☒ 9 YES    ☐ 9 NO

9(b). NAME OF COUNSELOR:
Barbara Newbrone

10. WHAT CORRECTIVE ACTION ARE YOU SEEKING? *(If additional space is needed, use separate sheet.)*
1) injunctive relief 2) $303,000.00 3) return to OPPT 4) return to career Status 5) cease harassment / retaliation

11. DATE OF THIS COMPLAINT  2-9-04
MONTH:  2   DAY: 09   YEAR: 04

12. SIGN YOUR (COMPLAINANT'S) NAME HERE:
Marsha Coleman-Adebayo

Plaintiff's Exhibit 91

FROM :UDC ENGINEERING & AEROSPACE    FAX NO. :202 274 6232    Feb. 13 2004 02:20PM P3

# COMPLAINT OF DISCRIMINATION IN THE FEDERAL GOVERNMENT
## BECAUSE OF
### RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE, DISABILITY, OR RETALIATION
*(Please type or print)*

**(FOR AGENCY USE)**

**1. YOUR (COMPLAINANT'S) FULL NAME:**
Marsha Coleman - Adebayo

**STREET ADDRESS (OR POST OFFICE BOX NUMBER)**
6017 Cairn Terrace

**CITY** Bethesda, Md.   **STATE**   **ZIP CODE** 20817

**2. WHAT IS YOUR TELEPHONE NUMBER INCLUDING AREA CODE?**
HOME PHONE: (301) 320 3021
WORK PHONE: (202) 564 - 8902

**4. ARE YOU NOW WORKING FOR THE FEDERAL GOVERNMENT?**
☑ YES (ANSWER A, B, C AND D BELOW)
☐ NO (CONTINUE WITH QUESTION 5)

**A. NAME OF AGENCY WHERE YOU WORK:**
US, EPA

**3. WHICH FEDERAL OFFICE DO YOU BELIEVE DISCRIMINATED AGAINST YOU?**
*(Prepare a separate complaint form for each office.)*

**A. NAME OF OFFICE WHICH YOU BELIEVE DISCRIMINATED AGAINST YOU:**
OPPT

**B. STREET ADDRESS OF OFFICE:**
1200 Pennsylvania Ave, NW

**C. CITY** Washington   **STATE** DC   **ZIP CODE**

**B. STREET ADDRESS OF YOUR AGENCY:** NW
1200 Pennsylvania Ave

**C. CITY** Washington   **STATE** DC   **ZIP**
**CODE**

**D. WHAT IS THE TITLE, SERIES, AND GRADE OF YOUR JOB?**
15 (9)

**5. DATE ON WHICH MOST RECENT ALLEGED DISCRIMINATION TOOK PLACE:**
**MONTH:**   **DAY:**   **YEAR:**

**6. NAME AND ADDRESS OF REPRESENTATIVE:**   WDC
Bruce Terry s-1121  12th St, N.W

**7. CHECK BELOW WHY YOU BELIEVE YOU WERE DISCRIMINATED AGAINST. BECAUSE OF YOUR:**

☐ RACE, IF SO, STATE YOUR RACE   African

☐ COLOR, IF SO, STATE YOUR COLOR   Black

☐ RELIGION, IF SO, STATE YOUR RELIGION

☐ SEX, IF SO, STATE YOUR SEX   female

☐ NATIONAL ORIGIN, IF SO, STATE YOUR NATIONAL ORIGIN

☐ AGE, IF SO, STATE YOUR DATE OF BIRTH   8-18-1952

☐ DISABILITY, IF SO, STATE YOUR DISABILITY   MS, hypertension, glacoma

☐ RETALIATION, IF SO, STATE YOUR CHARGE
*(Complaints of discrimination because of age apply only to employees or applicants who are at least 40 years of age at the time of the alleged discriminatory actions.)*

**8. EXPLAIN HOW YOU BELIEVE YOU WERE DISCRIMINATED AGAINST (TREATED DIFFERENTLY FROM OTHER EMPLOYEES OR APPLICANTS) BECAUSE OF YOUR RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE, DISABILITY, OR RETALIATION. (For each allegation, please state to the best of your knowledge, information and belief what incident occurred and when the incident occurred. You may continue your answer on another sheet of paper if you need more space.)**

**9(a). I HAVE DISCUSSED MY COMPLAINT WITH AN EQUAL EMPLOYMENT OPPORTUNITY COUNSELOR:**
☑ YES   ☐ NO

**9(b). NAME OF COUNSELOR:**
Barbara VanLumme

**10. WHAT CORRECTIVE ACTION ARE YOU SEEKING?** *(If additional space is needed, use separate sheet.)*
1)(inj)unctive relief, 2) #300,002 3)return to OPPT 4)return to revise 5)retro 5)cease harassment retaliation

**11. DATE OF THIS COMPLAINT**
**MONTH.** 02   **DAY:** 10   **YEAR:** 04

**12. SIGN YOUR (COMPLAINANT'S) NAME HERE:**
Marsha Coleman - Adebayo

FROM :UDC ENGINEERING & AEROSPACE       FAX NO. :202 274 6252          Feb. 13 2004 02.21PM  P4

On November 18, 2003, my counsel notified Ms. Shea that I intended to bring suit to prevent EPA from forcing me to return to work in an EPA building despite my medical problems.  On November 21, 2003, Mr. Murray sent me a letter reassigning me to a position in the Office of Cooperative Management (AOCEM®), Office of the Administrator, in EPA headquarters and reiterating that I must report for work on December 1, 2003.  No specific assignment was given.

On November 24 and November 25, 2003, Daiva Balkus, Director, Office of Cooperative Environmental Management, listed as the person requesting the action, and Ray Spears, Deputy Chief of Staff, listed as the person authorizing the action, signed a Request for Personnel Action (SF-52), which stated that I was being reassigned to a new position in the Office of the Administrator, OCEM, Committee Policy & Oversight Staff. The document stated that my position title was being changed from AEnvironmental Protection Specialist® to ASenior Program Analyst.® In addition, the box for ABargaining Unit Status® was left blank, indicating that plaintiff no longer would be a member of EPA=s union.  The Aproposed effective date® of the reassignment was listed as December 1, 2003.  EPA did not provide the document to me until December 7, 2003, after I had requested it in a letter to Ms. Balkus on December 1, 2003.

On December 9, 2003, after I asked Ms. Balkus to clarify my union status, Ms. Balkus wrote in an e-mail that Ayour position has been classified as AB® -- meaning that it is exempt from the bargaining unit. Thus, EPA has unilaterally removed me from union membership.  Ms. Balkus added in her e-mail that:

> This designation is for a management official who formulates, determines or influences an organization's policies, and is based on the position description which among several similar duties, includes "collaborates with the Associate Director in developing short term and long range plans and policies affecting Agency program offices and regions in support of FACA." Please note that "management" in this context doesn't imply supervisory responsibilities, but policy setting activities at a senior level.

Upon information and belief, there is no requirement that an employee having such a position description should not be eligible for union membership.  I held a position in the past at EPA that involved Apolicy setting activities at a senior level® and, during that time, I was a union member.

During the two weeks after December 9, 2003, I received a copy of the SF-50 ANotification of Personnel Action® that provided the official information concerning the reassignment.  The ANature of Action® was

FROM :UDC ENGINEERING & AEROSPACE    FAX NO. :202 274 6252    FEB. 15 2004 02:21PM P3

specified as AReassignment,@ the ALegal Authority@ was specified as AReg 335.102,@ the name of the organization to which I had been reassigned was specified as AEPA, Administrator, Office of Cooperative Environmental Management, Environmental Information, Economics and Technology Staff,@ and the code for ABargaining Unit Status@ meant that I was no longer in a bargaining unit. In addition, it specified that the name of my position before the reassignment was AEnvironmental Protection Specialist@ and that her new position after the reassignment was AProgram Analyst.@

The following chain of events shows that EPA had no business reason to reassign plaintiff. EPA repeatedly specified different organizations to which I would be reassigned. On November 6, 2003, when Bridget Shea ordered plaintiff to report to EPA offices on December 1, 2003, Ms. Shea stated that I should report to work at the Office of Pollution Prevention and Toxics, apparently intending that I continue to work in the same position and organization as she was currently working in at home. EPA changed its mind and assigned me to a different organization on November 21, 2003, when Mr. Murray sent me a letter reassigning me to a position in OCEM, Office of the Administrator, in EPA headquarters and reiterating that I must report for work on December 1, 2003. No specific assignment was given.

EPA was more specific when it issued, a few days later, a Request for Personnel Action (SF-52), which stated that I was being reassigned to a new position in the Office of the Administrator, OCEM, Committee Policy & Oversight Staff, and that my title was being changed from AEnvironmental Protection Specialist@ to ASenior Program Analyst.@

EPA changed its mind again as to the exact position when it issued, during the two weeks after December 9, 2003, a Notification of Personnel Action (SF-50), which stated that the name of the organization to which I had been reassigned was AEPA, Administrator, Office of Cooperative Environmental Management, Environmental Information, Economics and Technology Staff@ and that my title would now be AProgram Analyst.@

Thus, EPA had not identified a specific organization at the time it made its decision to reassign plaintiff. It did not have any work to give me. It was only after EPA made its decision to reassign me that EPA considered what position to give me. Even now, EPA has given me only preliminary work to familiarize myself with general information about the organization and performance measurements and to provide a preliminary plan as to how I will approach the work.

It is important to emphasize that EPA reassigned me from my previous position in the Office of Pollution Prevention and Toxics three

days after it learned that plaintiff intended to bring this case.  On November 18, 2003, my counsel notified Ms. Shea that I intended to bring suit to prevent EPA from forcing me to return to work in an EPA building despite my medical problems.  On November 21, Mr. Murray sent me a letter reassigning me to a position in the Office of Cooperative Management (OCEM) in EPA headquarters and reiterating that I must report for work on December 1, 2003



UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
WASHINGTON, D.C. 20460

JUN - 8 2004

OFFICE OF
CIVIL RIGHTS

**Return Receipt Requested**
7002 2410 0004 4323 7715

**In Response Refer To:**

Bruce Terris
Terris, Pravlik, Millian, LLP
1121 12th Street, N.W.
Washington, D.C. 20005-4632

Marsha Coleman-Adebayo
Discrimination Complaint Number:
2004-0024-HQ

Dear Mr. Terris:

On February 13, 2004, your client, Marsha Coleman-Adebayo, filed a discrimination complaint against the U.S. Environmental Protection Agency ("EPA" or "Agency"). This letter is to inform your client that the following issues have been accepted for investigation:

Whether your client was discriminated against and subjected to harassment on the basis of her race (African), color (Black), sex (female), age (D.O.B. 8/18/52), disability (physical), and reprisal (prior EEO activity) when:

(1) On October 8, 2003, Bridget Shea stated that your client would be required to return to work on November 3, 2003.

(2) On November 6, 2003, Bridget Shea notified your client, in writing, that she was expected to return to work on December 1, 2003.

(3) On November 21, 2003, your client received a letter from Thomas Murray indicating that she was being reassigned to a position in the Office of Cooperative Management, Office of the Administrator, and that she was expected to return to work on December 1, 2003.

(4) On December 7, 2003, your client received a Request for Personnel Action, SF-52, signed by Daiva Balkus and Ray Spears on November 24, 2003, and November 25, 2003, indicating her reassignment to a new position in the Committee Policy and Oversight Staff, Office of Cooperative Environmental Management, Office of the Administrator. That document stated that your client's position title would be changed from an Environmental Protection Specialist to a Senior Program Analyst. On December 9, 2003, your client was informed by Daiva Balkus that this Senior Program Analyst position in the Office of the Administrator was exempt from a bargaining unit.

Plaintiff's Exhibit
92

(5) During the two weeks following December 9, 2003, the EPA issued a Notification of Personnel Action, SF-50, reassigning your client to the Office of Cooperative Environmental Management, Environmental Information, Economics and Technology Staff, as a Program Analyst.

Your client's complaint has been accepted for processing and will be assigned to an EEO Investigator. The investigator is authorized to contact all parties concerned, to review all situations precipitating the complaint, to require the cooperation of all employees and to take testimony from your client and other witnesses in the form of affidavits or sworn statements. Upon completion of the investigation, the EEO Investigator will submit a full report to this office.

To avoid dismissal of your client's complaint for failure to cooperate, your client's full cooperation is requested during all facets of the complaint process. Specifically, your client is requested to promptly acknowledge certified mail, provide this office with any change of address, cooperate with the EEO Investigator in the conduct of the investigation; and if a hearing is requested, proceed with the hearing without undue delay.

If you have any questions regarding this matter, please contact Betty Harderman at (202) 564-7268.

Sincerely,

Karen D. Higginbotham
Director

cc:     Marsha L. Coleman-Adebayo (Certified 70022410000443237760)
        6017 Cairn Terrace
        Bethesda, MD 20817

        Stephen G. Pressman, Associate General Counsel
        Civil Rights Law Office
        (MC 2399A)

        David P. Guerrero, Assistant General Counsel
        Office of General Counsel
        (MC 2377A)