UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO,<br><br>    Plaintiff,<br><br>    v.<br><br>STEPHEN L. JOHNSON, Administrator,<br>United States Environmental Protection Agency,<br><br>    Defendant. | Civil Action No. 03-2428 (PLF) |
| MARSHA LYNNE COLEMAN-ADEBAYO,<br><br>    Plaintiff,<br><br>    v.<br><br>STEPHEN L. JOHNSON, Administrator,<br>United States Environmental Protection Agency,<br><br>    Defendant. | Civil Action No. 04-1399 (PLF) |
| MARSHA LYNNE COLEMAN-ADEBAYO,<br><br>    Plaintiff,<br><br>    v.<br><br>STEPHEN L. JOHNSON, Administrator,<br>United States Environmental Protection Agency,<br><br>    Defendant. | Civil Action No. 06-1731 (PLF) |

**THE PARTIES' JOINT REPORT PURSUANT TO THE
COURT'S MARCH 30, 2007 ORDER**

The instant case is the result of consolidating plaintiff's three separate complaints, filed in 2003, 2004, and 2006. Plaintiff filed the first of these complaints on November 23, 2003. Civil Action No. 03-2428. On July 26, 2004, the Court granted defendant's motion to dismiss, or in the alternative, for summary judgment on Civil Action No. 03-2428. On August 6, 2004, plaintiff filed a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the Court's judgment. On November 30, 2005, the Court granted plaintiff's motion to alter or amend judgment in part. The Court found that plaintiff had exhausted her administrative remedies with respect to five administrative complaints alleging retaliation between 1999 and 2001, and she could therefore proceed on these claims. The Court denied plaintiff's motion to alter or amend on plaintiff's disability claim. Plaintiff filed the second complaint on August 17, 2004 (Civil Action No. 04-1399 (PLF)) and the third complaint on October 6, 2006 (Civil Action No.06-1731 (PLF)). In addition, on March 27, 2006, plaintiff filed an Amended Complaint in Civil Action No. 03-2428 (PLF).

On March 30, 2007, the Court addressed defendant's pending motions to dismiss, or in the alternative, for summary judgment, filed on June 2, 2006, and December 26, 2006. The Court denied the motion to dismiss, or for summary judgment, on the retaliation and hostile work environment claims arising from five administrative complaints spanning 1999 to 2001, and two administrative complaints involving incidents in 2005 and 2006. The Court reaffirmed its prior decision granting summary judgment for defendant on plaintiff's reasonable accommodation claim and reaffirmed its previous dismissal of the November 2003 and December 2003 retaliatory reassignment and return to work claims.

On April 11, 2007, plaintiff filed a motion to alter or amend the Court's judgment of March 30. Plaintiff requested that the Court reconsider that portion of its Order and Opinion that dismissed

"plaintiff's claims arising from the unexhausted 2003-2004 administrative complaints." Plaintiff contended that, although those claims were not exhausted when the Court issued its initial ruling in July 2004, the claims were subsequently exhausted by plaintiff's filing of administrative claims in February 2004 and filing of Civil Action No. 04-1399 (PLF) in August 2004.

In its March 30, 2007 Order, the Court "ORDERED that the parties shall submit a joint report pursuant to Rule 26(a) of the Federal Rules of Civil Procedure and Local Civil Rule 16.3 on or before April 17, 2007. A meet and confer status conference before this Court is set for April 27, 2007 at 9:00 a.m." Pursuant to the Court's Order, the parties report as follows.

1. **Conference**. On April 13, 2007, the parties held a meeting by telephone to discuss the items set forth in the Court's Order, Local Rule 16.3, and Rule 26(f) of the Federal Rules of Civil Procedure. The participants were Michael G. Shaw, counsel for plaintiff, Beverly Russell, counsel for defendant, and Nancy Dunham and David Guerrero, agency counsel for defendant.

2. **Procedural Statement of the Case**. On April 11, 2007, plaintiff filed Plaintiff's Motion under Rule 59(e) to Alter or Amend Judgment. Given plaintiff's pending motion for reconsideration, defendant suggested a continuance of discovery until after the disposition of that motion. However, plaintiff believes that discovery can commence while plaintiff's motion is being considered by the Court. Defendant has agreed to commence discovery, but has informed plaintiff that defendant will object to any discovery on dismissed claims.

3. **Dispositive Motions**.

Plaintiff's Statement:

Plaintiff believes that this matter cannot be disposed of by dispositive motion because there are numerous material issues of fact in dispute.

Defendant's Statement:

Defendant anticipates filing a dispositive motion consistent with the timeframes set out in this Joint Report.

4. **Amended Pleadings**. The parties do not anticipate amending the pleadings. However, if there should be a need to amend the pleadings, the parties request that the date by which the pleadings must be amended be 60 days prior to the close of discovery.

5. **Assignment to Magistrate Judge**. The parties do not consent to the assignment of this case to a Magistrate Judge for all purposes.

6. **Settlement Possibility**.

Plaintiff's Statement:

Plaintiff believes that there is a possibility of settling the case. While the parties previously had extended settlement discussions, the extensive and costly litigation of this case up to the present time should make both parties more realistic in approaching settlement. Even if the Court decides not to order mediation at the present time, at the very least, mediation after discovery has been completed should allow both parties to be more realistic as to the strength of their respective cases.

Defendant's Statement:

The parties engaged in settlement discussions, at one point even involving a mediator, for an extended period of time - approximately two years - without success. Thus, Defendant does not believe that mediation would be beneficial at this time and is disinclined to waste the resources of the Court by engaging in such given Defendant's position. Defendant remains open to considering a settlement proposal from Plaintiff.

7. **Alternative Dispute Resolution (ADR)**.

Plaintiff's Statement:

Plaintiff requests that the Court use its ADR procedures for mediation in this case.

Plaintiff requests that the period for ADR be set for 45 days. Plaintiff requests that ADR begin on the date of the Court's order and that ADR run concurrently with discovery and other proceedings. Alternatively, if the Court does not order mediation at this time, plaintiff requests that mediation be ordered for 45 days starting 10 days after the close of discovery.

Defendant's Statement:

*See* defendant's statement under paragraph 6.

8. **Preservation of Electronic Information**. Pursuant to Rule 26(f)(3) of the Federal Rules of Civil Procedure, the parties have discussed the discovery of electronically stored information. The parties agree that additional discussions are necessary in order to determine the procedures that will govern electronic discovery. Accordingly, the parties will have additional discussions at the start of the discovery period and, based on those discussions, will develop a discovery plan governing electronic discovery no later than three weeks after commencement of discovery. However, plaintiff requests that, as part of the scheduling order, the Court order the parties to preserve all electronic materials, including e-mails, that are potentially relevant to the subject matter of this case and that might otherwise be destroyed under the parties' routine document retention/destruction policies. Defendant believes that any Order regarding preservation of electronic discovery should be based on the discovery plan, if the parties deem that such an Order is appropriate.

9. **Protective Orders**. The parties believe that there may be a need for a protective order regarding issues of privacy. Therefore, the parties anticipate moving for a protective order.

10. **Bifurcation**. The parties do not request bifurcation.

11. **Time Frame for Filing Dispositive Motions**. The parties request that dispositive motions be due 45 days after the close of all discovery; that oppositions thereto be due 45 days thereafter; and that replies be due 20 days after the filing of an opposition. However, if ADR is ordered for 45 days after the close of all discovery (*see* para. 7 above), the parties request that dispositive motions be due 45 days after the close of ADR; that oppositions thereto be due 45 days thereafter; and that replies be due 20 days after the filing of an opposition.

12. **Initial Disclosures**. The parties stipulate to dispense with the Initial Disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.

13. **Discovery**. The parties propose the following discovery plan:

(a) **Close of Fact Discovery**. The parties believe that fact discovery, including experts' reports and expert discovery, should take no longer than eight months. Accordingly, the parties propose that the close of fact discovery be set for eight months after the Court issues a scheduling order.

(b) **Depositions**.

Plaintiff's Statement:

Plaintiff requests a maximum of 12 non-expert depositions (including a Rule 30(b)(6) deposition) in order to obtain information from defendant's current and former employees who were involved in alleged discriminatory actions in 1999-2001, 2003-2004, and 2005-2006. Plaintiff believes that 11 individual present or former employees have important information relating to this

case. Since the presumptive limit on depositions is 10, plaintiff requests only two additional depositions over the presumptive limit.

Defendant's Statement:

Defendant believes that limitations on discovery should be governed by the Local Rules and the Federal Rules of Civil Procedure. Defendant disagrees that the events in 2003-2004 (subject of the Rule 59(e) motion) are subject to discovery per the Court's previous three opinions and orders.

(c) **Presumptive Limits**. The parties request that the presumptive limits on discovery should apply, with the exception of the changes requested herein.

(d) **Experts**. Plaintiff's expert report shall be due 180 days after discovery commences and that defendant's expert report shall be due 210 days after discovery commences.

14. **Pretrial Conference**.

Plaintiff's Statement:

Plaintiff requests that the pretrial conference be set either 45 days after the close of all discovery or, if any dispositive motions are filed, 45 days after the rulings on all dispositive motions have been made, whichever is later.

Defendant's Statement:

Defendant anticipates filing a dispositive motion after the close of discovery, and therefore, requests that the Court schedule the pretrial conference after disposition on that motion at a time the Court deems appropriate.

15. **Trial**.

Plaintiff's Statement:

Plaintiff requests that a trial date be set at the pretrial conference and that it be set for approximately 60 days after the pre-trial conference.

<u>Defendant's Statement</u>:

Defendant requests that the trial be set at the pretrial conference at a time the Court deems appropriate.

Plaintiff and defendant are filing herewith separate proposed orders.

                        Respectfully submitted,

| | |
|---|---|
| /s/ Michael G. Shaw | /s/ Jeffrey A. Taylor /mj |
| | _____ |
| BRUCE G. TERRIS, D.C. BAR #471126 | JEFFREY A. TAYLOR, D.C. BAR #498610 |
| MICHAEL G. SHAW, D.C. BAR #473008 | United States Attorney |
| TERRIS, PRAVLIK, & MILLIAN, LLP | |
| 1121 Twelfth Street, N.W. | /s/ Rudolph Contreras |
| Washington, DC 20005-4632 | _____ |
| Ph: 202-682-2100 | RUDOLPH CONTRERAS, D.C. BAR #434122 |
| | Assistant United States Attorney |
| | |
| | /s/ Beverly M. Russell |
| | _____ |
| | BEVERLY M. RUSSELL, D.C. Bar #454257 |
| | Assistant United States Attorney |
| | U.S. Attorney's Office for the District of Columbia, |
| | Civil Division |
| | 555 4th Street, N.W., Rm. E-4915 |
| | Washington, DC 20530 |
| | Ph: (202) 307-0492 |
| | Fax: (202) 514-8780 |
| | E-mail: beverly.russell@usdoj.gov |
| | |
| | Of Counsel: |
| | Nancy Dunham, Esq. |
| | David P. Guerrero, Esq. |
| | U.S. Environmental Protection Agency |

April 17, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STEPHEN L. JOHNSON, Administrator, ) <br> United States Environmental Protection Agency, ) <br> ) <br> Defendant. ) | Civil Action No. 03-2428 (PLF) |
| MARSHA LYNNE COLEMAN-ADEBAYO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STEPHEN L. JOHNSON, Administrator, ) <br> United States Environmental Protection Agency, ) <br> ) <br> Defendant. ) | Civil Action No. 04-1399 (PLF) |
| MARSHA LYNNE COLEMAN-ADEBAYO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STEPHEN L. JOHNSON, Administrator, ) <br> United States Environmental Protection Agency, ) <br> ) <br> Defendant. ) | Civil Action No. 06-1731 (PLF) |

**PLAINTIFF'S PROPOSED ORDER**

Upon consideration of the Parties' Joint Report Pursuant to the Court's March 30, 2007 Order,

IT IS, this _____ day of _____ 2007,

ORDERED that this case is referred to mediation until 45 days after the date of this Order; and it is further

ORDERED that counsel and the parties, including persons with settlement authority, shall attend all mediation sessions; and it is further

ORDERED that the Clerk of the Court furnish a copy of this order to the Circuit Executive for purposes of assigning a mediator; and it is further

ORDERED that the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure are dispensed with; and it is further

ORDERED that fact discovery shall close eight months after the date of this Order; and it is further

ORDERED that plaintiff and defendant shall each be permitted to take a maximum of 12 non-expert depositions;  and it is further

ORDERED that plaintiff's expert reports shall be due 180 days after the date of this Order; that defendant's expert reports shall be due 210 days after the date of this Order; and that expert discovery shall close 30 days after the submission of defendant's expert report to plaintiff; and it is further

ORDERED that dispositive motions shall be due 45 days after the close of all discovery; that oppositions thereto shall be due 30 days thereafter; and that replies shall be due 20 days after the filing of an opposition.  However, if ADR is ordered for 45 days after the close of all discovery, dispositive motions shall be due 45 days after the close of ADR; oppositions thereto shall be due 45 days thereafter; and replies shall be due 20 days after the filing of an opposition; and it is further

ORDERED that the pretrial conference shall be set either 45 days after the close of all discovery or, if any dispositive motions are filed, 45 days after the rulings on all dispositive motions have been made, whichever is later; and it is further

ORDERED that a trial date shall be set at the pretrial conference and that it shall be set for approximately 60 days after the pre-trial conference; and it is further

ORDERED that the parties shall develop an electronic discovery plan no later than 21 days after the date of this Order; and it is further

ORDERED that the parties shall preserve all electronic materials, including e-mails, that are potentially relevant to the subject matter of this case, and which might otherwise be destroyed under the parties' routine document retention/destruction policies.

SO ORDERED.

                                                                     _____
                                                                         PAUL L. FRIEDMAN
                                                                  UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO,  )<br>)<br>Plaintiff                )<br>)<br>v.                       )<br>)<br>STEPHEN L. JOHNSON, Administrator,  )<br>U.S. Environmental Protection Agency,  )<br>)<br>Defendant.              )<br>)<br>_____ ) | Civil Action No. 03-2428(PLF) |
| MARSHA LYNNE COLEMAN-ADEBAYO,  )<br>)<br>Plaintiff                )<br>)<br>v.                       )<br>)<br>STEPHEN L. JOHNSON, Administrator,  )<br>U.S. Environmental Protection Agency,  )<br>)<br>Defendant.              )<br>)<br>_____ ) | Civil Action No. 04-1399(PLF) |
| MARSHA LYNNE COLEMAN-ADEBAYO,  )<br>)<br>Plaintiff                )<br>)<br>v.                       )<br>)<br>STEPHEN L. JOHNSON, Administrator,  )<br>U.S. Environmental Protection Agency,  )<br>)<br>Defendant.              )<br>)<br>_____ ) | Civil Action No. 06-1731(PLF) |

# ORDER

UPON CONSIDERATION of the <u>The Parties' Joint Report Pursuant to the Court's March 30, 2007 Order</u> and the entire record herein, it is this ____ day of _____, 2007, hereby

ORDERED that the parties shall abide by the deadlines set forth below:

| | |
|---|---|
| Amendment to Pleadings | Filed No Later Than 60 Days from the Date of this Order |
| Discovery | Concludes 180 Days from the Date of this Order |
| Electronic Discovery Plan Pursuant to Fed. R. Civ. P. 26(f) | Finalized by the Parties No Later Than 21 Days After Discovery Commences |
| Plaintiff's Statement Pursuant to Fed. R. Civ. P. 26(a)(2) | Due No Later Than 120 Days After Discovery Commences |
| Defendant's Statement Pursuant to Fed. R. Civ. P. 26(a)(2) | Due No Later Than 150 Days After Discovery Commences |
| Dispositive Motions | Filed No Later Than 45 Days After Discovery Concludes |
| Opposition Memoranda | Filed No Later Than 75 Days After Discovery Concludes |
| Replies | Filed No Later Than 95 Days After Discovery Concludes |

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

copies to:

Bruce J. Terris  
Michael G. Shaw  
Terris, Pravlik & Millian, LLP  
1121 12th Street, N.W.  
Washington, D.C. 20005-4632

Beverly M. Russell  
U.S. Attorney's Office for the District of Columbia, Civil Division  
555 Fourth Street, N.W., Suite E-4915  
Washington, D.C. 20530