UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO, ) ) Plaintiff ) ) v. ) STEPHEN L. JOHNSON, Administrator, ) U.S. Environmental Protection Agency, ) ) Defendant. ) | Civil Action No. 03-2428(PLF) |
| MARSHA LYNNE COLEMAN-ADEBAYO, ) ) Plaintiff ) ) v. ) STEPHEN L. JOHNSON, Administrator, ) U.S. Environmental Protection Agency, ) ) Defendant. ) | Civil Action No. 04-1399(PLF) |
| MARSHA LYNNE COLEMAN-ADEBAYO, ) ) Plaintiff ) ) v. ) STEPHEN L. JOHNSON, Administrator, ) U.S. Environmental Protection Agency, ) ) Defendant. ) | Civil Action No. 06-1731(PLF) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION UNDER RULE 59(e) TO ALTER OR AMEND JUDGMENT**

Plaintiff has filed a motion to alter or amend judgment on claims thrice dismissed by this Court. For reasons stated below, Plaintiff's motion should be dismissed.

## BACKGROUND

Plaintiff filed the first of her complaints, Civil Action No. 03-2428, on November 23, 2003. On July 26, 2004, the Court granted Defendant's motion to dismiss, or in the alternative, for summary judgment on Civil Action No. 03-2428. Coleman-Adebayo v. Leavitt, 326 F. Supp. 2d 132, 138-139 (D.D.C. 2004). On August 6, 2004, Plaintiff filed a motion pursuant to Fed. R. Civ. P. 59(e) to alter or amend the Court's judgment. On November 30, 2005, the Court granted Plaintiff's motion to alter or amend judgment in part. Coleman-Adebayo v. Leavitt, 400 F. Supp. 2d 257, 260-261 (D.D.C. 2005).[1] The Court expressly denied Plaintiff's motion to alter or amend as to the dismissal of the November to December 2003 retaliatory reassignment and return to work order, because Plaintiff had conceded that she had not exhausted her administrative remedies for those acts. Id. at 260-261. Very recently, the Court addressed Plaintiff's arguments on Defendant's pending motions to dismiss, or in the alternative, for summary judgment, and once again emphatically held that it reaffirmed its previous dismissal of the unexhausted claims of a retaliatory November to December 2003 reassignment and return to work

---

[1] The Court found that Plaintiff in fact had exhausted her administrative remedies with respect to five administrative complaints alleging retaliation between 1999 and 2001, and she could therefore proceed on these claims. Id. at 261-262.

order in its 2004 and 2005 aforementioned opinions.  Coleman-Adebayo v. Johnson, Civil Action Nos. 03-2428, 04-1399, 06-1731, at 4-5, 9, 14 (March 30, 2007).  Thus, the Court dismissed the 2003 - 2004 retaliation and/or hostile work environment claims "for the third time."  Id. at 5.

## ARGUMENT

**I.     This Court has decided the failure to exhaust issue on the November to December 2003 retaliatory reassignment and return to work directive a total of three times, and Plaintiff's motion to alter or amend the Court's determinations lacks merit.**

There are numerous reasons that the Court should deny Plaintiff's Motion Under Rule 59(e) to Alter or Amend Judgment (also referred to as "Pl.'s Mot.") and her demand that the Court strike its own Order of March 30, 2007, dismissing the unexhausted November to December 2003 claims of a retaliatory reassignment/return to work directive and 2003 - 2004 hostile work environment.  A critical reason is respect for judicial decision-making and the concept of finality.  In three prior opinions, Judge Friedman has analyzed and determined that Plaintiff did not exhaust her administrative remedies on the November to December 2003 retaliatory reassignment and return to work directive.

Ignoring these prior decisions and the reasoning contained therein, Plaintiff has submitted as her Exhibit 91 the administrative complaints raising the 2003-2004 reassignment/return to work claims, consolidated as EPA No. 2004-0024-HQ (filed February 13, 2004), and now argues that it was "impossible" for her to exhaust these 2003-2004 claims prior to filing a civil action.  Pl.'s Mot. at 4.  She also argues that since

3

the filing of the August 2004 civil action, No. 04-1399 (PLF), Defendant has never argued that the 2003-2004 claims were not exhausted. Pl.'s Mot. at 7-8. Both of Plaintiff's arguments wholly fail to meet the legal standard that properly applies here–the standard for reconsideration of an interlocutory order.

    **A.**    **As an initial matter, the Court's March 30, 2007 Order was not a judgment, it was an interlocutory Order, thus Rule 59(e) patently does not apply here.**

Rule 54 of the Federal Rules of Civil Procedures defines a "judgment" as "a decree and any order from which an appeal lies." Fed. R. Civ. Proc. 54(a). As the Court's March 30, 2007 Order was clearly not a "judgment," Plaintiff's April 10, 2007 Motion to Alter or Amend Judgment under Rule 59(e) is not applicable to the Court's March 30, 2007 Order. For this reason alone, Plaintiff's inappropriate Motion should be summarily denied.

    **B.**    **The Court's March 30, 2007 Order was an interlocutory order reconsideration of which should not be granted lightly, for as the U.S. Supreme Court has warned, federal courts "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice."**

Reconsideration of an interlocutory order is subject to the district court's sound discretion. This discretion must be exercised according to the U.S. Supreme Court's admonition, however, that district courts "should be loathe to do so in the absence of extraordinary circumstances, such as where the initial decision was clearly erroneous" *and* the initial decision "would work a manifest injustice." Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 817 (1988)(quoting Arizona v. California, 460 U.S. 605,

618 n.8 (1983)); LaShawn v. Barry, 87 F.3d 1389, 1393 (D.C. Cir. 1996); Keystone Tobacco Company, Inc., 217 F.R.D. 235 (D.D.C. 2003). This is due to the need for finality in judicial determinations, see id., and respect for judicial decision-making. Moreover, as the Supreme Court has written, "[p]erpetual litigation of any issue...delays, and therefore threatens to deny, justice." Christensen, 486 U.S. at 817 n.5.

     Plaintiff's Rule 59(e) motion should further be denied, even when the proper legal standard is applied, because it fails completely to meet the extraordinary standard for reconsideration of the Court's interlocutory Order and it is a disturbing violation of the underlying principles of finality, judicial respect, and denial of justice. First, this is not a request for reconsideration of the Court's "*initial* decision," as is contemplated by these decisions. See id. (emphasis added). It is in fact a request, without merit, to decide the issue of exhaustion a *fourth* time.

     Second, Plaintiff's April 10, 2007 Motion does not even come close to meeting the high standard of "clearly erroneous" and "manifest injustice"–the Motion does not even mention manifest injustice and it does not analyze error, other than to present duplicative, stale evidence concerning Plaintiff's February 13, 2004 administrative complaint. See Pl.'s Mot., Ex. 91. The February 13, 2004 administrative complaint has long been in the record. See R. 15, Def.'s Op. to Pl.'s Mot. Preliminary Injunction and Def.'s Mot. Dismiss, or Alternatively, for Summ. J., Ex. 13. Further, the Court has expressly recognized in its previous opinions that Plaintiff filed this February 13, 2004 administrative complaint. See Coleman-Adebayo v. Leavitt, 326 F. Supp. 2d at 135, 136-137; Coleman-Adebayo v. Leavitt, 400 F. Supp. 2d at 260-261.

Nevertheless, this Court applied <u>Amtrak v. Morgan</u> and determined that the discrete acts making up the retaliatory reassignment/return to work directives in November - December 2003 could not be tied to earlier exhausted claims occurring in 1999 to 2001, and dismissed the claims with prejudice.  <u>See</u> <u>Coleman-Adebayo v. Leavitt</u>, 326 F. Supp. 2d at 138-139, 144.  <u>See</u> <u>also</u> Fed. R. Civ. P. 41(b)("Unless the court in its order [of dismissal] otherwise specifies, a dismissal under this subdivision, and any dismissal not provided for in this rule, other than [subject matter jurisdiction, venue, and failure to join exceptions]..., operates as an adjudication upon the merits.").  Then, when deciding Plaintiff's initial Motion to Alter or Amend filed on August 6, 2004 (R. 30), the Court recognized that Plaintiff had failed to argue, and had thus *conceded* in her Motion to Alter or Amend at pages 6 to 7, that she had not exhausted her administrative remedies on the claim of a retaliatory reassignment/return to work order in November - December 2003.[2]  <u>See</u> <u>Coleman-Adebayo v. Leavitt</u>, 400 F. Supp. 2d at 260-261.  <u>See</u> <u>also</u> Fed. R. Civ. P. 41(b).  Thus, the Court correctly held that Plaintiff's concession was determinative.  <u>See</u> <u>Coleman-Adebayo v. Johnson</u>, Civil Action Nos. 03-2428, 04-1399,

---

[2] Nowhere in Plaintiff's first Motion to Alter or Amend did she contend that the 2003 retaliation claims were also exhausted, in addition to the 1999 - 2001 claims, and that the Court had erred by dismissing the 2003 retaliation claim with prejudice.  In fact, the Plaintiff explicitly admitted, with regard to the Court's July 2004 opinion, "even if the dismissal of this claim based on defendant's conduct in 2003 *was appropriate*." See R. 30, Plaintiff's Memorandum in Support of Her Motion Under Rule 59(e) to Alter or Amend Judgment (Aug. 6, 2004) (emphasis added); <u>see</u> <u>also</u> R. 36, Plaintiff's Reply Memorandum in Support of Plaintiff's Motion Under Rule 59(e) to Alter or Amend Judgment (Sept. 17, 2004).

06-1731, slip. op. at 5, 9-10 (D.D.C. March 30, 2007). This surely defeats any current argument by Plaintiff in April 2007 that the 2003 - 2004 retaliation and/or hostile work environment claims survived dismissal. In sum, Plaintiff's nonexistent showing of clear error or manifest injustice in the Court's determinations mandates denial of her April 10, 2007 Motion to Alter or Amend.

Third, for the Court to reconsider this issue a fourth time would obliterate the concepts of finality and fairness. Plaintiff actually argues that Defendant has not reargued the exhaustion issue since August 2004, when Plaintiff filed her 2004 civil action. See Plaintiff's Mot. at 9-10. Under the principles of finality, Defendant was entitled to rely on the determinations of this Court in its earlier opinions and on Rule 41(b) of the Federal Rules of Civil Procedure. Defendant has in fact argued that the 2004 civil action and the First Amended Complaint filed by Plaintiff were nearly identical to the 2003 civil action. The Court recognized this argument in its last opinion, finding that, due to the identical nature of the 2003-2004 retaliation claims in the 2004 civil actions and the 2003 First Amended Complaint ("03/04 First Amended Complaint), at paragraphs 21-34, they should be dismissed as the 2003 Complaint had been. See Coleman-Adebayo v. Johnson, Civil Action Nos. 03-2428, 04-1399, 06-1731, slip. op. at 5. It would be grossly unfair to Defendant in April 2007, as urged in Plaintiff's current Motion, to ignore the concepts of finality and effectively re-decide three of the Court's consistent, lawful decisions in 2004, 2005, and 2007 on this issue.

**II.	In addition, the Court should deny Plaintiff's April 11, 2007 Motion, because reconsideration of these issues would be perfectly futile and grossly inefficient.**

**A.	As is evident by Plaintiff's own evidence (Ex. 91) submitted with her April 10, 2007 Motion to Alter or Amend, Plaintiff never filed an administrative complaint raising retaliation based on the November - December 2003 reassignment/return to work directive.**

It would be futile for the Court to grant Plaintiff's April 10, 2007 Motion for two additional reasons related to inefficiency and the futile nature of what Plaintiff urges the Court to do.  As is evident by Plaintiff's own "supporting" Exhibit 91, as to the two administrative complaints consolidated as EPA No. 2004-0024-HQ, she never raised retaliation as a basis for discrimination regarding the November - December 2003 reassignment/return to work directive.  See Pl.'s Mot., Ex. 91.  The line next to "Retaliation" in Section 7 is not checked, nor is it marked or annotated in any way.  Id.  Moreover, the narrative allegations accompanying these complaints do not mention retaliation as a basis for discrimination.  Id. Thus, on the face of these administrative complaints, it is clear that Plaintiff did not exhaust the retaliatory reassignment/return to work order claims when she filed her administrative complaints.  To reconsider the exhaustion issue would be to conduct a futile exercise.

**B.	No case could be a clearer example of the need to respect the complementary administrative and judicial processes created by Congress in enacting Title VII.**

The legislative history of Title VII, the statute itself, EEOC regulations from the U.S. Equal Employment Opportunity Commission (EEOC), and extensive federal court

8

precedent highlight the need for and settle the simple fact that the exhaustion of administrative remedies is required in Title VII cases. This includes timely, orderly, and good faith cooperation within the administrative process *prior to* proceeding into federal district court. See, e.g., 42 U.S.C. § 2000e-16; 29 C.F.R. § 1614.407; Brown v. General Services Adminstration, 425 U.S. 820 (1976); Bowden v. United States, 106 F.3d 433 (D.C. Cir. 1997); Wilson v. Pena, 79 F.3d 154 (D.C. Cir. 1996); Kizas v. Webster, 707 F. 2d 524 (D.C. Cir. 1983), cert. denied, 464 U.S. 1041 (1984); Siegel v. Kreps, 654 F.2d 773 (D.C. Cir. 1981); Brown v. Tomlinson, 462 F. Supp. 2d 16 (D.D.C. 2006); Runkle v. Gonzales, 391 F. Supp. 2d 210 (D.D.C. 2005).[3]

Plaintiff has repeatedly, consistently, and with no cause ignored the process created by Congress under Title VII, the well-established rules of federal procedure, and at this juncture, all standards of propriety underlying the finality of judicial determinations and respect for judicial decision-making. The unabashed waste of resources and the gross inefficiencies this has caused cannot be understated. Defendant respectfully requests that the Court summarily deny Plaintiff's April 10, 2007 Motion.

---

[3] As the Supreme Court has explained, 42 U.S.C. § 2000e-16 creates "complementary administrative and judicial enforcement mechanisms designed to eradicate federal employment discrimination. Subsection (b) delegates to the [EEOC] full authority to enforce the provisions of subsection (a)....[Subsection c] permits an aggrieved employee to file a civil action in federal district court..., [but] [a]ttached to that right, however, are certain preconditions. *Initially*, the complainant must seek relief in the agency that has allegedly discriminated against [her]." Brown v. General Services Administration, 425 U.S. 820, 831 (1976).

## CONCLUSION

For reasons stated herein, Defendant respectfully requests that this Court deny Plaintiff's Motion Under Rule 59(e) to Alter or Amend Judgment. A proposed Order consistent with the relief requested is being filed with this opposition memorandum.

Respectfully Submitted,

Jeffrey A. Taylor /mj

_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


/s/ Rudolph Contreras

_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/ Beverly M. Russell

_____

Of Counsel:  
Nancy Dunham, Esq.  
David Guerrero, Esq.  
U.S. Environmental Protection  
 Agency  

BEVERLY M. RUSSELL, D.C. Bar #454257  
Assistant United States Attorney  
U.S. Attorney's Office for the District  
 of Columbia, Civil Division  
555 4th Street, N.W., Rm. E-4915  
Washington, D.C. 20530  
Ph: (202) 307-0492  
Fax: (202) 514-8780  
E-Mail: beverly.russell@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of ***Defendant's Opposition to Plaintiff's Motion Under Rule 59(e) to Alter or Amend Judgment*** was made by the Court's Electronic Case Filing System this <u>27th</u> day of April, 2007 to:

Michael G. Shaw
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, DC  20005-4632

mshaw@tpmlaw.com

                                           /s/ Beverly M. Russell
                                           _____
                                           BEVERLY M. RUSSELL
                                           Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-2428(PLF) |
| | ) | |
| STEPHEN L. JOHNSON, Administrator, | ) | |
| U.S. Environmental Protection Agency, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1399(PLF) |
| | ) | |
| STEPHEN L. JOHNSON, Administrator, | ) | |
| U.S. Environmental Protection Agency, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1731(PLF) |
| | ) | |
| STEPHEN L. JOHNSON, Administrator, | ) | |
| U.S. Environmental Protection Agency, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Upon consideration of Plaintiff's Motion Under Rule 59(e) to Alter or Amend Judgment, Defendant's opposition thereto, and the entire record herein, it is this

_____ day of _____, 2007,

ORDERED that the Motion should be and hereby is DENIED.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

copies to:
Michael G. Shaw
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, DC  20005-4632

Beverly M. Russell
U.S. Attorney's Office for the
 District of Columbia, Civil Division
555 Fourth Street, N.W., Rm. E-4915
Washington, DC  20530