UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 03-2428 (PLF) |
| | ) |
| STEPHEN L. JOHNSON, Administrator, | ) |
| United States Environmental Protection Agency, | ) |
| | ) |
| Defendant. | ) |

| | |
|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-1399 (PLF) |
| | ) |
| STEPHEN L. JOHNSON, Administrator, | ) |
| United States Environmental Protection Agency, | ) |
| | ) |
| Defendant. | ) |

| | |
|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1731 (PLF) |
| | ) |
| STEPHEN L. JOHNSON, Administrator, | ) |
| United States Environmental Protection Agency, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
UNDER RULE 59(e) TO ALTER OR AMEND JUDGMENT**

**INTRODUCTION**

On March 30, 2007, the Court issued its Order (Dkt. No. 77) and Opinion (Dkt. No. 78) on defendant's pending motions to dismiss, or in the alternative, for summary judgment, in the above-captioned consolidated cases.  On April 11, plaintiff filed Plaintiff's Motion under Rule 59(e) to Alter or Amend Judgment and Plaintiff's Memorandum in Support of Her Motion under Rule 59(e) to Alter or Amend Judgment (hereafter "Pl. Mem.").  Dkt. No. 80.  On April 27, defendant filed its opposition.  Defendant's Opposition to Plaintiff's Motion under Rule 59(e) to Alter or Amend Judgment (hereafter "Def. Opp.") (Dkt. No. 83).

In her motion, plaintiff contended that the Court committed clear error by determining that plaintiff had not exhausted her claims arising from the 2003-2004 administrative complaints.[1]  Pl. Mem. 2-7.  Plaintiff contended that, although those claims were not exhausted when the Court issued its initial ruling in July 2004, the claims were subsequently exhausted by plaintiff's filing of administrative complaints in February 2004 and of Civil Action No. 04-1399 (PLF) in August 2004. *Id.*, pp. 4-7.

Plaintiff will show below that defendant has not rebutted plaintiff's argument that the Court committed clear error.  Indeed, plaintiff will show that defendant has presented no argument that plaintiff's claims were not exhausted.  By failing to make those arguments, defendant has essentially conceded that plaintiff's claims arising from the 2003-2004 administrative complaints were exhausted.

_____

[1]As plaintiff stated in her opening brief (p. 2, n. 1), while the Court referred to the administrative complaints as the "2003-2004 administrative complaints," the complaints, which involved incidents in 2003, were submitted to EPA's Office of Civil Rights in February 2004.  Plaintiff will use the Court's terminology in this reply brief.

Plaintiff submits that, for the reasons stated in plaintiff's opening brief and in this reply, plaintiff's motion should be granted, the portion of the Court's Order which ordered that "plaintiff's claims arising from the unexhausted 2003-2004 administrative complaints are DISMISSED" should be reconsidered, and plaintiff's claims arising from her 2003-2004 administrative complaints should be found to have been fully exhausted.

## ARGUMENT

## I

## PLAINTIFF HAS MET THE STANDARD FOR THE GRANTING OF A MOTION FOR RECONSIDERATION

Plaintiff filed her motion as a Rule 59(e) motion to alter or amend judgment. Defendant argues that the Court's Order was an interlocutory order – not a final judgment – and therefore plaintiff's motion should be denied since it was inappropriate for plaintiff to have filed her motion under Rule 59(e). Def. Opp. 4. Plaintiff agrees that the motion should not have been filed under Rule 59(e). However, defendant has not been prejudiced by plaintiff's mislabeling of its motion.

Rule 54(b), which is titled "Judgment Upon Multiple Claims or Involving Multiple Parties," allows for motions for reconsideration of interlocutory orders. It states that "any order or other form of decision, however designated, which adjudicates fewer than all the claims * * * is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Thus, plaintiff could file, under Rule 54(b), another motion for reconsideration at any time. However, there is no need to do so since, with this brief, plaintiff's motion has been fully briefed and, as shown below, plaintiff has met the standard for the granting of a motion for reconsideration regardless of its label.

3

In *Keystone Tobacco Co.*, *Inc. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 237 (D.D.C. 2003) (Judge Friedman), this Court characterized the plaintiffs' motion as a motion for reconsideration of an interlocutory order. The Court stated that such motions are "subject to the complete power of the court rendering them to afford such relief from them as justice requires" (citation omitted) (*ibid*.), but that the Court's "discretion to reconsider interlocutory orders is tempered somewhat by the 'Supreme Court's [admonition] that "courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice""" (brackets in original) (*ibid.* (quoting *In re: Vitamins Antitrust Litigation,* Misc. No. 99-0197, 2000 U.S. Dist. LEXIS 11350, at *18 (D.D.C. July 28, 2000), which, in turn, quoted *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 807 (1988)). This Court then stated that "[i]n the interests of finality, * * * the Court generally will grant a motion for reconsideration of an interlocutory order 'only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order.'" 217 F.R.D. at 237 (quoting *In re: Vitamins Antitrust Litigation*, *supra*, at *18). This Court further stated that the plaintiffs "must show that there was a 'clear error of law' in the *Keystone* opinion in order to succeed in their reconsideration effort." *Ibid.*

In *Cobell v. Norton*, 224 F.R.D. 266, 271-273 (D.D.C. 2004), the Court analyzed a request for reconsideration of an order that was clearly interlocutory. The Court explained that Rule 54(b) was the proper rule governing the request for reconsideration, not Rule 59(e) or Rule 60.[2/] The court stated that (*id.* at 272):

Importantly, the standard for reconsideration of interlocutory orders under Rule 54(b) is

---

[2/] Rule 60 provides for relief from final judgments or orders under certain conditions.

distinct from the standard applicable to motions for reconsideration of final judgments. The precise standard governing Rule 54(b) reconsideration is unsettled in our Circuit, but it is clear that "courts have more flexibility in applying Rule 54(b)" than in determining whether reconsideration is appropriate under Rules 59(e) and 60(b).

It analyzed the standards used by different courts and stated that "[f]or example, our Court has held that Rule 54(b) reconsideration may be granted 'as justice requires.'" *Ibid.* In addition, the court stated that (*ibid.*):

> Each of these standards leaves within the ambit of the Rule 54(b) reconsideration inquiry a good deal of space for the Court's discretion. This Court will adhere to the "as justice requires" standard for determining whether to grant reconsideration of an interlocutory order under Rule 54(b) because our Court has applied it previously. There does not seem to be any real distinction, however, between this approach and the others listed above, insofar as asking "what justice requires" amounts to determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances.

Thus, the two decisions reached somewhat different conclusions on the standard to be used for reconsideration of an interlocutory order. Here, plaintiff has met both of those standards. She has shown in her opening brief that there was clear error. Defendant has not even tried to rebut that showing. "Justice requires" that the clear error be corrected.

## II

## DEFENDANT HAS PRESENTED NO ARGUMENT THAT THE COURT'S DECISION WAS CORRECT OR THAT PLAINTIFF'S CLAIMS ARISING FROM HER 2003-2004 ADMINISTRATIVE COMPLAINTS WERE NOT EXHAUSTED

As plaintiff showed in her opening brief (Pl. Mem. 4-7), her claims arising from her 2003-2004 administrative complaints were not exhausted when the Court issued its initial ruling in July 2004, but were subsequently exhausted by plaintiff's filing of administrative claims in February 2004 and of Civil Action No. 04-1399 (PLF) in August 2004. Defendant has presented no argument that plaintiff's claims were not exhausted and thus has failed to rebut plaintiff's argument that the Court

5

committed clear error. It has simply ignored the central proposition in plaintiff's motion.

### III

### PLAINTIFF EXHAUSTED HER 2003-2004 ADMINISTRATIVE COMPLAINTS

Defendant argues that reconsideration would be futile because plaintiff did not fill in the line on the form relating to retaliation in her 2003-2004 administrative complaint (Pl. Ex. 91, pp. 1, 2).[3/] Def. Opp. 8. However, plaintiff specifically stated in the box in section 10, "What Corrective Action Are You Seeking?," that she was requesting, *inter alia*, to have defendant "cease harassment [and] retaliation." Pl. Ex. 91, pp. 1, 2. In addition, the narrative of facts supporting the complaint stated, *inter alia*, the following (*id.*, pp. 3-5):

> On November 18, 2003, my counsel notified Ms. Shea that I intended to bring suit to prevent EPA from forcing me to return to work in an EPA building despite my medical problems. On November 21, 2003, Mr. Murray sent me a letter reassigning me to a position in the Office of Cooperative Management ("OCEM"), Office of the Administrator, in EPA headquarters and reiterating that I must report for work on December 1, 2003. No specific assignment was given.
>
> \*                    \*                    \*
>
> It is important to emphasize that EPA reassigned me from my previous position in the Office of Pollution Prevention and Toxics three days after it learned that plaintiff intended to bring this case. On November 18, 2003, my counsel notified Ms. Shea that I intended to bring suit to prevent EPA from forcing me to return to work in an EPA building despite my medical problems. On November 21, Mr. Murray sent me a letter reassigning me to a position in the Office of Cooperative Management (OCEM) in EPA headquarters and reiterating that I must report to work on December 1, 2003.

These paragraphs clearly allege retaliation.

Moreover, defendant itself interpreted plaintiff's administrative complaint as encompassing retaliation. The EEO Counselor's Report states under the heading of "Bases & Issues," that the issue

---

[3/]The administrative complaint, for some unexplained reason, includes two versions of the first page of the form (Pl. Ex. 91, pp. 1, 2), which are virtually identical but have different dates.

is: "Was Dr. Coleman-Adebayo discriminated against for her previous EEO activity * * *."  Pl. Ex. 93 (excerpt), attached.  In its letter setting forth the issues in plaintiff's administrative complaint which it was accepting for investigation, EPA stated that "the following issues have been accepted for investigation: Whether your client was discriminated against and subjected to harassment on the basis of * * * reprisal (prior EEO activity)" and listed, *inter alia*, as alleged discriminatory events, events that occurred on November 21, December 7, and the two weeks following December 9, 2003, after defendant learned that plaintiff intended to bring suit.  Pl. Ex. 92.

## IV

### DEFENDANT'S ARGUMENTS ARE BOTH IRRELEVANT AND ERRONEOUS

In its apparent attempt to avoid admitting that plaintiff's 2004 Complaint was fully exhausted, defendant makes arguments that attempt to deflect the Court's attention from the real issue.  While its arguments are essentially irrelevant, plaintiff addresses them below.

Defendant argues that "[i]n three prior opinions, Judge Friedman has analyzed and determined that Plaintiff did not exhaust her administrative remedies on the November to December 2003 retaliatory reassignment and return to work directive."[4/]  Def. Opp. 3.  Defendant then states that plaintiff "[i]gnor[ed] these prior decisions and the reasoning contained therein." *Ibid.*  Plaintiff did not ignore the decisions.  In her opening brief, plaintiff discussed the Court's March 30, 2007 decision and its discussion of its previous decisions.  Pl. Mem. 2-4.  Plaintiff showed that the Court's

---

[4/]The "three prior opinions" defendant refers to are the Court's decision of July 26, 2004 (326 F. Supp. 2d 132), in which the Court granted defendant's motion to dismiss or, in the alternative, for summary judgment with respect to the 2003 Complaint, the Court's decision on November 29, 2005 (400 F. Supp. 2d 257), in which the Court granted in part plaintiff's motion for reconsideration of the July 26, 2004 decision, and the Court's decision on March 30, 2007, which is the decision to which this motion for reconsideration is directed.

earlier decisions concerning Civil Action No. 03-2428 (PLF), decided before plaintiff had exhausted her 2003-2004 administrative claims, were not relevant to whether these claims had been exhausted before plaintiff filed Civil Action No. 04-1399 (PLF). Plaintiff further showed that the only reason the Court had given for dismissing the claims again was that they had previously been dismissed in its decision in Civil Action No. 03-2428 (PLF) and its decision on plaintiff's motion to reconsider that decision, and that, because of the filing of Civil Action No. 04-1399 (PLF), the Court's earlier decisions were no longer applicable. *Id.*, pp. 4-7.

Defendant discusses the Court's determinations about the 2003-2004 administrative complaints (Def. Opp. 5-6) and states that "the Court correctly held that Plaintiff's concession [that she had not exhausted her claims] was determinative" (*id.*, p. 6). Again, defendant misstates plaintiff's position. As plaintiff explained in her opening brief, what she had conceded was that the claims were not exhausted at the time of filing her 2003 Complaint, Civil Action No. 03-2428 (PLF). Pl. Mem. 2, 4-7. However, the claims were exhausted by the filing of administrative claims and the passage of 180 days before her 2004 Complaint, Civil Action No. 04-1399 (PLF), was filed.[5/] *Id.*, pp. 4-7.

Defendant states that plaintiff "now argues" that it was impossible for her to have exhausted the claims before filing her 2003 Complaint. Def. Opp. 3. However, as plaintiff explained in her

---

[5/]Defendant also states that "[n]owhere in Plaintiff's first Motion to Alter or Amend [filed on August 6, 2004] did she contend that the 2003 retaliation claims were also exhausted * * *." Def. Opp. 6, n. 2. However, that motion was filed before plaintiff filed her 2004 Complaint. In plaintiff's reply brief to that motion, she explained that she disagreed with the Court's ruling concerning the 2003-2004 administrative complaints but, rather than arguing that the Court had erroneously dismissed the claims, she had filed a new Complaint, Civil Action No. 04-1399 (PLF), on August 17, 2004, which contained the now exhausted claims. Plaintiff's Reply Memorandum in Support of Plaintiff's Motion under Rule 59(e) to Alter or Amend Judgment, Sept. 17, 2004 (Dkt. No. 36), p. 2.

opening brief, she had made this argument in opposing defendant's motion to dismiss Civil Action No. 06-1731 (PLF).  Pl. Mem. 4, 7.  The Court did not address this argument in holding that the claim should be dismissed.  In any event, plaintiff's earlier argument is now irrelevant.  Instead, plaintiff relies on an entirely new complaint based on administrative claims that have been clearly exhausted.

Similarly, defendant makes the general argument that "exhaustion of administrative remedies is required in Title VII cases.  This includes timely, orderly, and good faith cooperation within the administrative process *prior* to proceeding into federal district court" (emphasis in original).  Def. Opp. 9.  Plaintiff of course does not dispute that Title VII requires the exhaustion of administrative remedies.  However, regardless of whether the 2003-2004 administrative claims had been exhausted in Civil Action No. 03-2428 (PLF), they have now been exhausted.  Defendant does not deny this obvious fact.  Defendant cites no authority for any argument that the filing of a complaint prior to the exhaustion of administrative remedies bars a plaintiff from filing a new complaint after exhaustion has occurred.  Moreover, while defendant states that Title VII requires that employees must cooperate in the administrative process, it has made no argument, let alone set forth any facts, showing that plaintiff did not cooperate with regard to the 2003-2004 administrative complaints.

Defendant states that "Plaintiff actually argues that Defendant has not reargued the exhaustion issue since August 2004, when Plaintiff filed her 2004 civil action."  Def. Opp. 7.  Defendant says that "Defendant has in fact argued that the 2004 civil action and the First Amended Complaint filed by Plaintiff were nearly identical to the 2003 civil action."  *Ibid.*  The similarity of the two complaints is not the issue.  The issue is whether the 2003-2004 administrative claims had been exhausted before the 2004 civil action was filed.  Defendant has never argued, including in its

opposition brief, that plaintiff's 2003-2004 administrative complaints in her 2004 Complaint were not exhausted.

Defendant argues that a "critical reason" that the Court should deny plaintiff's motion "is respect for judicial decision-making and the concept of finality." Def. Opp. 3. However, the only argument defendant makes in support of that statement is that "[b]oth of Plaintiff's arguments wholly fail to meet the legal standard that properly applies here–the standard for reconsideration of an interlocutory order." *Id.*, p. 4. Thus, defendant has not argued that the Court's decision was correct or that plaintiff's claims arising from her 2003-2004 administrative complaints were not exhausted. Defendant has simply argued, without explanation, that plaintiff has failed to meet the legal standard for granting a motion for reconsideration.

Similarly, defendant states that plaintiff's motion should be denied because "it is a disturbing violation of the underlying principles of finality, judicial respect, and denial of justice" (Def. Opp. 5) and "for the Court to reconsider this issue a fourth time would obliterate the concepts of finality and fairness" (*id.*, p. 7). However, defendant agrees that a motion for reconsideration is proper. *Id.*, pp. 4-5. Defendant appears to believe that it is a violation of those principles because the Court has addressed the issue of the 2003-2004 administrative complaints before. However, this is always the case when a party has moved for reconsideration. Moreover, as plaintiff has shown (Pl. Mem. 4-5), the issues are entirely different since at the time of the Court's original decision, the claims had not been exhausted, but that they were later exhausted. As plaintiff showed in her opening brief, the Court relied on its earlier decision rather than addressing plaintiff's contention that her claims had been subsequently exhausted. *Id.*, pp. 2-4. Plaintiff has met the applicable standard by showing that the Court committed clear error. It would be a clear injustice if plaintiff's claims were not reinstated.

**CONCLUSION**

For the reasons set forth above and in plaintiff's opening brief, plaintiff's motion should be granted.

Respectfully submitted,

/s/ Michael G. Shaw

BRUCE J. TERRIS (D.C. Bar No. 47126)
MICHAEL G. SHAW (D.C. Bar No. 473008)
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, DC  20005-4632
(202) 682-2100 (tel)
(202) 289-6795 (fax)
Attorneys for Plaintiff

May 4, 2007

## EEO COUNSELOR'S REPORT

NAME AND ADDRESS OF PERSON COUNSELED:

>Marsha Coleman-Adebayo
>6017 Cairn Terrace
>Bethesda, Maryland 20817

HOME TELEPHONE:  301-320-3021

JOB TITLE/SERIES/GRADE:   Senior policy analyst, GS-028-15

PLACE OF EMPLOYMENT:

>Prevention Analysis Branch
>Office of Prevention, Pesticides and

Toxic Substances

>U.S. EPA (Currently works at the

address above)

WORK TELEPHONE: 301-320-3021

REPRESENTATIVE'S NAME, ADDRESS, & TELEPHONE:

>Bruce Terris, Esq.
>Terris, Pravlik, Millian, LLP
>1121 12th Street, NW
>Washington, DC 20005-4632
>(202) 682-2100

## COUNSELING CHRONOLOGY

DATE OF INITIAL CONTACT: 10/20/03

DATE OF INITIAL INTERVIEW: 11/19/03

DATE OF ALLEGED DISCRIMINATORY EVENTS: 10/08/03, 11/06/03, 11/21/03, 11/25/03, 12/09/03

DATE OF FINAL INTERVIEW: 02/03/04

BASES & ISSUES: Was Dr. Coleman-Adebayo discriminated against for her previous EEO activity and due to her race, color, disability, and sex when Ms. Bridget Shea:

**Excerpt**

**Plaintiff's Exhibit 93**

CA  384