UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> STEPHEN L. JOHNSON, Administrator, ) <br> U.S. Environmental Protection Agency, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Civil Action No. 03-2428(PLF) |
| MARSHA LYNNE COLEMAN-ADEBAYO, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> STEPHEN L. JOHNSON, Administrator, ) <br> U.S. Environmental Protection Agency, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Civil Action No. 04-1399(PLF) |
| MARSHA LYNNE COLEMAN-ADEBAYO, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> STEPHEN L. JOHNSON, Administrator, ) <br> U.S. Environmental Protection Agency, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Civil Action No. 06-1731(PLF) |

## JOINT MOTION FOR A PRIVACY ACT PROTECTIVE ORDER
## AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

In this case, the parties might seek certain information and documents that either party believes may be protected by the Privacy Act of 1974, 5 U.S.C. § 552a, Title VII of the Civil Rights Act of 1964 (i.e., 42 U.S.C. § 200e-5(b)), or may otherwise be deemed confidential. In order to permit the parties to use information relevant to this case without undermining the legislative purposes underlying the Privacy Act or Title VII, or otherwise compromising confidentiality, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, 5 U.S.C. § 552a(b)(11), the parties respectfully move this Court to enter an order protecting the use of certain materials sought by the parties through discovery.

## ARGUMENT

The Privacy Act limits the disclosure of "any item, collection, or grouping of information about an individual that is maintained by an agency..." 5 U.S.C. § 552(a)(4). The purpose of this section is to protect individuals against the invasion of their personal privacy. See generally Pilon v. U.S. Dep't of Justice, 73 F.3d 1111, 1120-1121 (D.C. Cir. 1996). Accordingly, the Privacy Act carefully sets forth only twelve circumstances under which an agency may disclose records subject to its terms, including allowing disclosure "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11).

When the Privacy Act is implicated in the context of civil discovery, the Court of Appeals for this Circuit has stressed that a District Court's supervisory responsibilities may be "weightier than in the usual discovery context." Laxalt v. McClatchy, 809 F.2d 885, 889 (D.C. Cir. 1987). The special treatment of records subject to the Privacy Act stems from congressional recognition of their unique character:

> [S]tatutory publication shelters may have some application to discovery. These protected interests reflect a congressional judgment that certain delineated categories of documents may contain sensitive data which warrants a more considered and cautious treatment.

Id. (quoting Friedman v. Bache Halsey Stuart Shields, Inc., 738 F.2d 1336, 1344 (D.C. Cir. 1984)). Consequently, the District Court is accorded discretion through appropriate protective orders to avoid a threat to "the interests protected by statutory publication bans." Id.

Accordingly, the parties request that the Court enter the accompanying order, which will allow the parties access to certain information they seek and yet avoid placing information which may be subject to the Privacy Act, 42 U.S.C. § 2000e-5(b), or is otherwise deemed as confidential information on the public record.

                        Respectfully Submitted,

| /s/ | /s/ |
|---|---|
| BRUCE G. TERRIS, D.C. BAR #471126 | JEFFREY A. TAYLOR, D.C. BAR #498610 |
| MICHAEL G. SHAW, D.C. BAR #473088 | United States Attorney |
| TERRIS, PRAVLIK, & MILLIAN, LLP | |
| 1121 Twelfth Street, N.W. | |
| Washington, D.C. 20005-4632 | |
| Ph: 202-682-2100 | /s/ |
| | RUDOLPH CONTRERAS, D.C. BAR #434122 |
| | Assistant United States Attorney |

/s/
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
United States Attorney's Office for the
 District of Columbia, Civil Division
555 4th Street, N.W., Suite E-4915
Washington, D.C. 20530
Ph:  202-307-0492

Of Counsel:
Nancy Dunham, Esq.
David P. Guerrero, Esq.
U.S. Environmental Protection Agency

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-2428(PLF) |
| | ) | |
| STEPHEN L. JOHNSON, Administrator, | ) | |
| U.S. Environmental Protection Agency, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1399(PLF) |
| | ) | |
| STEPHEN L. JOHNSON, Administrator, | ) | |
| U.S. Environmental Protection Agency, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1731(PLF) |
| | ) | |
| STEPHEN L. JOHNSON, Administrator, | ) | |
| U.S. Environmental Protection Agency, | ) | |
| | ) | |
| Defendant. | ) | |

**PROTECTIVE ORDER**

Discovery in this action may require review of confidential information that may be protected by the Privacy Act of 1974, 5 U.S.C. § 552a, Title VII of the Civil Rights Act of 1964 (specifically, 42 U.S.C. § 200e-5(b)), or is otherwise confidential.  According, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and good cause having been shown, it is hereby

ORDERED, that the following procedures shall be followed:

1. For purposes of this Order, "confidential information" means social security numbers, dates of birth, medical and mental health history, criminal history, sensitive financial information, the private contents of employee personnel files, other information and documents the disclosure of which would constitute an unwarranted invasion of privacy, and information covered by the Privacy Act, 5 U.S.C. § 552a. and 42 U.S.C. § 2000e-5(b).

2. The parties shall designate the confidential information, including documents that each believes to be protected by this Order, by marking them at the time of production, copying or filing, as "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or with a similar marking.  For any records, such as computer data, whose medium makes such markings impracticable, the diskette case and/or accompanying cover letter shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or with a similar marking.  Answers to interrogatories, if any, that contain protected information derived from confidential information also shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or with a similar marking.  Except as provided herein, no person

having access to records designated as subject to this Order or the information therein shall make public disclosure of those records or that information without further Order of the Court.

       3.      Pursuant to Local Rule 5.2, the parties shall not file discovery materials, including interrogatories, answers thereto, document requests, responses thereto, requests for admission, responses thereto, or deposition transcripts, with the Clerk.

       4.      If either party intends to file any motion, opposition, reply, or any other paper prior to trial and attach thereto or set forth therein any document containing information or materials that has been designated as subject to this Protective Order pursuant to paragraph 1, the party shall file the document subject to this Order in a redacted form excluding the information subject to this Order.  In the event that a party believes that the protected information is relevant and material to the issue before the Court, the party shall file an unredacted copy of the document with the Clerk of the Court under seal pursuant to Local Rule 5.1(j), and shall serve a copy of the unredacted document upon the other party under seal.

       5.      Any document designated as subject to this Order may be used at a deposition if the deponent was the author of the document or was listed on the document as being a recipient of the document.  If that condition is not met, any document designated as subject to this Order may only be used at a deposition if the party seeking to use the document receives the permission of the opposing party.  If such permission is not received, the party seeking to use the document or information shall seek leave of the Court.  If any document or information designated as subject to this Order is used or discussed during any deposition, and the deposition transcript contains such information or has, as an attachment, the document or information from the document, either party may designate the relevant portion of the deposition transcript or

document as being "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or with a similar designation.

6. Except as provided in paragraph 5, the right of access to all materials designated as subject to this Order shall be limited to the parties, counsel for the parties, paralegals and expert witnesses in their employ, and any other person mutually authorized by all counsel to examine such materials. If mutual authorization cannot be reached, the requesting party or counsel may, on motion, seek from the Court the right to disclose the records or information to additional persons or to make them not subject to this Order. Any person having access to information subject to this Order shall be informed that it is confidential and subject to a non-disclosure Order of the Court.

7. Except as provided herein, no person having access to material designated as subject to this Order shall make public disclosure of those materials without further Order of the Court.

8. All documents and copies of documents designated as subject to this Order shall be destroyed or returned to the producing party's counsel within sixty (60) days of the conclusion of all trial and appellate proceedings in this case. If the documents are destroyed, counsel shall so notify the other party's counsel in writing. This provision shall not apply to (i) documents for which the designation of confidentiality has been withdrawn or terminated, (ii) any papers filed with the Court pursuant to paragraph 3 above (that is, it is not necessary to retrieve such papers from the Court), and one copy of such papers may be retained for counsels' case file, and (iii) documents that have been introduced at trial or that contain only information that has otherwise become public.

9. Nothing contained in this Order shall be construed as precluding Plaintiff or Defendant from introducing materials which are subject to this Order, or the contents thereof, into evidence at the trial of this case.

10. Any party shall have the right to challenge any designation of records subject to this Order by notifying the designating party in writing within 30 days of the designation of the information or document being designated. If the parties are unable to resolve the disagreement, the party supporting the designation may seek an order from the court to continue the designated information or documents under the protection of this Order. During the pendency of such a motion, the information or documents shall be treated as subject to this Order. Upon a determination that a designation of information or a document is not justified, the information or document will not longer be subject to this Order.

11. The restrictions relating to any document subject to this Order may be terminated at any time by a letter from counsel for the party which designated the document as subject to this Order to counsel for the other party or by an Order of the Court.

12. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any other statute or other authority, or to the rights of any party to make evidentiary objections at trial.

It is SO ORDERED by this Court this ___ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE

Copies to:
Michael G. Shaw
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, DC  20005-4632

Beverly M. Russell
U.S. Attorney's Office for the
 District of Columbia, Civil Division
555 Fourth Street, N.W., Rm. E-4915
Washington, DC  20530