# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
|       v. | )   Civil Action No. 06-1731(PLF) |
| | ) |
| STEPHEN L. JOHNSON, Administrator, | ) |
|   United States Environmental Protection Agency, | ) |
| | ) |
|       Defendant. | ) |
| _____ | ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Stephen L. Johnson, Administrator, United States Environmental

Protection Agency ("EPA" or "Defendant"), by and through his undersigned attorneys,

answers Plaintiff's First Amended Complaint as follows[1]:

_____

[1]Plaintiff filed the above-captioned Complaint, the third of three consolidated
complaints in this proceeding, on October 16, 2006. On July 26, 2004, the Court granted
defendant's motion to dismiss, or in the alternative, for summary judgment on Civil
Action No. 03-2428. Coleman-Adebayo v. Leavitt, 326 F. Supp. 2d 132, 138-139
(D.D.C. 2004). On August 6, 2004, Plaintiff filed a motion pursuant to Fed. R. Civ. P.
59(e) to alter or amend the Court's judgment. On November 30, 2005, the Court granted
Plaintiff's motion to alter or amend judgment in part. Coleman-Adebayo v. Leavitt, 400
F. Supp. 2d 257, 260-261 (D.D.C. 2005). The Court issued a third opinion on March 30,
2007, addressing Defendant's pending motions to dismiss, including one on the 2006
Complaint, Civil Action 06-1731. In that opinion, the Court granted Defendant's motion
to dismiss the 2006 Complaint in part. See Coleman-Adebayo v. Johnson, Civil Action
Nos. 03-2428, 04-1399, 06-1731, at 4, 14 (March 30, 2007). The Court also affirmed its
previous entry of judgment for Defendant on the failure to accommodate claim under the
Rehabilitation Act. Id. at 5-6, 14. Plaintiff then filed a limited motion to amend this
interlocutory order on April 11, 2007, which the Court granted in a bench opinion on
September 12, 2007, effectively reinstating a claim of a November 2003 retaliatory
reassignment. Because part of the above-captioned Complaint remains following the
granting in part of motions to dismiss and summary judgment, Defendant hereby submits
this Answer. This Answer thus serves as Defendant's response only to those remaining
claims/allegations.

## FIRST AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the Complaint.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

Defendant answers the numbered paragraphs of the Complaint as follows:

### INTRODUCTION

1.      This paragraph constitutes Plaintiff's characterization of her action, including a request for trial by jury and the relief requested, to which no answer is required. To the extent that the paragraph is deemed to contain factual allegations, the allegations are denied.

### JURISDICTION AND VENUE

2.      This paragraph constitutes Plaintiff's statement regarding jurisdiction upon which this Complaint is brought to which no answer is required.  To the extent that an answer is deemed required, the allegation is denied.

3.      This paragraph constitutes Plaintiff's statement regarding jurisdiction upon which this Complaint is brought to which no answer is required.  To the extent that an answer is deemed required, Defendant admits that on or about November 17, 2005,

2

Plaintiff filed a formal complaint with EPA's Office of Civil Rights in EPA No. 2006-0019-HQ and that such complaint was dismissed by letter on or about July 10, 2006. The dismissal letter speaks for itself and is the best evidence of its contents.

4.    This paragraph constitutes Plaintiff's statement regarding jurisdiction upon which this Complaint is brought to which no answer is required. To the extent that an answer is deemed required, Defendant admits that on or about March 30, 2006, Plaintiff filed a formal complaint with EPA's Office of Civil Rights in EPA No. 2006-0048-HQ and that such complaint was dismissed by letter on or about July 11, 2006. The dismissal letter speaks for itself and is the best evidence of its content.

5.    This paragraph constitutes Plaintiff's statement regarding jurisdiction upon which this Complaint is brought to which no answer is required. To the extent that an answer is deemed required, the allegation is denied.

6.    This paragraph constitutes Plaintiff's statement regarding venue to which no answer is required. To the extent that an answer is deemed required, the allegation is denied.

<u>PARTIES</u>

<u>Plaintiff</u>

7.    Defendant admits that the Plaintiff is a black African-American female who currently serves as a GS-15 employee at EPA. Defendant is informed and believes that Plaintiff is a citizen of the United States and a resident of the State of Maryland.

3

<u>Defendant</u>

8.    Defendant admits that Stephen L. Johnson is currently the Administrator of EPA.

<u>FACTS</u>

9.    Defendant is informed and believes that Plaintiff holds a doctorate degree in political science with a specialization in African and International Affairs from the Massachusetts Institute of Technology.  Defendant is without sufficient knowledge to admit or deny whether Plaintiff has spent the majority of her professional career working in the areas of environmental protection, international affairs, and sustainable economic development with regard to Africa.

10.    This paragraph underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required.  To the extent that a response is deemed required, Defendant is without sufficient knowledge to admit or deny whether Plaintiff suffers from multiple sclerosis, glaucoma, optic neuritis, hypertension, and/or depression which is partially controlled by medication.

11.    Admit.

12.    Defendant responds that the complaints filed in Civil Action Nos. 98-CV-926-CKK and 98-CV-1939-CKK speak for themselves and are the best evidence of their contents.

13.    Defendant responds that the record in Civil Action Nos. 98-CV-926-CKK and 98-CV-1939-CKK speaks for itself and provides the best evidence of the truth or falsity of the allegations in this paragraph.

14.    Defendant is without sufficient information to deny or admit the allegations in this paragraph.

15.    Defendant is without sufficient information to deny or admit the allegations in this paragraph.

16.    Defendant is without sufficient information to deny or admit the allegations in this paragraph.

17.    This paragraph in part underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required.  Further, the paragraph contains conclusions of law to which no answer is required.  To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

18.    This paragraph in part underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required.  To the extent that a response is deemed required, Defendant admits that Plaintiff filed a motion for a temporary restraining order on or about December 21, 2000.  The temporary restraining order speaks for itself and is the best evidence of the truth or falsity of the allegations in this paragraph. Defendant further responds that the October 30, 2000, November 17,

2000, and December 5, 2000 letters speak for themselves and are the best evidence of their content. Defendant denies the remaining allegations in this paragraph.

19. Defendant admits that on January 5, 2001, this Court ruled on the relief in the aforementioned consolidated cases. The Court's opinion is the best evidence of its content.

20. This paragraph in part underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required. To the extent that a response is deemed required, Defendant admits that Plaintiff applied under the Alternate Work Space (AWS) Policy to work at home and that application was denied for the reasons provided to Plaintiff. The remaining allegations in the paragraph are denied.

21. This paragraph in part underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required. To the extent that an answer is deemed required, Defendant responds that the "Final American Federation of Government Employees National Collective Bargaining Agreement for Flexiplace" is the best evidence of its content. Due to the lack of specificity in the remaining allegations in this paragraph, Defendant is without sufficient information to admit or deny the allegations.

22. This paragraph in part underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required. To the extent that a response is deemed required, due to the lack of specificity as to time period in the

remaining allegations in this paragraph, Defendant is without sufficient information to admit or deny the allegations.

23.    This paragraph in part underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required.   To the extent that a response is deemed required, Defendant is without information as to whether Plaintiff suffered severe stress.  The remaining allegations in this paragraph are denied.

24.    This paragraph underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required.   To the extent that a response is deemed required, Defendant admits that Dr. Kanovsky wrote letters on December 5, 2000 and November 23, 2003.  Those letters speak for themselves and are the best evidence of their content.  Defendant denies the remaining allegations in this paragraph.

25.    This paragraph in part underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required.   To the extent that a response is deemed required, Defendant admits that Dr. Abramson issued Plaintiff a memorandum dated August 7, 2003.  That memorandum speaks for itself and is the best evidence of its content.  Defendant denies the remaining allegations in this paragraph.

26.    Without waiving the confidentiality of settlement discussions in any manner, Defendant admits that it was involved with Plaintiff in mediation discussions on her administrative claims for approximately thirty-two (32) months.  Defendant denies

that during the mediation, Ms. Shea stated that EPA's goal in the mediation was to find a way to force Plaintiff to resign from EPA.

27.    This paragraph in part underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required.   To the extent that a response is deemed required, Defendant is without sufficient information to admit or deny the allegations.

28.    Defendant admits that Ms. Shea wrote a November 6, 2003 letter to Plaintiff.  That letter speaks for itself and is the best evidence of its content.

29.    This paragraph underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required.   To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

30.    This paragraph underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required.   To the extent that a response is deemed required, Defendant denies the allegations in this paragraph.

31.    This paragraph underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required.   To the extent that a response is deemed required, Defendant states that the Final American Federation of Government Employees National Collective Bargaining Agreement for Flexiplace, dated November 25, 1998, speaks for itself and is the best evidence of its content.  Defendant denies the remaining allegations in this paragraph.

8

32.     This paragraph underlies a claim that has been dismissed and/or is the
subject of judgment for EPA, and as such, no answer is required.    To the extent that a
response is deemed required, Defendant denies that Ms. Shea had the authority to "order"
Plaintiff to report to work.  Defendant further is without sufficient information to admit or
deny whether Plaintiff was aware of any document that was issued when she was first
authorized to work at home that linked the authorization to work at home to the mediation
process.  Defendant denies the remaining allegations in this paragraph.

33.     This paragraph underlies a claim that has been dismissed and/or is the
subject of judgment for EPA, and as such, no answer is required.    To the extent that a
response is deemed required, Defendant denies the allegation in this paragraph.

34.     This paragraph underlies a claim that has been dismissed and/or is the
subject of judgment for EPA, and as such, no answer is required.    To the extent that a
response is deemed required, Defendant denies the allegation in this paragraph.

35.     This paragraph underlies a claim that has been dismissed and/or is the
subject of judgment for EPA, and as such, no answer is required.    To the extent that a
response is deemed required, Defendant denies the allegation in this paragraph.

36.     This paragraph in part underlies a claim that has been dismissed and/or is
the subject of judgment for EPA, and as such, no answer is required.    To the extent that a
response is deemed required, Defendant admits that on November 21, 2003, Mr. Thomas

Murray sent Plaintiff a letter. That letter speaks for itself and is the best evidence of its content. Defendant denies the remaining allegations in this paragraph.

37.    Defendant admits that a Request for Personnel Action (SF-52) was generated concerning Plaintiff's reassignment to OCEM. That SF-52 speaks for itself and is the best evidence of its content. Defendant denies the remaining allegations in this paragraph.

38.    Defendant admits Ms. Balkus wrote a December 9, 2003 email to Plaintiff. That email speaks for itself and is the best evidence of its content. Defendant denies the remaining allegations in this paragraph.

39.    Defendant is without sufficient information to admit or deny the allegations relating to Plaintiff's union membership during an unspecified time period. Defendant denies the remaining allegations in this paragraph.

40.    Defendant admits that a Notification of Personnel Action (SF-50) was generated concerning Plaintiff's reassignment to OCEM. That SF-50 speaks for itself and is the best evidence of its content. Defendant is without sufficient information to admit or deny when Plaintiff received a copy of the "Notification of Personnel Action."

41.    This paragraph in part underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required. To the extent that a response is deemed required, Defendant admits that in a letter dated December 22, 2003

from William R. Haig, a copy of her new position description was enclosed. That

position description speaks for itself and is the best evidence of its content.

42.    This paragraph in part underlies a claim that has been dismissed and/or is

the subject of judgment for EPA, and as such, no answer is required. To the extent that a

response is deemed required, Defendant admits that after being reassigned on December

1, 2003, Ms. Balkus sent to Plaintiff, inter alia, administrative materials and general

information on performance measurement, and assigned Plaintiff a task involving

working with a designated federal officer and stakeholders to develop a pilot project that

would establish performance standards and measurements to assess the success of Federal

Advisory Committee Act committees. Defendant denies the remaining allegations in this

paragraph.

43.    This paragraph in part underlies a claim that has been dismissed and/or is

the subject of judgment for EPA, and as such, no answer is required. To the extent that a

response is deemed required, Defendant admits that on December 9, 2003, Plaintiff again

requested a determination from EPA that she be allowed to work from home as a

reasonable accommodation for her medical conditions and that Mr. Haig issued a March

22, 2004 letter. That letter speaks for itself and is the best evidence of its content.

44.    This paragraph in part underlies a claim that has been dismissed and/or is

the subject of judgment for EPA, and as such, no answer is required. To the extent that a

response is deemed required, Defendant is without sufficient information to admit or deny

the allegations related to Plaintiff's experiencing symptoms and illness, her medical condition, what took place at the hospital, and whether she was able to attend the last day of the meeting. Defendant admits that on April 20 - 22, 2004, Ms. Balkus held a three day team building meeting in Cambridge, Maryland and that Plaintiff was asked to attend the meeting in person. Defendant denies the remaining allegations in this paragraph.

45.    These paragraphs constitute Plaintiff's statement of law, and as such, no answer is required. Moreover, the referenced paragraphs in part underlie a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required. To the extent an answer is required, Defendant incorporates its answers to paragraphs 18-44, above.

46.    This paragraph underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required. To the extent that a response is deemed required, Defendant admits that the record contains an August 10, 2004 Affidavit of Dr. Sherrill R. Loring. That affidavit speaks for itself and is the best evidence of its content. .

47.    This paragraph underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required. To the extent that a response is deemed required, Defendant admits that the record contains an August 12, 2004 Affidavit of Dr. Deborah Y. Wilson. That affidavit speaks for itself and is the best evidence of its content.

48.     This paragraph underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required.   To the extent that a response is deemed required, Defendant admits that it offered Plaintiff an independent medical examination (IME) on or about August 29, 2003, after Plaintiff had requested reconsideration of her reasonable accommodation requests.  The remaining allegations in this paragraph are denied.

49.     This paragraph underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required.   To the extent that a response is deemed required, Defendant admits that Mr. Haig wrote a September 14, 2005 letter addressing Plaintiff's request for accommodation.  That letter speaks for itself and is the best evidence of its content.  Defendant denies the remaining allegations in this paragraph.

50.     This paragraph underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required.   To the extent that a response is deemed required, Defendant admits that Mr. DeLeon issued an October 26, 2005 statement.  That statement speaks for itself and is the best evidence of its content. Defendant denies the remaining allegations in this paragraph.

51.     This paragraph underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required.   To the extent that a response is deemed required, Defendant is without information as to Plaintiff's state of

mind and/or knowledge concerning the matters alleged, and therefore cannot admit or deny the allegations.

52.    These paragraphs constitute Plaintiff's statement and conclusions of law, and as such, no answer is required.  Moreover, these paragraphs underlie a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required.  To the extent an answer is required, Defendant incorporates its answers to paragraphs 48-51, above.

53.    This paragraph underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required.   To the extent that a response is deemed required, Defendant admits that EPA temporarily allowed Plaintiff to work from home based on a litigation agreement until November 2005 when it directed Plaintiff to report to work at an EPA facility.  Defendant denies the remaining allegations in this paragraph.

54.    This paragraph underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required.   To the extent that a response is deemed required, Defendant admits the remaining allegations in this paragraph.

55.    This paragraph underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required.   To the extent that a

response is deemed required, Defendant is without sufficient information to admit or deny the allegations in this paragraph.

56.    This paragraph underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required.  To the extent that a response is deemed required, Defendant admits that Plaintiff reported to her EPA office on December 29, 2005, at approximately 8:30 a.m. and that she later went to the EPA health unit. Defendant is without sufficient information to admit or deny the allegation concerning symptoms or illness Plaintiff was experiencing.  Defendant denies the remaining allegations in this paragraph.

57.    This paragraph underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required.  To the extent that a response is deemed required, Defendant is without sufficient information to admit or deny the allegations contained in this paragraph, except that EPA denies that the Acting Director of OCEM stated that "no one was available."

58.    This paragraph underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required.  To the extent that a response is deemed required, Defendant admits that after taking sick leave, Plaintiff reported to the EPA office on January 3, 2006, at approximately 8:30 a.m. Defendant is without sufficient information to admit or deny the allegation concerning symptoms or illness Plaintiff was experiencing.  Moreover, due to the imprecise and vague nature of

the pleading regarding "assistance," EPA is without sufficient information to admit or deny these allegations. Further, EPA denies the remaining allegations in this paragraph.

59.    This paragraph underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required. To the extent that a response is deemed required, Defendant is without sufficient information to admit or deny these allegations.

60.    This paragraph underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required. To the extent that a response is deemed required, Defendant admits that on January 12, 2006, Dr. Davis certified Plaintiff's application for leave under the Family and Medical Leave Act. That certification speaks for itself and is the best evidence of its content.

61.    This paragraph underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required. To the extent that a response is deemed required, Defendant admits that on or about December 2005 to January 2006, Plaintiff applied for and was granted leave under FMLA. Defendant denies the remaining allegations in this paragraph.

62.    These paragraphs constitute Plaintiff's statement of law, and as such, no answer is required. Moreover, these paragraphs underlie a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required. To the

16

extent an answer is required, Defendant incorporates its answers to paragraphs 53-61, above.

63.    This paragraph underlies a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required.   The paragraph also contains a conclusion of law to which no answer is required.  To the extent that an answer is deemed required, Defendant denies the allegations in this paragraph.

CLAIMS

FIRST CLAIM: RETALIATION

64.-70.    These paragraphs constitute Plaintiff's statement and conclusions of law upon which the Second Claim is based, and as such, no answer is required. Moreover, these paragraphs underlie a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required.  To the extent an answer is deemed required, Defendant denies the allegations in these paragraphs.

SECOND CLAIM: HOSTILE WORK ENVIRONMENT

71.-73.    These paragraphs constitute Plaintiff's statement and conclusions of law upon which the Second Claim is based, and as such, no answer is required. Moreover, these paragraphs  underlie a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required.  To the extent an answer is deemed required, Defendant incorporates its answers to paragraphs 17-44 and 48-61, above.

17

RELIEF

74.-78.    These paragraphs constitute Plaintiff's prayer for relief to which no answer is required.  Moreover, these paragraphs in part demand relief for a claim that has been dismissed and/or is the subject of judgment for EPA, and as such, no answer is required.  To the extent that an answer is deemed required, Defendant denies that Plaintiff is entitled to the relief sought or to any relief whatsoever.  Further, in any event, Defendant avers that any demand for a jury trial must be consistent with the United States' waiver of immunity, and that any award of compensatory damages would be subject to and limited by 42 U.S.C. § 1981a.  Any relief would also be further limited by 42 U.S.C. § 2000e-5(g)(2)(B).

Defendant denies each and every allegation contained in the Complaint not specifically admitted herein.

Date: October 26, 2007

Respectfully Submitted,

/s/ Jeffrey A. Taylor /dvh

_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ Rudolph Contreras /dvh

_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ Beverly M. Russell

_____

Of Counsel:                              BEVERLY M. RUSSELL, D.C. Bar #454257
Nancy J. Dunham, Esq.                    Assistant United States Attorney
David P. Guerrero, Esq.                  U.S. Attorney's Office for the District
U.S. Environmental Protection             of Columbia, Civil Division
 Agency                                  555 4th Street, N.W., Rm. E-4915
                                         Washington, D.C. 20530
                                         Ph:  (202) 307-0492
                                         Fax: (202) 514-8780
                                         E-Mail: beverly.russell@usdoj.gov

19

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of *Defendant's Answer to Plaintiff's*

*Complaint* was made by the Court's Electronic Case Filing System this <u>26th</u> day of

October, 2007 to:

Michael G. Shaw
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, DC  20005-4632

mshaw@tpmlaw.com

/s/ Beverly M. Russell

_____

BEVERLY M. RUSSELL
Assistant United States Attorney