UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 03-2428 (PLF)<br>) |
| STEPHEN L. JOHNSON, Administrator,<br>United States Environmental Protection Agency, | )<br>)<br>) |
| Defendant. | )<br>) |
| MARSHA LYNNE COLEMAN-ADEBAYO, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 04-1399 (PLF)<br>) |
| STEPHEN L. JOHNSON, Administrator,<br>United States Environmental Protection Agency, | )<br>)<br>) |
| Defendant. | )<br>) |
| MARSHA LYNNE COLEMAN-ADEBAYO, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 06-1731 (PLF)<br>) |
| STEPHEN L. JOHNSON, Administrator,<br>United States Environmental Protection Agency, | )<br>)<br>) |
| Defendant. | )<br>) |

**PLAINTIFF'S STIPULATION PURSUANT TO THE COURT'S ORDER DURING THE SEPTEMBER 12, 2007, STATUS CONFERENCE**

On September 12, 2007, the Court held an interim status conference with the parties. In

addition to granting Plaintiff's Motion under Rule 59(e) to Alter or Amend Judgment, filed April 11, 2007 (Dkt. No. 80), and discussing issues pertaining to a scheduling order, the Court ordered the parties to file a stipulation within 60 days to describe the claims remaining in the case. On September 19, 2007, the Court issued a Scheduling Order (Dkt. No. 86), which specified November 13 as the date by which the parties would submit the stipulation.

The parties attempted to reach agreement in order to be able to file a joint stipulation. However, they were ultimately not able to reach full agreement. Although the parties agreed to have separate statements for plaintiff and defendant as to the incidents remaining in the claims, defendant would not agree to include the following paragraph, even in plaintiff's separate statement:

> In addition to the incidents that are alleged in plaintiff's complaints, there are other incidents that plaintiff will explore during discovery that may lead to further allegations of retaliatory actions or incidents of a hostile work environment.

Thus, it is necessary for each party to file a separate stipulation.

The three complaints specified in the caption above have been consolidated.[1] *See* Order, Civil Action No. 03-2428 (PLF), Jan. 4, 2006 (Dkt. No. 41) (consolidating Civil Action Nos. 03-2428 (PLF) and 04-1399 (PLF)); Minute Order, Civil Action No. 06-1731 (PLF), Dec. 13, 2006 (consolidating the three cases).

Plaintiff has claims for retaliation and a continuing hostile work environment under both Title VII and the Rehabilitation Act.[2] Civil Action No. 06-1731 (PLF) specifies all of the incidents

---

[1] Plaintiff also filed an amended complaint in Civil Action No. 03-2428 (PLF). First Amended Complaint and Demand for Jury Trial, March 27, 2006.

[2] Plaintiff's original complaint included a disability claim for failure to accommodate Plaintiff's request for a full-time, permanent work-at-home arrangement. That claim has been dismissed. *See Coleman-Adebayo v. Leavitt*, 326 F. Supp. 2d 132, 139-144 (D.D.C. 2004); *Coleman-Adebayo v. Leavitt*, 400 F. Supp. 2d 257, 262-264 (D.D.C. 2005); *Coleman-Adebayo v. Johnson*, Civil Action

that have been alleged in the three consolidated cases. *See* 2006 Complaint, paras. 9-63.

Plaintiff's position as to the incidents remaining in the claims is that, even though the Court has dismissed plaintiff's disability claim, the incidents that were included in the disability claim support plaintiff's claims of retaliation and a hostile work environment. The Court dismissed the disability claim, it of course did not dismiss any factual allegations which related to that claim but that also related to the retaliation and hostile work environment claims which it did not dismiss. Thus, plaintiff includes all paragraph numbers in the relevant complaints that relate to plaintiff's entire retaliation and hostile work environment claims, including defendant's actions related to ordering plaintiff to report to defendant's offices in detriment to her health.

Plaintiff's entire continuing hostile work environment claim is in Civil Action No. 06-1731 (PLF), which alleges a continuing hostile work environment that began in 1999 and has continued until the present. *See* 2006 Complaint, paras. 17, 45, 52, 62, 71-73. Thus, there is no need to look at either of plaintiff's earlier complaints to determine plaintiff's hostile work environment claim.

For plaintiff's retaliation claim, all of the incidents are also set forth in the complaint in Civil Action No. 06-1731 (PLF), paras. 9-63. However, that complaint only includes a claim of retaliation based on events that took place during 2005 to 2006. *See* Complaint, para. 64-70. The complaint in Civil Action No. 04-1399 (PLF) sets forth the claim for retaliation based on events that took place from 1999 to 2005. *See* Complaint, paras. 45-53.

In summary, the following are the claims and incidents:

---

Nos. 03-2428, 04-1399, 06-1731, March 30, 2007 (Dkt. No. 78). Plaintiff has stated that she kept the claim for disability in Civil Action Nos. 03-2428 (PLF) and 04-1399 (PLF) only in order to preserve plaintiff's right to appeal the Court's decision. *See* Plaintiff's First Amended Complaint and Demand for Jury Trial, March 27, 2006 (Dkt. No. 47), p. 39, n. 17.

<u>Retaliation Claims</u>.  *See* Complaint, Civil Action No. 06-1731 (PLF), paras. 64-70 (based on events that took place during 2005 to 2006); Complaint, Civil Action No. 04-1399 (PLF), paras. 45-53 (based on events that took place from 1999 to 2005.

<u>Retaliation Incidents</u>. *See* Civil Action No. 06-1731 (PLF), paras. 9-63.

<u>Hostile Work Environment Claims and Incidents</u>. *See* Complaint, Civil Action No. 06-1731 (PLF) paras. 9-63, 71-73 (claims and incidents for a continuing hostile work environment that began in 1999 and has continued until the present).

In addition to the incidents that are alleged in plaintiff's complaints, there are other incidents that plaintiff will explore during discovery that may lead to further allegations of retaliatory actions or incidents of a hostile work environment.

Respectfully submitted,

/s/ Michael G. Shaw

BRUCE J. TERRIS (D.C. Bar No. 47126)
MICHAEL G. SHAW (D.C. Bar No. 473008)
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, DC  20005-4632
(202) 682-2100

Attorneys for Plaintiff

November 13, 2007