UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO,<br><br>    Plaintiff,<br><br>    v.<br><br>STEPHEN L. JOHNSON, Administrator,<br>United States Environmental Protection Agency,<br><br>    Defendant. | Civil Action No. 03-2428 (PLF) |
| MARSHA LYNNE COLEMAN-ADEBAYO,<br><br>    Plaintiff,<br><br>    v.<br><br>STEPHEN L. JOHNSON, Administrator,<br>United States Environmental Protection Agency,<br><br>    Defendant. | Civil Action No. 04-1399 (PLF) |
| MARSHA LYNNE COLEMAN-ADEBAYO,<br><br>    Plaintiff,<br><br>    v.<br><br>STEPHEN L. JOHNSON, Administrator,<br>United States Environmental Protection Agency,<br><br>    Defendant. | Civil Action No. 06-1731 (PLF) |

**DEFENDANT'S NOTICE TO THE COURT REGARDING THE REMAINING CLAIMS
IN THE ABOVE-CAPTIONED CONSOLIDATED CASES**

On September 12, 2007, the Court held a status conference in the above-captioned consolidated cases. In addition to granting Plaintiff's Motion under Rule 59(e) to Alter or Amend Judgment, filed April 11, 2007 (see Civil Action No. 03-2428(PLF), R. 80), and discussing issues pertaining to a scheduling order, the Court ordered the parties to file a stipulation within sixty (60) days, i.e., by November 13, 2007, to describe the claims remaining in the cases. See also Civil Action No. 03-2428(PLF), R. 86, Scheduling Order, Sept. 19, 2007.

The parties disagree on the factual allegations relevant to the remaining claims in the above-captioned cases. Further, as discussed below, Defendant does not believe that certain statements Plaintiff wishes to include in the stipulation are proper for the purpose contemplated by the Court for the joint stipulation. Accordingly, probably coming as no surprise to the Court, the parties are submitting separate notices responding to the Court's request at the September 12, 2007 status conference and September 19, 2007 Scheduling Order. In response thereto, Defendant states the following.

The three complaints specified in the caption above were consolidated on January 4, 2006.[1] See Civil Action No. 03-2428 (PLF), R. 41, Order, Jan. 4, 2006 (consolidating Civil Action Nos. 03-2428 (PLF) and 04-1399 (PLF)); Civil Action No. 06-1731 (PLF), Minute Order, Dec. 13, 2006 (consolidating the three cases).

Plaintiff has claims for retaliation and hostile work environment under both Title VII and the Rehabilitation Act.[2] Civil Action No. 06-1731 (PLF) specifies all of the incidents that have

---

[1] Plaintiff filed an amended complaint in Civil Action No. 03-2428 (PLF). R. 49, First Amended Complaint and Demand for Jury Trial, March 27, 2006.

[2] Plaintiff's original complaint included a disability claim for failure to accommodate Plaintiff's
(continued...)

been alleged in the three consolidated cases. See Civil Action No. 06-1731(PLF), R. 1, Compl., ¶¶ 9-63.

Because all allegations related to "failure to accommodate" are barred by the "law of the case" or issue preclusion doctrine, and based on the Court's most recent opinion, see Coleman-Adebayo v. Johnson, Civil Action Nos. 03-2428, 04-1399, 06-1731, slip. op. (March 30, 2007) and a careful review of the consolidated complaints, the remaining claims and underlying allegations–again, except those allegations relating to failure to accommodate/work from home which have been dismissed[3]--are currently as follows:

### 2003/2004 Complaints

***Retaliation:***  1999-2001 incidents in five administrative complaints (1999-0115HQ, 2000-0007HQ, 2000-0081HQ, 2000-0085HQ, 2001-0014HQ) and 2003-2004 reassignment to EPA's Office of Cooperative Environmental Management ("OCEM")

¶¶ 8, 10, 12-15, 17, 20-36, 38, 41, (Factual allegations), 68-75 (Retaliation claim)[4]

---

[2](...continued)
request for a full-time, permanent work-at-home arrangement. That claim has been dismissed. See Coleman-Adebayo v. Leavitt, 326 F. Supp. 2d 132, 138-139 (D.D.C. 2004); Coleman-Adebayo v. Leavitt, 400 F. Supp. 2d 257, 260-261 (D.D.C. 2005); Coleman-Adebayo v. Johnson, Civil Action Nos. 03-2428, 04-1399, 06-1731, slip. op., at 4-5, 9, 14 (March 30, 2007). Plaintiff has stated that she included the claim for disability in Civil Action Nos. 03-2428 (PLF) and 04-1399 (PLF) only in order to preserve her right to appeal the Court's decision. See Civil Action No. 03-2428(PLF), R. 49, Plaintiff's First Amended Complaint and Demand for Jury Trial, March 27, 2006, p. 39, n. 17.

[3] Some of the individual paragraphs set forth in this Stipulation contain factual allegations, in addition to allegations that remain live at this point, that relate to Plaintiff's failure to accommodate/work from home claims. As indicated herein, this claim and its underlying allegations have been dismissed.

[4] For clarity, due to the identical nature of much of the 2003 complaint, the 2004 complaint, and the First Amended 2003 Complaint, these citations refer to the First Amended (2003) Complaint, filed on March 27, 2006. See Civil Action No. 03-2428(PLF), R. 49, Plaintiff's First Amended Complaint and Demand for Jury Trial, March 27, 2006.

3

### 06-1731 Complaint

***Retaliation***:    2005-2006 incidents in 2 administrative complaints (2006-0019HQ, 2006-0048HQ)

¶¶ 49-50, 56-59 (Factual allegations), 64-70 (Retaliation claim)

***Hostile Work Environment***:  1999-2001 incidents in 5 administrative complaints (1999-0115HQ, 200-0007HQ, 2000-0081HQ, 2000-0085HQ, 2001-0014HQ), 2003-2004 reassignment to OCEM, and 2005-2006 incidents in 2 administrative complaints (2006-0019HQ, 2006-0048HQ)

¶¶ 6-9, 11-17, 19, 22-23, 25-40, 42, 45, 52, 61, 62-63 (Factual allegations), 71-73 (Hostile Work Environment--Retaliation Claim)

---

Further, as indicated above, the Court, in its September 19, 2007 Scheduling Order, stated clearly that the joint stipulation shall describe the remaining claims in the consolidated case. Accordingly, Defendant does not believe that it is appropriate to include a statement in the stipulation, as Plaintiff desires, indicating that discovery will be used as a mechanism to explore the possibility of other allegation of retaliation or a hostile work environment.  First, Plaintiff is obligated to exhaust administrative remedies for any future claims, and second, her proposed use of discovery, i.e., as a fishing expedition, to essentially subject Defendant to a constantly moving target is unreasonable.  The latter point was made by Defendant's counsel at the September 12, 2007 status conference in the above-noted matter, and based upon the recollection of Defendant's counsel, the Court did not disagree.

Date: November 13, 2007

Respectfully Submitted,

/s/ Jeffrey A. Taylor /mj
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ Rudolph Contreras /mj
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District
 of Columbia, Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph:  (202) 307-0492
Fax: (202) 514-8780
E-Mail: beverly.russell@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of ***Defendant's Notice to the Court Regarding the Remaining Claims in the Above-Captioned Consolidated Cases Filed Pursuant to the Court's Order During the September 12, 2007 Status Conference and September 19, 2007 Scheduling Order*** was made by the Court's Electronic Case Filing System this 13th day of November, 2007 to:

Michael G. Shaw
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, DC 20005-4632

mshaw@tpmlaw.com

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney