## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-2428(PLF) |
| | ) | |
| STEPHEN L. JOHNSON, Administrator, | ) | |
| U.S. Environmental Protection Agency, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1399(PLF) |
| | ) | |
| STEPHEN L. JOHNSON, Administrator, | ) | |
| U.S. Environmental Protection Agency, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| MARSHA LYNNE COLEMAN-ADEBAYO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1731(PLF) |
| | ) | |
| STEPHEN L. JOHNSON, Administrator, | ) | |
| U.S. Environmental Protection Agency, | ) | |
| | ) | |
| Defendant. | ) | |

**THE PARTIES' ELECTRONIC DISCOVERY PLAN**

**I.     BACKGROUND**

The following information is provided by defendant as to electronically-stored material in defendant's possession.

    A.     Agency System - For the period relevant to this case, the Environmental Protection Agency's ("EPA" or "Agency") Office of Prevention, Pesticides and Toxic Substances/Office of Pollution, Prevention and Toxics ("OPPTS/OPPT") used Windows 98 and 2000 operating systems for the years 2001 to 2004 and Windows XP for the years 2004 to the present. The Office of the Administrator/Office of Cooperative Environmental Management ("AO/OCEM") transitioned its operating system from Windows 98 to Windows XP from 2001 to 2005. Like OPPTS/OPPT, and the rest of the Agency, OA/OCEM now uses Windows XP. During the period 2001 to the present, OA/OCEM and OPPTS/OPPT used both WordPerfect and Microsoft Word for word processing, although the latter is ordinarily considered the Agency's standard word processing software. Additionally, Agency employees, during the same period (i.e., 2001 to the present), had (and have) the ability to create files using Adobe Acrobat, Excel, Access and PowerPoint. Generally, in OCEM, when a personal computer is upgraded or otherwise replaced, employee files stored in the personal computer's hard drive are transferred from the old personal computer to the new one. If an OCEM employee is leaving OECM or the

2

    Agency, the employee's would typically work with the AO Help Desk to save files in accordance with the relevant records management policy and the established office practices in this area. For an OPPTS/OPPT employee who is also departing his/her office or the Agency, files from the employee's personal computer's hard drive are similarly transferred/copied to another media, such as a CD, DVD, or flash drive, in accordance with the relevant records management policy and the established office practices in this area.

B.     Agency E-Mail - The Lotus Notes e-mail system has been used at the Agency from 2001 to the present. Users have the ability to create, save, delete, archive and unarchive their own e-mail. The Office of Environmental Information ("OEI") administers all Lotus Notes servers. EPA Headquarters e-mail is saved to server(s) and is backed up automatically by the OEI, each evening. Archived mail is backed up every other week. All existing files are copied to a tape. These tapes are held for 30 days. This backup system is primarily designed to preserve e-mail files in the event of a catastrophic event or other major e-mail system failure, and in such event mail may be restored from a tape backup. Deleted mail is held in the user's trash folder where it can be recovered unless it has been permanently removed from the trash folder. The time period to recover

depends on a variety of factors related to the e-mail user and can range from one hour to many weeks.

C. Backup and Retrieval System - Users can create, delete, save and archive files. Network and e-mail files are backed-up nightly by OEI, as described in B., above. Generally, if a file is created but deleted before it is backed-up, there is no way to recover it. If information is kept in files located in the EPA's local area network ("LAN"), all files are stored in the centralized storage area network ("SAN"). Most documents stored on the LAN or SAN can be searched using key words, for example, those documents in Notes, WordPerfect, and Word formats. If files are stored on a hard drive, the user may copy his or her files to another media such as a CD, DVD, or flash drive.

D. Recent Upgrades or Conversions to System - All upgrades to the Agency systems are planned and implemented through OEI. For OA/OCEM, no recent upgrades or conversions affecting the availability of information have been or are planned. From 2001 to 2005, OPPTS/OPPT replaced 20% of its desktops with new equipment. There are no plans in the immediate future for OPPTS/OPPT to upgrade or convert equipment.

Defendant objects to plaintiff's expectation that defendant provide a detailed account of its searches for responsive materials as that is not contemplated by the Federal Rules of Civil Procedures. Unless ordered by the Court, defendant will not provide such

an account. Further, notwithstanding plaintiff's "expectations" as to defendant's searches of electronically-stored material as described below, defendant will conduct searches consistent with the Agency systems' (and software) search capabilities and the Federal Rules of Civil Procedure.

The following information is provided by plaintiff as to electronically-stored material in plaintiff's possession.

> Plaintiff used an EPA Lotus Notes e-mail system. However, she no longer has access to that system. Therefore, she will only be able to produce e-mails which she had printed out or copied to her personal computer. Plaintiff uses AOL for her personal e-mail, from which she will produce printouts of all relevant e-mail. Plaintiff uses Microsoft Word as her word-processing software, from which she will produce printouts of all relevant files. Plaintiff has no blog or internet website.

Plaintiff has the following expectations as to defendant's searches of electronically-stored material in defendant's possession.

> Agency E-Mail. It appears that defendant's central Lotus Notes e-mail system (1) keeps all active e-mail indefinitely, and (2) keeps all archived e-mail (at least since 2006) indefinitely. It also appears that if a user deletes an e-mail, the e-mail remains available on the backup system for only 30 days. Therefore, it appears that a central search (i.e., a search conducted of the entire system rather than having individual users conduct the search) will find all relevant e-mails that have not been deleted by a user. For e-

5

mails deleted by a user, it appears that the only source (after 30 days) is the hard copies kept by the individual users. Therefore, plaintiff expects that defendant will conduct a search of the cental Lotus Notes e-mail system, including the backup system, and, in addition, will have each user, who is connected in any way with the facts or issues in this case, conduct a search of his/her own e-mail in both electronic and hard copy format.

Other Documents. In addition to the e-mail discussed above, plaintiff expects that defendant will conduct centralized searches on files on defendant's LAN's and backed-up centralized SAN using centralized tools. In addition, plaintiff expects that defendant will have each user, who is connected in any way with the facts or issues in this case, search his/her electronically-stored files and hard copies of those files. Plaintiff does not expect defendant to carry out the extraordinary activities needed to find e-mails that were deleted from hard drives and as to which no backup tapes exist.

Descriptions of Searches. Plaintiff expects defendant to state in detail the steps it takes to search for all information, including, but not limited to, the details of how centralized searches were conducted, how backups were searched, how individual employees were asked to conduct searches, and how individual employees conducted their searches.

**II.     E-DISCOVERY TERMS**

Unless the Parties stipulate or the Court orders otherwise, and based on the information provided above by defendant and plaintiff, the following terms will govern e-discovery:

    A.    <u>Production of Documents Created in Electronic Form</u> - The Parties agree that documents initially created in electronic form, including electronic mail, will be produced in hard copy.  Within the scope of the lawsuit and from the outset of the litigation in December 2003, defendant has been working with the relevant EPA employees to maintain hard copies of all documents likely to have admissible evidence.  Plaintiff has also strived to maintain hard copies of documents likely to have admissible evidence.

    B.    <u>Metadata</u> - The Parties agree that they will not be required to produce metadata as part of electronic discovery.

Respectfully Submitted,

/s/ Michael G. Shaw /bmr                                 /s/ Jeffrey A. Taylor /mj
_____           _____
BRUCE G. TERRIS, D.C. BAR #471126      JEFFREY A. TAYLOR, D.C. BAR #498610
MICHAEL G. SHAW, D.C. BAR #473008    United States Attorney
TERRIS, PRAVLIK, & MILLIAN, LLP
1121 Twelfth Street, N.W.
Washington, D.C.  20005-4632
Ph: 202-682-2100                                          /s/ Rudolph Contreras /mj

_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/ Beverly M. Russell

_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
United States Attorney's Office for the
 District of Columbia, Civil Division
555 4th Street, N.W., Suite E-4915
Washington, D.C. 20530
Ph:  202-307-0492

Of Counsel:
Nancy Dunham, Esq.
David P. Guerrero, Esq.
U.S. Environmental Protection Agency